# EXHIBIT 1

Redacted Assignments for Class Member A

# Pravati Capital

4400 North Scottsdale Rd.
Suite 9277
Scottsdale, AZ 85251
Tel- 844-772-8284
Fax- 480-648-0971

444 W. C Street
Suite 400
San Diego, CA 92101
Tel- 844-772-8284

July 8, 2015



**RE:** ▮▮▮▮▮ **– Funding Agreement**

Dear Mr. ▮▮▮▮

Thank you for choosing Pravati Capital, LLC for your legal funding needs. Following is the Plaintiff Funding Agreement for your review and execution. Please follow the instructions below:

**Sign and Notarize:** Page 2 – Recitals and Declaration, Page 3 Irrevocable Letter of Instruction and Page 8 (end of Plaintiff Agreement) all require your signature **In Front of a Notary.**

**Initials:** Pages 4-7 require your initials in the bottom right corner of each page.

**Attorney:** Page 9 Attorney Acknowledgement requires your attorney's signature. We will send your attorney a full copy of the executed agreement and obtain his/her signature directly. If your attorney requires a different form of Attorney Acknowledgement, we will negotiate that directly with his/her office.

**Photo ID:** You must provide with the executed agreement a photo copy of valid identification (driver's license, passport, etc.) We will **NOT** release your funds without Proof of Identification.

Once we have received all of the required documentation, we will overnight a check for the full amount of the advance, provided the documentation is received in our office no later than 1:00 p.m. Pacific Standard Time. You may forward the documentation to our office via e-mail to **support@pravaticapital.com** or by fax at **480-648-0971.**

If you have any questions regarding any of the aforementioned, kindly contact us at any time at 844-772-8284.

Sincerely,

Alex Chueri
CEO Pravati Capital, LLC



**Pravati Capital, LLC shall not be bound by this agreement until it is fully executed together with all attorney documents, and may cancel this transaction without liability at any time prior to the release of funds.**

## Pravati Capital, LLC Plaintiff Funding Agreement

This Funding Agreement, made as of July 8, 2015, is between ██████████████ residing at ██████████████████████████ with DOB ████ and SSN ████████ (hereinafter referred to as "I"), and Pravati Capital, LLC, having its principal place of business at 4400 N Scottsdale Rd Suite 9277 Scottsdale, AZ 85251 (hereinafter referred to as "Pravati").

### RECITALS

1. I am currently engaged in a pending legal claim and/or lawsuit as a result of injuries arising out of a personal injury claim defined as ████████████ for the National Football Player's Concussion Injury Litigation, or any other related actions, (hereinafter collectively referred to as "Lawsuit") which shall include, without limitation, any lawsuits or claims in which I am asserting my right to recovery for my injury, whether it is against the defendants named in the lawsuits, or others, and shall include any claims I may or will have for the handling of my original claim or lawsuit.

2. I have been advised by Pravati to discuss this matter with my attorney and/or such other legal counsel of my own choosing prior to signing this agreement and I have either received such counsel or expressly waived it.

3. Pravati has advised me to assess all alternatives to my immediate economic needs prior to accepting this funding. Pravati will be paid only from the proceeds of the Lawsuit, and agrees not to seek money from me directly in the event that the Lawsuit is not successful.

4. This Funding Agreement and all of its principal terms have been fully explained to me, and all questions that I might have about this transaction have been fully explained to me in English or such other language that I speak best.

5. I represent that there are no pending tax claims or bankruptcy filing(s), nor are there any pending criminal allegation(s) or charge(s) against me.

### DECLARATION

Prior to receiving funding from Pravati, I have not received any funds of any kind of a similar nature. I am aware that I may not solicit or accept any funds or advances against the Lawsuit from any other funding company unless I first repay Pravati in full. I acknowledge that I am waiving my rights to further funding of this kind and further acknowledge that if I accept any such funding I will be violating my agreement with Pravati.

By: ██████████████████████          Date: 7/8/15

On the 8 day of July , 2015, before me personally came ██████████ known to me, and known to me to be the individual(s) described in and who executed the within document and duly acknowledged to me that he/she executed the same.

State of Arizona          NOTARY PUBLIC ████████████

County of Maricopa

IDIANA VILLAVICENCIO
Notary Public - Arizona
Maricopa County
My Comm. Expires Mar 15, 2016

# IRREVOCABLE LETTER OF INSTRUCTION

July 8, 2015

Richard Lewis
Hausfeld LLP
1700 K Street NW, Suite 650
Washington, DC 20006

Re:  **Irrevocable Letter of Instruction**

████████████ for the NFL Player's Concussion Injury Litigation, or any other related actions

Dear Mr. Lewis:

This letter, along with copies of the Pravati Capital, LLC Plaintiff Funding Agreement will confirm that I am irrevocably assigning an interest in the proceeds from any settlement of my pending Lawsuit (as described above) to Pravati Capital, LLC (Pravati).

**I hereby instruct you and any future attorney representing me to honor and follow my irrevocable instructions to you listed below:**

1. Before disbursement of any settlement or judgment proceeds from my Lawsuit, have your office contact Pravati at 844-772-8284 to confirm the amount due under the terms of my Pravati Capital, LLC Plaintiff Funding Agreement. Please be advised that you may not disburse any funds from my portion of the Settlement, Collection, Judgment, Compromise, or any other Collection resulting from my Lawsuit without first satisfying Pravati's lien on my Lawsuit.
2. Upon disbursement of any settlement or judgment proceeds from my Lawsuit, deduct and forward all amounts payable to Pravati before any proceeds are distributed to me, via mail to:

   **Pravati Capital, LLC**
   **4400 N Scottsdale Rd Suite 9277**
   **Scottsdale, AZ 85251**
3. Upon request from Pravati, disclose the gross settlement amount from my Lawsuit for internal purposes only.
4. Promptly notify Pravati if there are any other assignments or liens on this claim now and in the future.
5. If in the future you are no longer representing me in my Lawsuit, promptly notify Pravati within forty eight (48) hours.
6. Cooperate with Pravati by providing, upon reasonable request, any information regarding my Lawsuit and the defendant(s) to Pravati that does not violate the attorney/client privilege.

Sincerely,

By: ████████████████████████                    Date: 7/8/15

On the 8 day of _July_ , 2015, before me personally came ████████████ known to me, and known to me to be the individual(s) described in and who executed the within document and duly acknowledged to me that he/she executed the same.

State of _AZ_

County of _Maricopa_                    NOTARY PUBLIC _Villauncio_

IDIANA VILLAVLENCIO
Notary Public - Arizona
Maricopa County
My Comm. Expires Mar 15, 2016

## Section 1 – Full Disclosure

**Payment Disclosure Statement**

| | |
|---|---|
| Total amount advanced to me under this agreement: | $25,000.00 |
| One-Time Application Fee: | $375.00 |
| One-Time Case Monitoring Fee: | $375.00 |
| Total funded amount under this agreement: | $25,750.00 |

Total amount to be repaid by me under this agreement:

| | |
|---|---|
| $30,746.85 | If payment is received by January 8, 2016 |
| $36,713.34 | If payment is received by July 8, 2016 |
| $43,837.65 | If payment is received by January 8, 2017 |
| $52,344.45 | If payment is received by July 8, 2017 |

\* **This chart includes example dates only. Dates in between and after those shown may reflect other payoff amounts. Please contact Pravati for the exact payoff amount prior to sending payment. Other fees may apply but are not anticipated at the time of this funding.**

## Section 2 – Funding and Repayment Terms

1.       In consideration for the receipt of the sum of twenty-five thousand and xx / 100 dollars ($25,000.00) from Pravati, I am assigning an interest equal to the funded amount, together with accrued use fee, compounded monthly, and other fees or costs, from the proceeds of my Lawsuit to Pravati. The monthly use fee shall be a charge in an amount equal to 3.0% monthly of the amount funded to me herein. This funded amount includes the Application and Case Monitoring Fees that I agreed to when first applying for this funding. **Together, this makes my total funded amount $25,750.00.** In the event that any funding is repaid to Pravati with proceeds within the first 3 months, the payoff amount will be computed as if it were repaid at the end of that period. The monthly use fee is charged from this date until the end of the 1 month interval during which payment of proceeds is made to Pravati. In the case of multiple fundings, then these fees shall accrue on each funded sum from the date of each individual funding. These amounts will be deducted from the proceeds of my lawsuit.

**The funded amount and agreed upon charges shall be paid only from the proceeds of my Lawsuit, and shall be paid only to the extent that there are available proceeds from my Lawsuit. I will not owe Pravati anything if there are no proceeds from my Lawsuit, unless I or my attorney has violated any material term of this agreement or I or my attorney has committed fraud against Pravati in the process of obtaining this funding.**

2.       Before paying you, I instruct my attorney to verify the full payment balance owed. I understand that should my attorney, any payer or I send you a check for less than the sum actually due in payoff of my obligations, even if such check is marked in any way to indicate that it is in full satisfaction or in full release of your claim, and absent written acceptance of said lesser sum from you, I consent to your immediate deposit of such check though my fiduciary and I will remain liable for the balance still due and owing with such charges and fees as may accrue until you are paid in full.

Initials

3.      The term "proceeds" shall include any money paid as a consequence of the Lawsuit whether by settlement, judgment or otherwise.

4.      Pravati reserves the right, at its sole and absolute discretion, to decline any advances not yet made under this agreement. This shall not affect my obligations regarding any funds which actually were advanced, including but not limited to fees and charges.

5.      I hereby waive any defense to payment of the sums due and promise not to seek to avoid payment of any money due to Pravati under this agreement.

6.      I will instruct my attorney to mail all payments to:

**Pravati Capital, LLC**
**4400 N Scottsdale Rd Suite 9277**
**Scottsdale, AZ 85251**

7.      I understand that the payment instructions set forth herein are irrevocable and are not subject to modification in any manner, except at Pravati's sole discretion in consideration of additional fundings, competitor buyouts or lien reduction requests.

## Section 3 – Security Interest

1.      I hereby grant Pravati a Lien and Security Interest in the proceeds of the Lawsuit. The amount due me shall be withheld from any money collected as a result of the Lawsuit and paid immediately upon collection to Pravati. The amount due shall be paid immediately after my attorney fees (including the expenses charged by my attorney for costs) and after payment to any lien holders that might exist of record as of this date, or which may have priority by law. I will not receive any money from the proceeds of the Lawsuit until Pravati has been paid in full. This shall also apply to any structured settlement of my lawsuit. I acknowledge that my receipt or use of any funds prior to the full repayment to Pravati shall constitute a breach of this agreement and could expose me to a lawsuit or even criminal charges.

2.      In the event that the assignment of my interest in the proceeds of the Lawsuit is not permitted by law, then I agree to pay Pravati all of the funds due under this Agreement immediately upon the payment of the Lawsuit proceeds as a separate and independent obligation.

3.      I hereby agree that I will not knowingly create additional liens against the proceeds without the prior written consent of Pravati except those as may be necessary to the prosecution of the case. I specifically promise not to create any liens against the proceeds of the case as a result of any funding or loans that I might receive after the date of this agreement.

4.      I understand that I am not assigning my cause of action (Lawsuit) to you, but rather a portion of the proceeds of the Lawsuit.

Initials

5.      I direct my attorney, and any future attorney representing me in the lawsuit, to honor this lien. If Pravati must engage the services of any attorney to collect the sum due, then I will be responsible for reasonable attorney's fees and costs for such. I agree that a fee equal to one third of the money due Pravati is a reasonable fee for such purpose. If I am required to engage an attorney to defend myself against an improper claim by Pravati, then the prevailing party shall be entitled to reasonable attorney's fees in an amount equal to one third of the money that Pravati has wrongfully claimed.

6.      **Pravati shall have no right in deciding when or how much the Lawsuit is settled for. Pravati may seek updated information about the status of the Lawsuit, but in no event shall Pravati interfere with the independent professional judgment of my attorney in the handling of the Lawsuit or any settlement thereof. My attorney and I must notify Pravati of the outcome of the Lawsuit by settlement or adjudication prior to the resolution date.**

7.      Pravati may, in its sole discretion, file a Uniform Commercial Code Form 1 (UCC-1) instrument in whatever jurisdiction it chooses, and notice any party it may choose, of its Security Interest and Lien and is appointed attorney in fact solely for such purposes.

## Section 4 – Right of Cancellation

1.      **Consumer's Right to Cancellation: You may cancel this contract without penalty or further obligation within five (5) business days from the date you receive funding from Pravati.** In order for the cancellation to be effective, I understand that I must return all money given to me by Pravati simultaneously with my rescission. I may do this by making personal delivery to Pravati's offices of: (a) the un-deposited (or un-cashed) check that Pravati gave to me; (b) a Certified or Bank check in the exact amount that Pravati gave to me; or (c) a Money Order in the exact amount that Pravati gave me. I may also mail by Insured, Registered or Certified U.S. mail, postmarked within five (5) business days of receipt of funds from Pravati, a notice of cancellation together with Pravati's un-cashed check, or a Certified or Bank check or Money Order for the full amount of the disbursed funds.

## Section 5 – Accuracy of Information

1.      If Pravati should become aware that I made a material misstatement in my application or in connection with my Lawsuit, or committed a fraudulent or criminal act either in connection with this transaction, or in a matter that would adversely and significantly impact on my lawsuit (unless disclosed to Pravati prior to funding), then I will be liable to Pravati for all sums advanced, together with outstanding fees and charges, without regard to the outcome of my Lawsuit. In the case of multiple fundings, should Pravati become aware of any of the foregoing between fundings, Pravati may, additionally, at its sole and exclusive option, discontinue any future funding.



Initials

## Section 6 – Notifications

1.      I understand that should I decide not to pursue my case I will notify Pravati within five (5) business days of that decision. As of the date of this agreement, I believe the Lawsuit to be meritorious and pursued in good faith.

2.      I have instructed my attorney to cooperate with Pravati and to give Pravati periodic updates of the status of my case as Pravati requests. If I change attorneys, I will notify Pravati within forty eight (48) hours of the change, and provide Pravati with the name, address and phone number of my new attorney.

3.      I will receive any notices required at the address I have first listed above. If I move, I will notify Pravati within seventy two (72) hours of acquiring my new address.

## Section 7 – Miscellaneous

1.      This agreement constitutes the entire agreement between the parties and there are no representations, warranties, covenants or obligations except as set forth herein. This agreement supersedes all prior and contemporaneous agreements, understandings, negotiations, or discussions, written or oral, of the parties hereto, relating to any transaction contemplated by the agreement. However, this agreement does not supersede any previously executed funding agreements between the parties. This agreement shall be binding on, and inure to the benefit of, the parties hereto and their successors and assigns.

2.      In the event that there is a dispute as to the amount owed at the time that the Lawsuit is resolved, it is expressly understood that my attorney shall not disburse any funds to me, or on my behalf, except for attorney's fees and/or expenses for costs incurred by my attorney in connection with the prosecution of the Lawsuit until such time as the dispute is resolved. I hereby make the foregoing an irrevocable direction to my attorney or his successors.

3.      If any provision of this agreement shall be deemed invalid or unenforceable, it shall not affect the validity or enforceability of any other provision hereof. This written agreement represents the entire agreement between the parties. It may only be modified in writing. This agreement takes precedence over any prior understandings, representations or agreements.

4.      I agree that any disputes that may arise out of this agreement shall be adjudicated in Civil Court in the County of San Diego. This Agreement will be construed in accordance with the laws of the State of California. I understand that in the event that Pravati does not receive payment as required by this agreement and that Pravati needs to take action to pursue such payment, Pravati may collect, in addition to the amount due and owing, reasonable attorney's fees and costs in enforcing Pravati's efforts. Notwithstanding the foregoing, the prevailing party in any legal action shall be entitled to reasonable attorney's fees and costs.

Initials

5.      This agreement may be executed in separate counterparts. A signature transmitted by fax or e-mail shall be effective with the same force and effect as an original signature.

6.      I hereby expressly waive the right to consolidate, or to have handled as a class action, any proceedings, controversies, arbitrations or disputes of any nature with any person or entity who is not a party to this agreement.

7.      I hereby accept Pravati's funding as per the terms of this agreement, grant Pravati a Security Interest and Lien as per the terms hereof, and assign the proceeds of my Lawsuit to the extent specified in this agreement on July 8, 2015.

**Before you sign this agreement, you should obtain the advice of an attorney. Do not sign this agreement before you have read it completely or if it contains any blank spaces. You are entitled to a completely filled in copy of the agreement.**

By: ███████                                 Date: 7/8/15

On the 8 day of July , 2015, before me personally came ███████ known to me, and known to me to be the individual(s) described in and who executed the within document and duly acknowledged to me that he/she executed the same.

State of AZ                          NOTARY PUBLIC _____

County of Maricopa

IDIANA VILLAVICENCIO
Notary Public - Arizona
Maricopa County
My Comm. Expires Mar 15, 2016

## ATTORNEY ACKNOWLEDGEMENT

I am currently representing ████████████ for the National Football Player's Concussion Injury Litigation, or any other related actions.

I acknowledge receipt of my client's Irrevocable Letter of Instruction and a copy of the Pravati Capital, LLC Plaintiff Funding Agreement referred therein. I further acknowledge notice of the fact that my client has granted Pravati a Security Interest and Lien in the proceeds of my client's Lawsuit as a consequence of the Funding Agreement with Pravati. I acknowledge that pursuant to the Funding Agreement, my client has assigned a portion of the Lawsuit proceeds to Pravati. I further acknowledge that I will follow all of my client's irrevocable instructions to me as outlined in the Irrevocable Letter of Instruction and will honor the terms of the Funding Agreement. I know of no other lien in the Lawsuit as a result of funding similar in nature to Pravati and acknowledge that my client's Funding Agreement prohibits the client from creating any other liens resulting from funding similar in nature to Pravati. Prior to making any distribution of proceeds to my client, I will contact Pravati to ascertain the amount due Pravati for its lien on the Lawsuit and will forward payment to Pravati within ~~five (5)~~ calendar days of the date any check representing the proceeds from the Lawsuit clears my trust account. I understand that marking a check or accompanying letter to the effect of a release of claim or "in full satisfaction", absent a written confirmation that Pravati will accept a lesser sum, will not have a legal effect on Pravati and that Pravati is authorized to deposit said check without prejudice to its rights to collect payment in full.

*fifteen (15)*    *(15)*    *fifteen*    *[initials] 7/9/15*

I represent that this Lawsuit (case or legal claim) ~~is still pending in active status and that there presently are no motions for final disposition, including but not limited to a summary judgment motion by any defendant. However, I further represent that this case or claim is being vigorously defended as to both liability and injury~~ and that there is no guarantee that my client will be successful or will recover sufficiently to satisfy Pravati's lien in whole or in part.

*has been settled and approved by the District court, but is on Appeal,*    *[initials] 7/9/15*

I acknowledge that I have reviewed the Funding Agreement and all costs and fees have been disclosed including the annualized rate of return applied to calculate the amount to be paid by my client. I am being paid on a contingency fee basis in this matter per a written fee agreement. All proceeds of the Lawsuit will be disbursed via my trust account or, where applicable, a settlement fund established to receive the proceeds of the Lawsuit from the defendant on behalf of my client. I am following the written instructions of my client with regard to this non-recourse civil litigation advance. Further, I represent that I am not being paid or offered to be paid commissions or referral fees and that I have no financial interest in Pravati Capital, LLC whatsoever.

I am the attorney of record in the above-captioned case. I further certify that I have received a copy of and reviewed the Pravati Capital, LLC Plaintiff Funding Agreement, and explained its terms to my client.

By: *Richard Lewis /ag*          Date: *7/9/15*
Attorney Signature

*Richard Lewis*
Print Name

*although the agreement may be subject to adjustment by the Court.*    *[initials] 7/9/15*



Your permanent credential will be mailed to:

Issued   07/02/2015          Expires   08/02/2015

This is an official document. The decision to accept this document for proof of identity exists solely with the reviewing authority. It is a violation of Arizona Revised Statute 13-2002 to alter, forge or counterfeit this document. Any violation of ARS 13-2002 is a Class 4 Felony.

You must report a change of address within 10 days

CLASS: Identification Card
For Identification Only, Not For Operation Of A Motor Vehicle
MEDICAL ALERT:
NONE

*Arizona*   TEMPORARY IDENTIFICATION CARD USA

CLASS  I

EXP 08/02/2015      ISS 07/02/2015

1714377



ARIZONA
Identification Card

Number
Expires
Date of Birth
Issued          02/01/2013

Class I    Sex  M

# Pravati Capital

4400 North Scottsdale Rd. Suite 9277
Scottsdale, AZ 85251
Tel. 844-772-8284
Fax 480-648-0971

November 9, 2015



RE: ████████ – Funding Agreement

Dear ████████

Thank you for choosing Pravati Capital, LLC for your legal funding needs. Following is the Plaintiff Funding Agreement for your review and execution. Please follow the instructions below:

**Sign and Notarize:** Page 2 – Recitals and Declaration, Page 3 Irrevocable Letter of Instruction and Page 8 (end of Plaintiff Agreement) all require your signature **In Front of a Notary**.

**Initials:** Pages 4-7 require your initials in the bottom right corner of each page.

**Attorney:** Page 9 Attorney Acknowledgement requires your attorney's signature. We will send your attorney a full copy of the executed agreement and obtain his/her signature directly. If your attorney requires a different form of Attorney Acknowledgement, we will negotiate that directly with his/her office.

**Photo ID:** You must provide with the executed agreement a photo copy of valid identification (driver's license, passport, etc.) We will **NOT** release your funds without Proof of Identification.

Once we have received all of the required documentation, we will overnight a check for the full amount of the advance, provided the documentation is received in our office no later than 1:00 p.m. Pacific Standard Time. You may forward the documentation to our office via e-mail to **support@pravaticapital.com** or by fax at **480-648-0971**.

If you have any questions regarding any of the aforementioned, kindly contact us at any time at 844-772-8284.

Sincerely,

Alex Chucri
CEO Pravati Capital, LLC



**Pravati Capital, LLC shall not be bound by this agreement until it is fully executed together with all attorney documents, and may cancel this transaction without liability at any time prior to the release of funds.**

## Pravati Capital, LLC Plaintiff Funding Agreement

This Funding Agreement, made as of November 9, 2015, is between ███████████ residing at ████████████████████████████████ with DOB █████ and SSN ██████ ██████ (hereinafter referred to as "I"), and Pravati Capital, LLC, having its principal place of business at 4400 N Scottsdale Rd Suite 9277 Scottsdale, AZ 85251 (hereinafter referred to as "Pravati").

### RECITALS

1. I am currently engaged in a pending legal claim and/or lawsuit as a result of injuries arising out of a personal injury claim defined as ██████████ for the National Football Player's Concussion Injury Litigation, or any other related actions, (hereinafter collectively referred to as "Lawsuit") which shall include, without limitation, any lawsuits or claims in which I am asserting my right to recovery for my injury, whether it is against the defendants named in the lawsuits, or others, and shall include any claims I may or will have for the handling of my original claim or lawsuit.

2. I have been advised by Pravati to discuss this matter with my attorney and/or such other legal counsel of my own choosing prior to signing this agreement and I have either received such counsel or expressly waived it.

3. Pravati has advised me to assess all alternatives to my immediate economic needs prior to accepting this funding. Pravati will be paid only from the proceeds of the Lawsuit, and agrees not to seek money from me directly in the event that the Lawsuit is not successful.

4. This Funding Agreement and all of its principal terms have been fully explained to me, and all questions that I might have about this transaction have been fully explained to me in English or such other language that I speak best.

5. I represent that there are no pending tax claims or bankruptcy filing(s), nor are there any pending criminal allegation(s) or charge(s) against me.

### DECLARATION

Prior to receiving funding from Pravati, I have not received any funds of any kind of a similar nature. I am aware that I may not solicit or accept any funds or advances against the Lawsuit from any other funding company unless I first repay Pravati in full. I acknowledge that I am waiving my rights to further funding of this kind and further acknowledge that if I accept any such funding I will be violating my agreement with Pravati.

By _____████████████_____         Date: 11/9/15

On the 9 day of November , 2015, before me personally came ██████████ known to me, and known to me to be the individual(s) described in and who executed the within document and duly acknowledged to me that he/she executed the same.

State of Arizona                         NOTARY PUBLIC _____

County of Maricopa

IDIANA VILLAASCENCIO
Notary Public - Arizona
Maricopa County
My Comm. Expires Mar 15, 2016

# IRREVOCABLE LETTER OF INSTRUCTION

November 9, 2015

Richard Lewis
Hausfeld LLP
1700 K Street NW, Suite 650
Washington, DC 20006

Re:    Irrevocable Letter of Instruction

▮▮▮▮▮▮▮ for the NFL Player's Concussion Injury Litigation, or any other related actions

Dear Mr. Lewis:

This letter, along with copies of the Pravati Capital, LLC Plaintiff Funding Agreement will confirm that I am irrevocably assigning an interest in the proceeds from any settlement of my pending Lawsuit (as described above) to Pravati Capital, LLC (Pravati).

**I hereby instruct you and any future attorney representing me to honor and follow my irrevocable instructions to you listed below:**

1. Before disbursement of any settlement or judgment proceeds from my Lawsuit, have your office contact Pravati at 844-772-8284 to confirm the amount due under the terms of my Pravati Capital, LLC Plaintiff Funding Agreement. Please be advised that you may not disburse any funds from my portion of the Settlement, Collection, Judgment, Compromise, or any other Collection resulting from my Lawsuit without first satisfying Pravati's lien on my Lawsuit.
2. Upon disbursement of any settlement or judgment proceeds from my Lawsuit, deduct and forward all amounts payable to Pravati before any proceeds are distributed to me, via mail to:

   **Pravati Capital, LLC**
   **4400 N Scottsdale Rd Suite 9277**
   **Scottsdale, AZ 85251**

3. Upon request from Pravati, disclose the gross settlement amount from my Lawsuit for internal purposes only.
4. Promptly notify Pravati if there are any other assignments or liens on this claim now and in the future.
5. If in the future you are no longer representing me in my Lawsuit, promptly notify Pravati within forty eight (48) hours.
6. Cooperate with Pravati by providing, upon reasonable request, any information regarding my Lawsuit and the defendant(s) to Pravati that does not violate the attorney/client privilege.

Sincerely,

By ▮▮▮▮▮▮▮                                          Date: 11/9/15

On the 9ᵗʰ day of November , 2015, before me personally came ▮▮▮▮▮▮ known to me, and known to me to be the individual(s) described in and who executed the within document and duly acknowledged to me that he/she executed the same.

State of AZ

County of Maricopa                      NOTARY PUBLIC ▮▮▮▮▮▮

IDIANA VILLAVICENCIO
Notary Public - Arizona
Maricopa County
My Comm. Expires Mar 15, 2016

## Section 1 – Full Disclosure

### Payment Disclosure Statement

| | |
|---|---|
| Total amount advanced to me under this agreement: | $10,000.00 |
| One-Time Application Fee: | $250.00 |
| One-Time Case Monitoring Fee: | $250.00 |
| Total funded amount under this agreement: | $10,500.00 |

Total amount to be repaid by me under this agreement:

| | |
|---|---|
| $12,537.55 | If payment is received by May 10, 2016 |
| $14,970.49 | If payment is received by November 10, 2016 |
| $17,875.55 | If payment is received by May 10, 2017 |
| $21,344.34 | If payment is received by November 10, 2017 |

**\* This chart includes example dates only. Dates in between and after those shown may reflect other payoff amounts. Please contact Pravati for the exact payoff amount prior to sending payment. Other fees may apply but are not anticipated at the time of this funding.**

## Section 2 – Funding and Repayment Terms

1.        In consideration for the receipt of the sum of ten thousand and xx / 100 dollars ($10,000.00) from Pravati, I am assigning an interest equal to the funded amount, together with accrued use fee, compounded monthly, and other fees or costs, from the proceeds of my Lawsuit to Pravati. The monthly use fee shall be a charge in an amount equal to 3.0% monthly of the amount funded to me herein. This funded amount includes the Application and Case Monitoring Fees that I agreed to when first applying for this funding. **Together, this makes my total funded amount $10,500.00.** In the event that any funding is repaid to Pravati with proceeds within the first 3 months, the payoff amount will be computed as if it were repaid at the end of that period. The monthly use fee is charged from this date until the end of the 1 month interval during which payment of proceeds is made to Pravati. In the case of multiple fundings, then these fees shall accrue on each funded sum from the date of each individual funding. These amounts will be deducted from the proceeds of my lawsuit.

**The funded amount and agreed upon charges shall be paid only from the proceeds of my Lawsuit, and shall be paid only to the extent that there are available proceeds from my Lawsuit. I will not owe Pravati anything if there are no proceeds from my Lawsuit, unless I or my attorney has violated any material term of this agreement or I or my attorney has committed fraud against Pravati in the process of obtaining this funding.**

2.        Before paying you, I instruct my attorney to verify the full payment balance owed. I understand that should my attorney, any payer or I send you a check for less than the sum actually due in payoff of my obligations, even if such check is marked in any way to indicate that it is in full satisfaction or in full release of your claim, and absent written acceptance of said lesser sum from you, I consent to your immediate deposit of such check though my fiduciary and I will remain liable for the balance still due and owing with such charges and fees as may accrue until you are paid in full.

Initials

3.      The term "proceeds" shall include any money paid as a consequence of the Lawsuit whether by settlement, judgment or otherwise.

4.      Pravati reserves the right, at its sole and absolute discretion, to decline any advances not yet made under this agreement. This shall not affect my obligations regarding any funds which actually were advanced, including but not limited to fees and charges.

5.      I hereby waive any defense to payment of the sums due and promise not to seek to avoid payment of any money due to Pravati under this agreement.

6.      I will instruct my attorney to mail all payments to:

**Pravati Capital, LLC**
**4400 N Scottsdale Rd Suite 9277**
**Scottsdale, AZ 85251**

7.      I understand that the payment instructions set forth herein are irrevocable and are not subject to modification in any manner, except at Pravati's sole discretion in consideration of additional fundings, competitor buyouts or lien reduction requests.

## Section 3 – Security Interest

1.      I hereby grant Pravati a Lien and Security Interest in the proceeds of the Lawsuit. The amount due me shall be withheld from any money collected as a result of the Lawsuit and paid immediately upon collection to Pravati. The amount due shall be paid immediately after my attorney fees (including the expenses charged by my attorney for costs) and after payment to any lien holders that might exist of record as of this date, or which may have priority by law. I will not receive any money from the proceeds of the Lawsuit until Pravati has been paid in full. This shall also apply to any structured settlement of my lawsuit. I acknowledge that my receipt or use of any funds prior to the full repayment to Pravati shall constitute a breach of this agreement and could expose me to a lawsuit or even criminal charges.

2.      In the event that the assignment of my interest in the proceeds of the Lawsuit is not permitted by law, then I agree to pay Pravati all of the funds due under this Agreement immediately upon the payment of the Lawsuit proceeds as a separate and independent obligation.

3.      I hereby agree that I will not knowingly create additional liens against the proceeds without the prior written consent of Pravati except those as may be necessary to the prosecution of the case. I specifically promise not to create any liens against the proceeds of the case as a result of any funding or loans that I might receive after the date of this agreement.

4.      I understand that I am not assigning my cause of action (Lawsuit) to you, but rather a portion of the proceeds of the Lawsuit.

Initials

5.        I direct my attorney, and any future attorney representing me in the lawsuit, to honor this lien. If Pravati must engage the services of any attorney to collect the sum due, then I will be responsible for reasonable attorney's fees and costs for such. I agree that a fee equal to one third of the money due Pravati is a reasonable fee for such purpose. If I am required to engage an attorney to defend myself against an improper claim by Pravati, then the prevailing party shall be entitled to reasonable attorney's fees in an amount equal to one third of the money that Pravati has wrongfully claimed.

6.        **Pravati shall have no right in deciding when or how much the Lawsuit is settled for. Pravati may seek updated information about the status of the Lawsuit, but in no event shall Pravati interfere with the independent professional judgment of my attorney in the handling of the Lawsuit or any settlement thereof. My attorney and I must notify Pravati of the outcome of the Lawsuit by settlement or adjudication prior to the resolution date.**

7.        Pravati may, in its sole discretion, file a Uniform Commercial Code Form 1 (UCC-1) instrument in whatever jurisdiction it chooses, and notice any party it may choose, of its Security Interest and Lien and is appointed attorney in fact solely for such purposes.

## Section 4 – Right of Cancellation

1.        **Consumer's Right to Cancellation: You may cancel this contract without penalty or further obligation within five (5) business days from the date you receive funding from Pravati.** In order for the cancellation to be effective, I understand that I must return all money given to me by Pravati simultaneously with my rescission. I may do this by making personal delivery to Pravati's offices of: (a) the un-deposited (or un-cashed) check that Pravati gave to me; (b) a Certified or Bank check in the exact amount that Pravati gave to me; or (c) a Money Order in the exact amount that Pravati gave me. I may also mail by Insured, Registered or Certified U.S. mail, postmarked within five (5) business days of receipt of funds from Pravati, a notice of cancellation together with Pravati's un-cashed check, or a Certified or Bank check or Money Order for the full amount of the disbursed funds.

## Section 5 – Accuracy of Information

1.        If Pravati should become aware that I made a material misstatement in my application or in connection with my Lawsuit, or committed a fraudulent or criminal act either in connection with this transaction, or in a matter that would adversely and significantly impact on my lawsuit (unless disclosed to Pravati prior to funding), then I will be liable to Pravati for all sums advanced, together with outstanding fees and charges, without regard to the outcome of my Lawsuit. In the case of multiple fundings, should Pravati become aware of any of the foregoing between fundings, Pravati may, additionally, at its sole and exclusive option, discontinue any future funding.



Initials

## Section 6 – Notifications

1.      I understand that should I decide not to pursue my case I will notify Pravati within five (5) business days of that decision. As of the date of this agreement, I believe the Lawsuit to be meritorious and pursued in good faith.

2.      I have instructed my attorney to cooperate with Pravati and to give Pravati periodic updates of the status of my case as Pravati requests. If I change attorneys, I will notify Pravati within forty eight (48) hours of the change, and provide Pravati with the name, address and phone number of my new attorney.

3.      I will receive any notices required at the address I have first listed above. If I move, I will notify Pravati within seventy two (72) hours of acquiring my new address.

## Section 7 – Miscellaneous

1.      This agreement constitutes the entire agreement between the parties and there are no representations, warranties, covenants or obligations except as set forth herein. This agreement supersedes all prior and contemporaneous agreements, understandings, negotiations, or discussions, written or oral, of the parties hereto, relating to any transaction contemplated by the agreement. However, this agreement does not supersede any previously executed funding agreements between the parties. This agreement shall be binding on, and inure to the benefit of, the parties hereto and their successors and assigns.

2.      In the event that there is a dispute as to the amount owed at the time that the Lawsuit is resolved, it is expressly understood that my attorney shall not disburse any funds to me, or on my behalf, except for attorney's fees and/or expenses for costs incurred by my attorney in connection with the prosecution of the Lawsuit until such time as the dispute is resolved. I hereby make the foregoing an irrevocable direction to my attorney or his successors.

3.      If any provision of this agreement shall be deemed invalid or unenforceable, it shall not affect the validity or enforceability of any other provision hereof. This written agreement represents the entire agreement between the parties. It may only be modified in writing. This agreement takes precedence over any prior understandings, representations or agreements.

4.      I agree that any disputes that may arise out of this agreement shall be adjudicated in Civil Court in the County of San Diego. This Agreement will be construed in accordance with the laws of the State of California. I understand that in the event that Pravati does not receive payment as required by this agreement and that Pravati needs to take action to pursue such payment, Pravati may collect, in addition to the amount due and owing, reasonable attorney's fees and costs in enforcing Pravati's efforts. Notwithstanding the foregoing, the prevailing party in any legal action shall be entitled to reasonable attorney's fees and costs.



Initials

5.      This agreement may be executed in separate counterparts. A signature transmitted by fax or e-mail shall be effective with the same force and effect as an original signature.

6.      I hereby expressly waive the right to consolidate, or to have handled as a class action, any proceedings, controversies, arbitrations or disputes of any nature with any person or entity who is not a party to this agreement.

7.      I hereby accept Pravati's funding as per the terms of this agreement, grant Pravati a Security Interest and Lien as per the terms hereof, and assign the proceeds of my Lawsuit to the extent specified in this agreement on November 9, 2015.

**Before you sign this agreement, you should obtain the advice of an attorney. Do not sign this agreement before you have read it completely or if it contains any blank spaces. You are entitled to a completely filled in copy of the agreement.**

By: █████████████████

Date: 11/9/15

On the  9  day of  November , 2015, before me personally came ████████ known to me, and known to me to be the individual(s) described in and who executed the within document and duly acknowledged to me that he/she executed the same.

State of  AZ

County of  Maricopa

NOTARY PUBLIC  ████████

IDIANA VILLAVICENCIO
Notary Public - Arizona
Maricopa County
My Comm. Expires Mar 15, 2016

## ATTORNEY ACKNOWLEDGEMENT

I am currently representing ▮▮▮▮▮▮ for the National Football Player's Concussion Injury Litigation, or any other related actions.

I acknowledge receipt of my client's Irrevocable Letter of Instruction and a copy of the Pravati Capital, LLC Plaintiff Funding Agreement referred therein. I further acknowledge notice of the fact that my client has granted Pravati a Security Interest and Lien in the proceeds of my client's Lawsuit as a consequence of the Funding Agreement with Pravati. I acknowledge that pursuant to the Funding Agreement, my client has assigned a portion of the Lawsuit proceeds to Pravati. I further acknowledge that I will follow all of my client's irrevocable instructions to me as outlined in the Irrevocable Letter of Instruction and will honor the terms of the Funding Agreement. I know of no other lien in the Lawsuit as a result of funding similar in nature to Pravati and acknowledge that my client's Funding Agreement prohibits the client from creating any other liens resulting from funding similar in nature to Pravati. Prior to making any distribution of proceeds to my client, I will contact Pravati to ascertain the amount due Pravati for its lien on the Lawsuit and will forward payment to Pravati within five (5) calendar days of the date any check representing the proceeds from the Lawsuit clears my trust account. I understand that marking a check or accompanying letter to the effect of a release of claim or "in full satisfaction", absent a written confirmation that Pravati will accept a lesser sum, will not have a legal effect on Pravati and that Pravati is authorized to deposit said check without prejudice to its rights to collect payment in full.

I represent that this Lawsuit (case or legal claim) is still pending in active status and that there presently are no motions for final disposition, including but not limited to a summary judgment motion by any defendant. However, I further represent that this case or claim is being vigorously defended as to both liability and injury and that there is no guarantee that my client will be successful or will recover sufficiently to satisfy Pravati's lien in whole or in part.

I acknowledge that I have reviewed the Funding Agreement and all costs and fees have been disclosed including the annualized rate of return applied to calculate the amount to be paid by my client. I am being paid on a contingency fee basis in this matter per a written fee agreement. All proceeds of the Lawsuit will be disbursed via my trust account or, where applicable, a settlement fund established to receive the proceeds of the Lawsuit from the defendant on behalf of my client. I am following the written instructions of my client with regard to this non-recourse civil litigation advance. Further, I represent that I am not being paid or offered to be paid commissions or referral fees and that I have no financial interest in Pravati Capital, LLC whatsoever.

I am the attorney of record in the above-captioned case. I further certify that I have received a copy of and reviewed the Pravati Capital, LLC Plaintiff Funding Agreement, and explained its terms to my client.

By: _Rich Lewis_____   Date: _11/11/15_____
    Attorney Signature

_Richard Lewis_____
    Print Name

# Pravati Capital

4400 North Scottsdale Rd. Suite 9277
Scottsdale, AZ 85251
Tel. 844-772-8284
Fax 480-648-0971



March 8, 2016

**RE:** ▮▮▮▮▮ **– Funding Agreement**

Dear Mr. ▮▮

Thank you for choosing Pravati Capital, LLC for your legal funding needs. Following is the Plaintiff Funding Agreement for your review and execution. Please follow the instructions below:

**Sign and Notarize:** Page 2 – Recitals and Declaration, Page 3 Irrevocable Letter of Instruction and Page 8 (end of Plaintiff Agreement) all require your signature **In Front of a Notary**.

**Initials:** Pages 4-7 require your initials in the bottom right corner of each page.

**Attorney:** Page 9 Attorney Acknowledgement requires your attorney's signature. We will send your attorney a full copy of the executed agreement and obtain his/her signature directly. If your attorney requires a different form of Attorney Acknowledgement, we will negotiate that directly with his/her office.

**Photo ID:** You must provide with the executed agreement a photo copy of valid identification (driver's license, passport, etc.) We will **NOT** release your funds without Proof of Identification.

Once we have received all of the required documentation, we will overnight a check for the full amount of the advance, provided the documentation is received in our office no later than 1:00 p.m. Pacific Standard Time. You may forward the documentation to our office via e-mail to **support@pravaticapital.com** or by fax at **480-648-0971**.

If you have any questions regarding any of the aforementioned, kindly contact us at any time at 844-772-8284.

Sincerely,

Alex Chucri
CEO Pravati Capital, LLC



AMERICAN LEGAL FINANCE ASSOCIATION™

**Pravati Capital, LLC shall not be bound by this agreement until it is fully executed together with all attorney documents, and may cancel this transaction without liability at any time prior to the release of funds.**

# Pravati Capital, LLC Plaintiff Funding Agreement

This Funding Agreement, made as of March 8, 2016, is between █████████████ residing at █████████████████████ with DOB ████ and SSN █████████ (hereinafter referred to as "I"), and Pravati Capital, LLC, having its principal place of business at 4400 N Scottsdale Rd Suite 9277 Scottsdale, AZ 85251 (hereinafter referred to as "Pravati").

## RECITALS

1. I am currently engaged in a pending legal claim and/or lawsuit as a result of injuries arising out of a personal injury claim defined as ████████ for the National Football Player's Concussion Injury Litigation, or any other related actions, (hereinafter collectively referred to as "Lawsuit") which shall include, without limitation, any lawsuits or claims in which I am asserting my right to recovery for my injury, whether it is against the defendants named in the lawsuits, or others, and shall include any claims I may or will have for the handling of my original claim or lawsuit.

2. I have been advised by Pravati to discuss this matter with my attorney and/or such other legal counsel of my own choosing prior to signing this agreement and I have either received such counsel or expressly waived it.

3. Pravati has advised me to assess all alternatives to my immediate economic needs prior to accepting this funding. Pravati will be paid only from the proceeds of the Lawsuit, and agrees not to seek money from me directly in the event that the Lawsuit is not successful.

4. This Funding Agreement and all of its principal terms have been fully explained to me, and all questions that I might have about this transaction have been fully explained to me in English or such other language that I speak best.

5. I represent that there are no pending tax claims or bankruptcy filing(s), nor are there any pending criminal allegation(s) or charge(s) against me.

## DECLARATION

Prior to receiving funding from Pravati, I have not received any funds of any kind of a similar nature. I am aware that I may not solicit or accept any funds or advances against the Lawsuit from any other funding company unless I first repay Pravati in full. I acknowledge that I am waiving my rights to further funding of this kind and further acknowledge that if I accept any such funding I will be violating my agreement with Pravati.

By: _____     Date: 3/8/16

On the 8th day of March , 2016, before me personally came ████████ known to me, and known to me to be the individual(s) described in and who executed the within document and duly acknowledged to me that he/she executed the same.

State of Arizona          NOTARY PUBLIC _____

County of Maricopa

JANET AVILA
Notary Public - Arizona
Maricopa County
My Comm. Expires Sep 2, 2016

# IRREVOCABLE LETTER OF INSTRUCTION

March 8, 2016

Richard Lewis
Hausfeld LLP
1700 K Street NW, Suite 650
Washington, DC 20006

Re:     **Irrevocable Letter of Instruction**

███████ for the NFL Player's Concussion Injury Litigation, or any other related actions

Dear Mr. Lewis:

This letter, along with copies of the Pravati Capital, LLC Plaintiff Funding Agreement will confirm that I am irrevocably assigning an interest in the proceeds from any settlement of my pending Lawsuit (as described above) to Pravati Capital, LLC (Pravati).

**I hereby instruct you and any future attorney representing me to honor and follow my irrevocable instructions to you listed below:**

1.  Before disbursement of any settlement or judgment proceeds from my Lawsuit, have your office contact Pravati at 844-772-8284 to confirm the amount due under the terms of my Pravati Capital, LLC Plaintiff Funding Agreement. Please be advised that you may not disburse any funds from my portion of the Settlement, Collection, Judgment, Compromise, or any other Collection resulting from my Lawsuit without first satisfying Pravati's lien on my Lawsuit.

2.  Upon disbursement of any settlement or judgment proceeds from my Lawsuit, deduct and forward all amounts payable to Pravati before any proceeds are distributed to me, via mail to:

    **Pravati Capital, LLC**
    **4400 N Scottsdale Rd Suite 9277**
    **Scottsdale, AZ 85251**

3.  Upon request from Pravati, disclose the gross settlement amount from my Lawsuit for internal purposes only.

4.  Promptly notify Pravati if there are any other assignments or liens on this claim now and in the future.

5.  If in the future you are no longer representing me in my Lawsuit, promptly notify Pravati within forty eight (48) hours.

6.  Cooperate with Pravati by providing, upon reasonable request, any information regarding my Lawsuit and the defendant(s) to Pravati that does not violate the attorney/client privilege.

Sincerely,

By: ███████████████                                    Date: 3/8/16

On the __8th__ day of __March__, 2016, before me personally came ███████ known to me, and known to me to be the individual(s) described in and who executed the within document and duly acknowledged to me that he/she executed the same.

State of __Arizona__                          NOTARY PUBLIC __[signature]__

County of __Maricopa__

JANET AVILA
Notary Public - Arizona
Maricopa County
My Comm. Expires Sep 2, 2016

## Section 1 – Full Disclosure

**Payment Disclosure Statement**

| | |
|---|---|
| Total amount advanced to me under this agreement: | $1,000.00 |
| One-Time Application Fee: | $75.00 |
| One-Time Case Monitoring Fee: | $75.00 |
| Total funded amount under this agreement: | $1,150.00 |

Total amount to be repaid by me under this agreement:

| | |
|---|---|
| $1,373.16 | If payment is received by September 9, 2016 |
| $1,639.63 | If payment is received by March 9, 2017 |
| $1,957.80 | If payment is received by September 9, 2017 |
| $2,337.71 | If payment is received by March 9, 2018 |

**\* This chart includes example dates only. Dates in between and after those shown may reflect other payoff amounts. Please contact Pravati for the exact payoff amount prior to sending payment. Other fees may apply but are not anticipated at the time of this funding.**

## Section 2 – Funding and Repayment Terms

1.      In consideration for the receipt of the sum of one thousand and xx / 100 dollars ($1,000.00) from Pravati, I am assigning an interest equal to the funded amount, together with accrued use fee, compounded monthly, and other fees or costs, from the proceeds of my Lawsuit to Pravati. The monthly use fee shall be a charge in an amount equal to 3.0% monthly of the amount funded to me herein. This funded amount includes the Application and Case Monitoring Fees that I agreed to when first applying for this funding. **Together, this makes my total funded amount $1,150.00.** In the event that any funding is repaid to Pravati with proceeds within the first 3 months, the payoff amount will be computed as if it were repaid at the end of that period. The monthly use fee is charged from this date until the end of the 1 month interval during which payment of proceeds is made to Pravati. In the case of multiple fundings, then these fees shall accrue on each funded sum from the date of each individual funding. These amounts will be deducted from the proceeds of my lawsuit.

**The funded amount and agreed upon charges shall be paid only from the proceeds of my Lawsuit, and shall be paid only to the extent that there are available proceeds from my Lawsuit. I will not owe Pravati anything if there are no proceeds from my Lawsuit, unless I or my attorney has violated any material term of this agreement or I or my attorney has committed fraud against Pravati in the process of obtaining this funding.**

2.      Before paying you, I instruct my attorney to verify the full payment balance owed. I understand that should my attorney, any payer or I send you a check for less than the sum actually due in payoff of my obligations, even if such check is marked in any way to indicate that it is in full satisfaction or in full release of your claim, and absent written acceptance of said lesser sum from you, I consent to your immediate deposit of such check though my fiduciary and I will remain liable for the balance still due and owing with such charges and fees as may accrue until you are paid in full.

Initials

3.      The term "proceeds" shall include any money paid as a consequence of the Lawsuit whether by settlement, judgment or otherwise.

4.      Pravati reserves the right, at its sole and absolute discretion, to decline any advances not yet made under this agreement. This shall not affect my obligations regarding any funds which actually were advanced, including but not limited to fees and charges.

5.      I hereby waive any defense to payment of the sums due and promise not to seek to avoid payment of any money due to Pravati under this agreement.

6.      I will instruct my attorney to mail all payments to:

**Pravati Capital, LLC**
**4400 N Scottsdale Rd Suite 9277**
**Scottsdale, AZ 85251**

7.      I understand that the payment instructions set forth herein are irrevocable and are not subject to modification in any manner, except at Pravati's sole discretion in consideration of additional fundings, competitor buyouts or lien reduction requests.

## Section 3 – Security Interest

1.      I hereby grant Pravati a Lien and Security Interest in the proceeds of the Lawsuit. The amount due me shall be withheld from any money collected as a result of the Lawsuit and paid immediately upon collection to Pravati. The amount due shall be paid immediately after my attorney fees (including the expenses charged by my attorney for costs) and after payment to any lien holders that might exist of record as of this date, or which may have priority by law. I will not receive any money from the proceeds of the Lawsuit until Pravati has been paid in full. This shall also apply to any structured settlement of my lawsuit. I acknowledge that my receipt or use of any funds prior to the full repayment to Pravati shall constitute a breach of this agreement and could expose me to a lawsuit or even criminal charges.

2.      In the event that the assignment of my interest in the proceeds of the Lawsuit is not permitted by law, then I agree to pay Pravati all of the funds due under this Agreement immediately upon the payment of the Lawsuit proceeds as a separate and independent obligation.

3.      I hereby agree that I will not knowingly create additional liens against the proceeds without the prior written consent of Pravati except those as may be necessary to the prosecution of the case. I specifically promise not to create any liens against the proceeds of the case as a result of any funding or loans that I might receive after the date of this agreement.

4.      I understand that I am not assigning my cause of action (Lawsuit) to you, but rather a portion of the proceeds of the Lawsuit.

Initials

5.      I direct my attorney, and any future attorney representing me in the lawsuit, to honor this lien. If Pravati must engage the services of any attorney to collect the sum due, then I will be responsible for reasonable attorney's fees and costs for such. I agree that a fee equal to one third of the money due Pravati is a reasonable fee for such purpose. If I am required to engage an attorney to defend myself against an improper claim by Pravati, then the prevailing party shall be entitled to reasonable attorney's fees in an amount equal to one third of the money that Pravati has wrongfully claimed.

**6.      Pravati shall have no right in deciding when or how much the Lawsuit is settled for. Pravati may seek updated information about the status of the Lawsuit, but in no event shall Pravati interfere with the independent professional judgment of my attorney in the handling of the Lawsuit or any settlement thereof. My attorney and I must notify Pravati of the outcome of the Lawsuit by settlement or adjudication prior to the resolution date.**

7.      Pravati may, in its sole discretion, file a Uniform Commercial Code Form 1 (UCC-1) instrument in whatever jurisdiction it chooses, and notice any party it may choose, of its Security Interest and Lien and is appointed attorney in fact solely for such purposes.

## Section 4 – Right of Cancellation

1.      **Consumer's Right to Cancellation: You may cancel this contract without penalty or further obligation within five (5) business days from the date you receive funding from Pravati.** In order for the cancellation to be effective, I understand that I must return all money given to me by Pravati simultaneously with my rescission. I may do this by making personal delivery to Pravati's offices of: (a) the un-deposited (or un-cashed) check that Pravati gave to me; (b) a Certified or Bank check in the exact amount that Pravati gave to me; or (c) a Money Order in the exact amount that Pravati gave me. I may also mail by Insured, Registered or Certified U.S. mail, postmarked within five (5) business days of receipt of funds from Pravati, a notice of cancellation together with Pravati's un-cashed check, or a Certified or Bank check or Money Order for the full amount of the disbursed funds.

## Section 5 – Accuracy of Information

1.      If Pravati should become aware that I made a material misstatement in my application or in connection with my Lawsuit, or committed a fraudulent or criminal act either in connection with this transaction, or in a matter that would adversely and significantly impact on my lawsuit (unless disclosed to Pravati prior to funding), then I will be liable to Pravati for all sums advanced, together with outstanding fees and charges, without regard to the outcome of my Lawsuit. In the case of multiple fundings, should Pravati become aware of any of the foregoing between fundings, Pravati may, additionally, at its sole and exclusive option, discontinue any future funding.

Initials

## Section 6 – Notifications

1.      I understand that should I decide not to pursue my case I will notify Pravati within five (5) business days of that decision. As of the date of this agreement, I believe the Lawsuit to be meritorious and pursued in good faith.

2.      I have instructed my attorney to cooperate with Pravati and to give Pravati periodic updates of the status of my case as Pravati requests. If I change attorneys, I will notify Pravati within forty eight (48) hours of the change, and provide Pravati with the name, address and phone number of my new attorney.

3.      I will receive any notices required at the address I have first listed above. If I move, I will notify Pravati within seventy two (72) hours of acquiring my new address.

## Section 7 – Miscellaneous

1.      This agreement constitutes the entire agreement between the parties and there are no representations, warranties, covenants or obligations except as set forth herein. This agreement supersedes all prior and contemporaneous agreements, understandings, negotiations, or discussions, written or oral, of the parties hereto, relating to any transaction contemplated by the agreement. However, this agreement does not supersede any previously executed funding agreements between the parties. This agreement shall be binding on, and inure to the benefit of, the parties hereto and their successors and assigns.

2.      In the event that there is a dispute as to the amount owed at the time that the Lawsuit is resolved, it is expressly understood that my attorney shall not disburse any funds to me, or on my behalf, except for attorney's fees and/or expenses for costs incurred by my attorney in connection with the prosecution of the Lawsuit until such time as the dispute is resolved. I hereby make the foregoing an irrevocable direction to my attorney or his successors.

3.      If any provision of this agreement shall be deemed invalid or unenforceable, it shall not affect the validity or enforceability of any other provision hereof. This written agreement represents the entire agreement between the parties. It may only be modified in writing. This agreement takes precedence over any prior understandings, representations or agreements.

4.      I agree that any disputes that may arise out of this agreement shall be adjudicated in Civil Court in the County of San Diego. This Agreement will be construed in accordance with the laws of the State of California. I understand that in the event that Pravati does not receive payment as required by this agreement and that Pravati needs to take action to pursue such payment, Pravati may collect, in addition to the amount due and owing, reasonable attorney's fees and costs in enforcing Pravati's efforts. Notwithstanding the foregoing, the prevailing party in any legal action shall be entitled to reasonable attorney's fees and costs.



Initials

5.    This agreement may be executed in separate counterparts. A signature transmitted by fax or e-mail shall be effective with the same force and effect as an original signature.

6.    I hereby expressly waive the right to consolidate, or to have handled as a class action, any proceedings, controversies, arbitrations or disputes of any nature with any person or entity who is not a party to this agreement.

7.    I hereby accept Pravati's funding as per the terms of this agreement, grant Pravati a Security Interest and Lien as per the terms hereof, and assign the proceeds of my Lawsuit to the extent specified in this agreement on March 8, 2016.

**Before you sign this agreement, you should obtain the advice of an attorney. Do not sign this agreement before you have read it completely or if it contains any blank spaces. You are entitled to a completely filled in copy of the agreement.**



By: _____                Date: 3/8/16

On the 8th day of March , 2016, before me personally came [REDACTED] known to me, and known to me to be the individual(s) described in and who executed the within document and duly acknowledged to me that he/she executed the same.

State of Arizona _____        NOTARY PUBLIC _____

County of Maricopa _____

JANET AVILA
Notary Public - Arizona
Maricopa County
My Comm. Expires Sep 2, 2016

# ATTORNEY ACKNOWLEDGEMENT

I am currently representing ████████████ for the National Football Player's Concussion Injury Litigation, or any other related actions.

I acknowledge receipt of my client's Irrevocable Letter of Instruction and a copy of the Pravati Capital, LLC Plaintiff Funding Agreement referred therein. I further acknowledge notice of the fact that my client has granted Pravati a Security Interest and Lien in the proceeds of my client's Lawsuit as a consequence of the Funding Agreement with Pravati. I acknowledge that pursuant to the Funding Agreement, my client has assigned a portion of the Lawsuit proceeds to Pravati. I further acknowledge that I will follow all of my client's irrevocable instructions to me as outlined in the Irrevocable Letter of Instruction and will honor the terms of the Funding Agreement. I know of no other lien in the Lawsuit as a result of funding similar in nature to Pravati and acknowledge that my client's Funding Agreement prohibits the client from creating any other liens resulting from funding similar in nature to Pravati. Prior to making any distribution of proceeds to my client, I will contact Pravati to ascertain the amount due Pravati for its lien on the Lawsuit and will forward payment to Pravati within five (5) calendar days of the date any check representing the proceeds from the Lawsuit clears my trust account. I understand that marking a check or accompanying letter to the effect of a release of claim or "in full satisfaction", absent a written confirmation that Pravati will accept a lesser sum, will not have a legal effect on Pravati and that Pravati is authorized to deposit said check without prejudice to its rights to collect payment in full.

I represent that this Lawsuit (case or legal claim) is still pending in active status and that there presently are no motions for final disposition, including but not limited to a summary judgment motion by any defendant. However, I further represent that this case or claim is being vigorously defended as to both liability and injury and that there is no guarantee that my client will be successful or will recover sufficiently to satisfy Pravati's lien in whole or in part.

I acknowledge that I have reviewed the Funding Agreement and all costs and fees have been disclosed including the annualized rate of return applied to calculate the amount to be paid by my client. I am being paid on a contingency fee basis in this matter per a written fee agreement. All proceeds of the Lawsuit will be disbursed via my trust account or, where applicable, a settlement fund established to receive the proceeds of the Lawsuit from the defendant on behalf of my client. I am following the written instructions of my client with regard to this non-recourse civil litigation advance. Further, I represent that I am not being paid or offered to be paid commissions or referral fees and that I have no financial interest in Pravati Capital, LLC whatsoever.

I am the attorney of record in the above-captioned case. I further certify that I have received a copy of and reviewed the Pravati Capital, LLC Plaintiff Funding Agreement, and explained its terms to my client.

By: _____        Date:  March 24, 2016
       Attorney Signature

       Richard S. Lewis
       Print Name

# Pravati Capital

4400 North Scottsdale Rd. Suite 9277
Scottsdale, AZ 85251
Tel. 844-772-8284
Fax 480-648-0971

June 6, 2016



**RE:** ███████ **- Funding Agreement**

Dear Mr. ████████

Thank you for choosing Pravati Capital, LLC for your legal funding needs. Following is the Plaintiff Funding Agreement for your review and execution. Please follow the instructions below:

| | |
|---|---|
| **Sign and Notarize:** | Page 2 – Recitals and Declaration, Page 3 Irrevocable Letter of Instruction and Page 8 (end of Plaintiff Agreement) all require your signature **In Front of a Notary**. |
| **Initials:** | Pages 4-7 require your initials in the bottom right corner of each page. |
| **Attorney:** | Page 9 Attorney Acknowledgement requires your attorney's signature. We will send your attorney a full copy of the executed agreement and obtain his/her signature directly. If your attorney requires a different form of Attorney Acknowledgement, we will negotiate that directly with his/her office. |
| **Photo ID:** | You must provide with the executed agreement a photo copy of valid identification (driver's license, passport, etc.) We will **NOT** release your funds without Proof of Identification. |

Once we have received all of the required documentation, we will overnight a check for the full amount of the advance, provided the documentation is received in our office no later than 1:00 p.m. Pacific Standard Time. You may forward the documentation to our office via e-mail to **support@pravaticapital.com** or by fax at **480-648-0971**.

If you have any questions regarding any of the aforementioned, kindly contact us at any time at 844-772-8284.

Sincerely,

Alex Chucri
CEO Pravati Capital, LLC



AMERICAN LEGAL FINANCE ASSOCIATION™

**Pravati Capital, LLC shall not be bound by this agreement until it is fully executed together with all attorney documents, and may cancel this transaction without liability at any time prior to the release of funds.**

## Pravati Capital, LLC Plaintiff Funding Agreement

This Funding Agreement, made as of June 6, 2016, is between ███████████████ residing at ████████████████████████████ with DOB ████ and SSN ███████████ hereinafter referred to as "I"), and Pravati Capital, LLC, having its principal place of business at 4400 N Scottsdale Rd Suite 9277 Scottsdale, AZ 85251 (hereinafter referred to as "Pravati").

### RECITALS

1. I am currently engaged in a pending legal claim and/or lawsuit as a result of injuries arising out of a personal injury claim defined as ███████████ for the National Football Player's Concussion Injury Litigation, or any other related actions, (hereinafter collectively referred to as "Lawsuit") which shall include, without limitation, any lawsuits or claims in which I am asserting my right to recovery for my injury, whether it is against the defendants named in the lawsuits, or others, and shall include any claims I may or will have for the handling of my original claim or lawsuit.

2. I have been advised by Pravati to discuss this matter with my attorney and/or such other legal counsel of my own choosing prior to signing this agreement and I have either received such counsel or expressly waived it.

3. Pravati has advised me to assess all alternatives to my immediate economic needs prior to accepting this funding. Pravati will be paid only from the proceeds of the Lawsuit, and agrees not to seek money from me directly in the event that the Lawsuit is not successful.

4. This Funding Agreement and all of its principal terms have been fully explained to me, and all questions that I might have about this transaction have been fully explained to me in English or such other language that I speak best.

5. I represent that there are no pending tax claims or bankruptcy filing(s), nor are there any pending criminal allegation(s) or charge(s) against me.

### DECLARATION

Prior to receiving funding from Pravati, I have not received any funds of any kind of a similar nature. I am aware that I may not solicit or accept any funds or advances against the Lawsuit from any other funding company unless I first repay Pravati in full. I acknowledge that I am waiving my rights to further funding of this kind and further acknowledge that if I accept any such funding I will be violating my agreement with Pravati.

By: ███████████████████     Date: 6/7/2016

On the 7 day of June ████, 2016, before me personally came ██████████ known to me, and known to me to be the individual(s) described in and who executed the within document and duly acknowledged to me that he/she executed the same.

State of ARIZONA                    NOTARY PUBLIC _____

County of MARICOPA.

JANET AVILA
Notary Public - Arizona
Maricopa County
My Comm. Expires Sep 7, 2016

# IRREVOCABLE LETTER OF INSTRUCTION

June 6, 2016

Richard Lewis
Hausfeld LLP
1700 K Street NW, Suite 650
Washington, DC 20006

Re:   **Irrevocable Letter of Instruction**

▮▮▮▮▮ for the NFL Player's Concussion Injury Litigation, or any other related actions

Dear Mr. Lewis:

This letter, along with copies of the Pravati Capital, LLC Plaintiff Funding Agreement will confirm that I am irrevocably assigning an interest in the proceeds from any settlement of my pending Lawsuit (as described above) to Pravati Capital, LLC (Pravati).

**I hereby instruct you and any future attorney representing me to honor and follow my irrevocable instructions to you listed below:**

1. Before disbursement of any settlement or judgment proceeds from my Lawsuit, have your office contact Pravati at 844-772-8284 to confirm the amount due under the terms of my Pravati Capital, LLC Plaintiff Funding Agreement. Please be advised that you may not disburse any funds from my portion of the Settlement, Collection, Judgment, Compromise, or any other Collection resulting from my Lawsuit without first satisfying Pravati's lien on my Lawsuit.

2. Upon disbursement of any settlement or judgment proceeds from my Lawsuit, deduct and forward all amounts payable to Pravati before any proceeds are distributed to me, via mail to:

    **Pravati Capital, LLC**
    **4400 N Scottsdale Rd Suite 9277**
    **Scottsdale, AZ 85251**

3. Upon request from Pravati, disclose the gross settlement amount from my Lawsuit for internal purposes only.

4. Promptly notify Pravati if there are any other assignments or liens on this claim now and in the future.

5. If in the future you are no longer representing me in my Lawsuit, promptly notify Pravati within forty eight (48) hours.

6. Cooperate with Pravati by providing, upon reasonable request, any information regarding my Lawsuit and the defendant(s) to Pravati that does not violate the attorney/client privilege.

Sincerely,

By: ▮▮▮▮▮                                   Date: 6/7/2016

On the 7 day of June , 2016, before me personally came ▮▮▮▮▮ known to me, and known to me to be the individual(s) described in and who executed the within document and duly acknowledged to me that he/she executed the same.

State of Arizona                          NOTARY PUBLIC Janet Avila

County of Maricopa

JANET AVILA
Notary Public - Arizona
Maricopa County
My Comm. Expires Sep 2, 2016

## Section 1 – Full Disclosure

**Payment Disclosure Statement**

Total amount advanced to me under this agreement:    $10,000.00
One-Time Application Fee:    $250.00
One-Time Case Monitoring Fee:    $250.00
Total funded amount under this agreement:    $10,500.00

Total amount to be repaid by me under this agreement:

| | |
|---|---|
| $12,537.55 | If payment is received by December 8, 2016 |
| $14,970.49 | If payment is received by June 8, 2017 |
| $17,875.55 | If payment is received by December 8, 2017 |
| $21,344.34 | If payment is received by June 8, 2018 |

**\* This chart includes example dates only. Dates in between and after those shown may reflect other payoff amounts. Please contact Pravati for the exact payoff amount prior to sending payment. Other fees may apply but are not anticipated at the time of this funding.**

## Section 2 – Funding and Repayment Terms

1.      In consideration for the receipt of the sum of ten thousand and xx / 100 dollars ($10,000.00) from Pravati, I am assigning an interest equal to the funded amount, together with accrued use fee, compounded monthly, and other fees or costs, from the proceeds of my Lawsuit to Pravati. The monthly use fee shall be a charge in an amount equal to 3.0% monthly of the amount funded to me herein. This funded amount includes the Application and Case Monitoring Fees that I agreed to when first applying for this funding. **Together, this makes my total funded amount $10,500.00.** In the event that any funding is repaid to Pravati with proceeds within the first 3 months, the payoff amount will be computed as if it were repaid at the end of that period. The monthly use fee is charged from this date until the end of the 1 month interval during which payment of proceeds is made to Pravati. In the case of multiple fundings, then these fees shall accrue on each funded sum from the date of each individual funding. These amounts will be deducted from the proceeds of my lawsuit.

**The funded amount and agreed upon charges shall be paid only from the proceeds of my Lawsuit, and shall be paid only to the extent that there are available proceeds from my Lawsuit. I will not owe Pravati anything if there are no proceeds from my Lawsuit, unless I or my attorney has violated any material term of this agreement or I or my attorney has committed fraud against Pravati in the process of obtaining this funding.**

2.      Before paying you, I instruct my attorney to verify the full payment balance owed. I understand that should my attorney, any payer or I send you a check for less than the sum actually due in payoff of my obligations, even if such check is marked in any way to indicate that it is in full satisfaction or in full release of your claim, and absent written acceptance of said lesser sum from you, I consent to your immediate deposit of such check though my fiduciary and I will remain liable for the balance still due and owing with such charges and fees as may accrue until you are paid in full.

Initials

3.     The term "proceeds" shall include any money paid as a consequence of the Lawsuit whether by settlement, judgment or otherwise.

4.     Pravati reserves the right, at its sole and absolute discretion, to decline any advances not yet made under this agreement. This shall not affect my obligations regarding any funds which actually were advanced, including but not limited to fees and charges.

5.     I hereby waive any defense to payment of the sums due and promise not to seek to avoid payment of any money due to Pravati under this agreement.

6.     I will instruct my attorney to mail all payments to:

**Pravati Capital, LLC**
**4400 N Scottsdale Rd Suite 9277**
**Scottsdale, AZ 85251**

7.     I understand that the payment instructions set forth herein are irrevocable and are not subject to modification in any manner, except at Pravati's sole discretion in consideration of additional fundings, competitor buyouts or lien reduction requests.

## Section 3 – Security Interest

1.     I hereby grant Pravati a Lien and Security Interest in the proceeds of the Lawsuit. The amount due me shall be withheld from any money collected as a result of the Lawsuit and paid immediately upon collection to Pravati. The amount due shall be paid immediately after my attorney fees (including the expenses charged by my attorney for costs) and after payment to any lien holders that might exist of record as of this date, or which may have priority by law. I will not receive any money from the proceeds of the Lawsuit until Pravati has been paid in full. This shall also apply to any structured settlement of my lawsuit. I acknowledge that my receipt or use of any funds prior to the full repayment to Pravati shall constitute a breach of this agreement and could expose me to a lawsuit or even criminal charges.

2.     In the event that the assignment of my interest in the proceeds of the Lawsuit is not permitted by law, then I agree to pay Pravati all of the funds due under this Agreement immediately upon the payment of the Lawsuit proceeds as a separate and independent obligation.

3.     I hereby agree that I will not knowingly create additional liens against the proceeds without the prior written consent of Pravati except those as may be necessary to the prosecution of the case. I specifically promise not to create any liens against the proceeds of the case as a result of any funding or loans that I might receive after the date of this agreement.

4.     I understand that I am not assigning my cause of action (Lawsuit) to you, but rather a portion of the proceeds of the Lawsuit.

Initials

5.     I direct my attorney, and any future attorney representing me in the lawsuit, to honor this lien. If Pravati must engage the services of any attorney to collect the sum due, then I will be responsible for reasonable attorney's fees and costs for such. I agree that a fee equal to one third of the money due Pravati is a reasonable fee for such purpose. If I am required to engage an attorney to defend myself against an improper claim by Pravati, then the prevailing party shall be entitled to reasonable attorney's fees in an amount equal to one third of the money that Pravati has wrongfully claimed.

6.     **Pravati shall have no right in deciding when or how much the Lawsuit is settled for. Pravati may seek updated information about the status of the Lawsuit, but in no event shall Pravati interfere with the independent professional judgment of my attorney in the handling of the Lawsuit or any settlement thereof. My attorney and I must notify Pravati of the outcome of the Lawsuit by settlement or adjudication prior to the resolution date.**

7.     Pravati may, in its sole discretion, file a Uniform Commercial Code Form 1 (UCC-1) instrument in whatever jurisdiction it chooses, and notice any party it may choose, of its Security Interest and Lien and is appointed attorney in fact solely for such purposes.

## Section 4 – Right of Cancellation

1.     **Consumer's Right to Cancellation: You may cancel this contract without penalty or further obligation within five (5) business days from the date you receive funding from Pravati.** In order for the cancellation to be effective, I understand that I must return all money given to me by Pravati simultaneously with my rescission. I may do this by making personal delivery to Pravati's offices of: (a) the un-deposited (or un-cashed) check that Pravati gave to me; (b) a Certified or Bank check in the exact amount that Pravati gave to me; or (c) a Money Order in the exact amount that Pravati gave me. I may also mail by Insured, Registered or Certified U.S. mail, postmarked within five (5) business days of receipt of funds from Pravati, a notice of cancellation together with Pravati's un-cashed check, or a Certified or Bank check or Money Order for the full amount of the disbursed funds.

## Section 5 – Accuracy of Information

1.     If Pravati should become aware that I made a material misstatement in my application or in connection with my Lawsuit, or committed a fraudulent or criminal act either in connection with this transaction, or in a matter that would adversely and significantly impact on my lawsuit (unless disclosed to Pravati prior to funding), then I will be liable to Pravati for all sums advanced, together with outstanding fees and charges, without regard to the outcome of my Lawsuit. In the case of multiple fundings, should Pravati become aware of any of the foregoing between fundings, Pravati may, additionally, at its sole and exclusive option, discontinue any future funding.


Initials

## Section 6 – Notifications

1.      I understand that should I decide not to pursue my case I will notify Pravati within five (5) business days of that decision. As of the date of this agreement, I believe the Lawsuit to be meritorious and pursued in good faith.

2.      I have instructed my attorney to cooperate with Pravati and to give Pravati periodic updates of the status of my case as Pravati requests. If I change attorneys, I will notify Pravati within forty eight (48) hours of the change, and provide Pravati with the name, address and phone number of my new attorney.

3.      I will receive any notices required at the address I have first listed above. If I move, I will notify Pravati within seventy two (72) hours of acquiring my new address.

## Section 7 – Miscellaneous

1.      This agreement constitutes the entire agreement between the parties and there are no representations, warranties, covenants or obligations except as set forth herein. This agreement supersedes all prior and contemporaneous agreements, understandings, negotiations, or discussions, written or oral, of the parties hereto, relating to any transaction contemplated by the agreement. However, this agreement does not supersede any previously executed funding agreements between the parties. This agreement shall be binding on, and inure to the benefit of, the parties hereto and their successors and assigns.

2.      In the event that there is a dispute as to the amount owed at the time that the Lawsuit is resolved, it is expressly understood that my attorney shall not disburse any funds to me, or on my behalf, except for attorney's fees and/or expenses for costs incurred by my attorney in connection with the prosecution of the Lawsuit until such time as the dispute is resolved. I hereby make the foregoing an irrevocable direction to my attorney or his successors.

3.      If any provision of this agreement shall be deemed invalid or unenforceable, it shall not affect the validity or enforceability of any other provision hereof. This written agreement represents the entire agreement between the parties. It may only be modified in writing. This agreement takes precedence over any prior understandings, representations or agreements.

4.      I agree that any disputes that may arise out of this agreement shall be adjudicated in Civil Court in the County of San Diego. This Agreement will be construed in accordance with the laws of the State of California. I understand that in the event that Pravati does not receive payment as required by this agreement and that Pravati needs to take action to pursue such payment, Pravati may collect, in addition to the amount due and owing, reasonable attorney's fees and costs in enforcing Pravati's efforts. Notwithstanding the foregoing, the prevailing party in any legal action shall be entitled to reasonable attorney's fees and costs.


Initials

5.     This agreement may be executed in separate counterparts. A signature transmitted by fax or e-mail shall be effective with the same force and effect as an original signature.

6.     I hereby expressly waive the right to consolidate, or to have handled as a class action, any proceedings, controversies, arbitrations or disputes of any nature with any person or entity who is not a party to this agreement.

7.     I hereby accept Pravati's funding as per the terms of this agreement, grant Pravati a Security Interest and Lien as per the terms hereof, and assign the proceeds of my Lawsuit to the extent specified in this agreement on June 6, 2016.

**Before you sign this agreement, you should obtain the advice of an attorney. Do not sign this agreement before you have read it completely or if it contains any blank spaces. You are entitled to a completely filled in copy of the agreement.**



By: _____     Date: 6/7/2016

On the ⁷ day of June               , 2016, before me personally came ▆▆▆▆ known to me, and known to me to be the individual(s) described in and who executed the within document and duly acknowledged to me that he/she executed the same.

State of  Arizona                      NOTARY PUBLIC  _____
County of  Maricopa

JANET AVILA
Notary Public - Arizona
Maricopa County
My Comm. Expires Sep 2, 2016

# ATTORNEY ACKNOWLEDGEMENT

I am currently representing ████████████ for the National Football Player's Concussion Injury Litigation, or any other related actions.

I acknowledge receipt of my client's Irrevocable Letter of Instruction and a copy of the Pravati Capital, LLC Plaintiff Funding Agreement referred therein. I further acknowledge notice of the fact that my client has granted Pravati a Security Interest and Lien in the proceeds of my client's Lawsuit as a consequence of the Funding Agreement with Pravati. I acknowledge that pursuant to the Funding Agreement, my client has assigned a portion of the Lawsuit proceeds to Pravati. I further acknowledge that I will follow all of my client's irrevocable instructions to me as outlined in the Irrevocable Letter of Instruction and will honor the terms of the Funding Agreement. I know of no other lien in the Lawsuit as a result of funding similar in nature to Pravati and acknowledge that my client's Funding Agreement prohibits the client from creating any other liens resulting from funding similar in nature to Pravati. Prior to making any distribution of proceeds to my client, I will contact Pravati to ascertain the amount due Pravati for its lien on the Lawsuit and will forward payment to Pravati within five (5) calendar days of the date any check representing the proceeds from the Lawsuit clears my trust account. I understand that marking a check or accompanying letter to the effect of a release of claim or "in full satisfaction", absent a written confirmation that Pravati will accept a lesser sum, will not have a legal effect on Pravati and that Pravati is authorized to deposit said check without prejudice to its rights to collect payment in full.

I represent that this Lawsuit (case or legal claim) is still pending in active status and that there presently are no motions for final disposition, including but not limited to a summary judgment motion by any defendant. However, I further represent that this case or claim is being vigorously defended as to both liability and injury and that there is no guarantee that my client will be successful or will recover sufficiently to satisfy Pravati's lien in whole or in part.

I acknowledge that I have reviewed the Funding Agreement and all costs and fees have been disclosed including the annualized rate of return applied to calculate the amount to be paid by my client. I am being paid on a contingency fee basis in this matter per a written fee agreement. All proceeds of the Lawsuit will be disbursed via my trust account or, where applicable, a settlement fund established to receive the proceeds of the Lawsuit from the defendant on behalf of my client. I am following the written instructions of my client with regard to this non-recourse civil litigation advance. Further, I represent that I am not being paid or offered to be paid commissions or referral fees and that I have no financial interest in Pravati Capital, LLC whatsoever.

I am the attorney of record in the above-captioned case. I further certify that I have received a copy of and reviewed the Pravati Capital, LLC Plaintiff Funding Agreement, and explained its terms to my client.

By: _____     Date: ____6/9/16____
    Attorney Signature

    _____
    Print Name   Rich Lewis

# Pravati Capital

4400 North Scottsdale Rd. Suite 9277
Scottsdale, AZ 85251
Tel. 844-772-8284
Fax 480-648-0971

July 19, 2016



**RE:** ▮▮▮▮▮▮ – **Funding Agreement**

Dear Mr. ▮▮▮▮

Thank you for choosing Pravati Capital, LLC for your legal funding needs. Following is the Plaintiff Funding Agreement for your review and execution. Please follow the instructions below:

**Sign and Notarize:** Page 2 – Recitals and Declaration, Page 3 Irrevocable Letter of Instruction and Page 8 (end of Plaintiff Agreement) all require your signature **In Front of a Notary**.

**Initials:** Pages 4-7 require your initials in the bottom right corner of each page.

**Attorney:** Page 9 Attorney Acknowledgement requires your attorney's signature. We will send your attorney a full copy of the executed agreement and obtain his/her signature directly. If your attorney requires a different form of Attorney Acknowledgement, we will negotiate that directly with his/her office.

**Photo ID:** You must provide with the executed agreement a photo copy of valid identification (driver's license, passport, etc.) We will **NOT** release your funds without Proof of Identification.

Once we have received all of the required documentation, we will overnight a check for the full amount of the advance, provided the documentation is received in our office no later than 1:00 p.m. Pacific Standard Time. You may forward the documentation to our office via e-mail to **support@pravaticapital.com** or by fax at **480-648-0971**.

If you have any questions regarding any of the aforementioned, kindly contact us at any time at 844-772-8284.

Sincerely,

Alex Chucri
CEO Pravati Capital, LLC



**Pravati Capital, LLC shall not be bound by this agreement until it is fully executed together with all attorney documents, and may cancel this transaction without liability at any time prior to the release of funds.**

# Pravati Capital, LLC Plaintiff Funding Agreement

This Funding Agreement, made as of July 19, 2016, is between ████████████ residing at ████████████ with DOB ████ and SSN ████████ (hereinafter referred to as "I"), and Pravati Capital, LLC, having its principal place of business at 4400 N Scottsdale Rd Suite 9277 Scottsdale, AZ 85251 (hereinafter referred to as "Pravati").

## RECITALS

1. I am currently engaged in a pending legal claim and/or lawsuit as a result of injuries arising out of a personal injury claim defined as ████████ for the National Football Player's Concussion Injury Litigation, or any other related actions, (hereinafter collectively referred to as "Lawsuit") which shall include, without limitation, any lawsuits or claims in which I am asserting my right to recovery for my injury, whether it is against the defendants named in the lawsuits, or others, and shall include any claims I may or will have for the handling of my original claim or lawsuit.

2. I have been advised by Pravati to discuss this matter with my attorney and/or such other legal counsel of my own choosing prior to signing this agreement and I have either received such counsel or expressly waived it.

3. Pravati has advised me to assess all alternatives to my immediate economic needs prior to accepting this funding. Pravati will be paid only from the proceeds of the Lawsuit, and agrees not to seek money from me directly in the event that the Lawsuit is not successful.

4. This Funding Agreement and all of its principal terms have been fully explained to me, and all questions that I might have about this transaction have been fully explained to me in English or such other language that I speak best.

5. I represent that there are no pending tax claims or bankruptcy filing(s), nor are there any pending criminal allegation(s) or charge(s) against me.

## DECLARATION

Prior to receiving funding from Pravati, I have not received any funds of any kind of a similar nature. I am aware that I may not solicit or accept any funds or advances against the Lawsuit from any other funding company unless I first repay Pravati in full. I acknowledge that I am waiving my rights to further funding of this kind and further acknowledge that if I accept any such funding I will be violating my agreement with Pravati.

By: ████████████                            Date: 7/20/16

On the 20th day of July, 2016, 2016, before me personally came ████████ known to me, and known to me to be the individual(s) described in and who executed the within document and duly acknowledged to me that he/she executed the same.

State of Arizona                            NOTARY PUBLIC _____

County of Maricopa

ARIANA GOMEZ
Notary Public - Arizona
Maricopa County
My Comm. Expires Nov 27, 2019

# IRREVOCABLE LETTER OF INSTRUCTION

July 19, 2016

Richard Lewis
Hausfeld LLP
1700 K Street NW, Suite 650
Washington, DC 20006

Re:    **Irrevocable Letter of Instruction**

       ▮▮▮▮▮▮▮▮▮ for the NFL Player's Concussion Injury Litigation, or any other related actions

Dear Mr. Lewis:

This letter, along with copies of the Pravati Capital, LLC Plaintiff Funding Agreement will confirm that I am irrevocably assigning an interest in the proceeds from any settlement of my pending Lawsuit (as described above) to Pravati Capital, LLC (Pravati).

**I hereby instruct you and any future attorney representing me to honor and follow my irrevocable instructions to you listed below:**

1. Before disbursement of any settlement or judgment proceeds from my Lawsuit, have your office contact Pravati at 844-772-8284 to confirm the amount due under the terms of my Pravati Capital, LLC Plaintiff Funding Agreement. Please be advised that you may not disburse any funds from my portion of the Settlement, Collection, Judgment, Compromise, or any other Collection resulting from my Lawsuit without first satisfying Pravati's lien on my Lawsuit.

2. Upon disbursement of any settlement or judgment proceeds from my Lawsuit, deduct and forward all amounts payable to Pravati before any proceeds are distributed to me, via mail to:

    **Pravati Capital, LLC**
    **4400 N Scottsdale Rd Suite 9277**
    **Scottsdale, AZ 85251**

3. Upon request from Pravati, disclose the gross settlement amount from my Lawsuit for internal purposes only.

4. Promptly notify Pravati if there are any other assignments or liens on this claim now and in the future.

5. If in the future you are no longer representing me in my Lawsuit, promptly notify Pravati within forty eight (48) hours.

6. Cooperate with Pravati by providing, upon reasonable request, any information regarding my Lawsuit and the defendant(s) to Pravati that does not violate the attorney/client privilege.

Sincerely,

By: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮                                Date: 7/20/16

On the 20th day of July , 2016, before me personally came ▮▮▮▮▮▮ known to me, and known to me to be the individual(s) described in and who executed the within document and duly acknowledged to me that he/she executed the same.

State of Arizona

County of Maricopa                    NOTARY PUBLIC

                                      [Notary Seal]
                                      ARIANA GOMEZ
                                      Notary Public - Arizona
                                      Maricopa County
                                      My Comm. Expires Nov 27, 2019

## Section 1 – Full Disclosure

**Payment Disclosure Statement**

| | |
|---|---|
| Total amount advanced to me under this agreement: | $69,000.00 |
| One-Time Application Fee: | $500.00 |
| One-Time Case Monitoring Fee: | $500.00 |
| Total funded amount under this agreement: | $70,000.00 |

Total amount to be repaid by me under this agreement:

| | |
|---|---|
| $76,541.03 | If payment is received by January 20, 2017 |
| $83,693.27 | If payment is received by July 20, 2017 |
| $91,513.84 | If payment is received by January 20, 2018 |
| $100,065.20 | If payment is received by July 20, 2018 |

**\* This chart includes example dates only. Dates in between and after those shown may reflect other payoff amounts. Please contact Pravati for the exact payoff amount prior to sending payment. Other fees may apply but are not anticipated at the time of this funding.**

## Section 2 – Funding and Repayment Terms

1.        In consideration for the receipt of the sum of sixty-nine thousand and xx / 100 dollars ($69,000.00) from Pravati, I am assigning an interest equal to the funded amount, together with accrued use fee, compounded monthly, and other fees or costs, from the proceeds of my Lawsuit to Pravati. The monthly use fee shall be a charge in an amount equal to 1.5% monthly of the amount funded to me herein. This funded amount includes the Application and Case Monitoring Fees that I agreed to when first applying for this funding. **Together, this makes my total funded amount $70,000.00.** In the event that any funding is repaid to Pravati with proceeds within the first 3 months, the payoff amount will be computed as if it were repaid at the end of that period. The monthly use fee is charged from this date until the end of the 1 month interval during which payment of proceeds is made to Pravati. In the case of multiple fundings, then these fees shall accrue on each funded sum from the date of each individual funding. These amounts will be deducted from the proceeds of my lawsuit.

**The funded amount and agreed upon charges shall be paid only from the proceeds of my Lawsuit, and shall be paid only to the extent that there are available proceeds from my Lawsuit. I will not owe Pravati anything if there are no proceeds from my Lawsuit, unless I or my attorney has violated any material term of this agreement or I or my attorney has committed fraud against Pravati in the process of obtaining this funding.**

2.        I hereby direct said amount to be distributed as follows: $64,321.66 payable to Pravati Capital, LLC to payoff prior funding and satisfy the current lien; $4,678.34 payable to ████████████. This amount brings the total amount advanced to me by Pravati to $69,000.00.


Initials

3.      Before paying you, I instruct my attorney to verify the full payment balance owed. I understand that should my attorney, any payer or I send you a check for less than the sum actually due in payoff of my obligations, even if such check is marked in any way to indicate that it is in full satisfaction or in full release of your claim, and absent written acceptance of said lesser sum from you, I consent to your immediate deposit of such check though my fiduciary and I will remain liable for the balance still due and owing with such charges and fees as may accrue until you are paid in full.

4.      The term "proceeds" shall include any money paid as a consequence of the Lawsuit whether by settlement, judgment or otherwise.

5.      Pravati reserves the right, at its sole and absolute discretion, to decline any advances not yet made under this agreement. This shall not affect my obligations regarding any funds which actually were advanced, including but not limited to fees and charges.

6.      I hereby waive any defense to payment of the sums due and promise not to seek to avoid payment of any money due to Pravati under this agreement.

7.      I will instruct my attorney to mail all payments to:

**Pravati Capital, LLC**
**4400 N Scottsdale Rd Suite 9277**
**Scottsdale, AZ 85251**

8.      I understand that the payment instructions set forth herein are irrevocable and are not subject to modification in any manner, except at Pravati's sole discretion in consideration of additional fundings, competitor buyouts or lien reduction requests.

## Section 3 – Security Interest

1.      I hereby grant Pravati a Lien and Security Interest in the proceeds of the Lawsuit. The amount due me shall be withheld from any money collected as a result of the Lawsuit and paid immediately upon collection to Pravati. The amount due shall be paid immediately after my attorney fees (including the expenses charged by my attorney for costs) and after payment to any lien holders that might exist of record as of this date, or which may have priority by law. I will not receive any money from the proceeds of the Lawsuit until Pravati has been paid in full. This shall also apply to any structured settlement of my lawsuit. I acknowledge that my receipt or use of any funds prior to the full repayment to Pravati shall constitute a breach of this agreement and could expose me to a lawsuit or even criminal charges.

2.      In the event that the assignment of my interest in the proceeds of the Lawsuit is not permitted by law, then I agree to pay Pravati all of the funds due under this Agreement immediately upon the payment of the Lawsuit proceeds as a separate and independent obligation.


Initials

3.      I hereby agree that I will not knowingly create additional liens against the proceeds without the prior written consent of Pravati except those as may be necessary to the prosecution of the case. I specifically promise not to create any liens against the proceeds of the case as a result of any funding or loans that I might receive after the date of this agreement.

4.      I understand that I am not assigning my cause of action (Lawsuit) to you, but rather a portion of the proceeds of the Lawsuit.

5.      I direct my attorney, and any future attorney representing me in the lawsuit, to honor this lien. If Pravati must engage the services of any attorney to collect the sum due, then I will be responsible for reasonable attorney's fees and costs for such. I agree that a fee equal to one third of the money due Pravati is a reasonable fee for such purpose. If I am required to engage an attorney to defend myself against an improper claim by Pravati, then the prevailing party shall be entitled to reasonable attorney's fees in an amount equal to one third of the money that Pravati has wrongfully claimed.

**6.      Pravati shall have no right in deciding when or how much the Lawsuit is settled for. Pravati may seek updated information about the status of the Lawsuit, but in no event shall Pravati interfere with the independent professional judgment of my attorney in the handling of the Lawsuit or any settlement thereof. My attorney and I must notify Pravati of the outcome of the Lawsuit by settlement or adjudication prior to the resolution date.**

7.      Pravati may, in its sole discretion, file a Uniform Commercial Code Form 1 (UCC-1) instrument in whatever jurisdiction it chooses, and notice any party it may choose, of its Security Interest and Lien and is appointed attorney in fact solely for such purposes.

## Section 4 – Right of Cancellation

1.      **Consumer's Right to Cancellation: You may cancel this contract without penalty or further obligation within five (5) business days from the date you receive funding from Pravati.** In order for the cancellation to be effective, I understand that I must return all money given to me by Pravati simultaneously with my rescission. I may do this by making personal delivery to Pravati's offices of: (a) the un-deposited (or un-cashed) check that Pravati gave to me; (b) a Certified or Bank check in the exact amount that Pravati gave to me; or (c) a Money Order in the exact amount that Pravati gave me. I may also mail by Insured, Registered or Certified U.S. mail, postmarked within five (5) business days of receipt of funds from Pravati, a notice of cancellation together with Pravati's un-cashed check, or a Certified or Bank check or Money Order for the full amount of the disbursed funds.



Initials

## Section 5 – Accuracy of Information

1.      If Pravati should become aware that I made a material misstatement in my application or in connection with my Lawsuit, or committed a fraudulent or criminal act either in connection with this transaction, or in a matter that would adversely and significantly impact on my lawsuit (unless disclosed to Pravati prior to funding), then I will be liable to Pravati for all sums advanced, together with outstanding fees and charges, without regard to the outcome of my Lawsuit. In the case of multiple fundings, should Pravati become aware of any of the foregoing between fundings, Pravati may, additionally, at its sole and exclusive option, discontinue any future funding.

## Section 6 – Notifications

1.      I understand that should I decide not to pursue my case I will notify Pravati within five (5) business days of that decision. As of the date of this agreement, I believe the Lawsuit to be meritorious and pursued in good faith.

2.      I have instructed my attorney to cooperate with Pravati and to give Pravati periodic updates of the status of my case as Pravati requests. If I change attorneys, I will notify Pravati within forty eight (48) hours of the change, and provide Pravati with the name, address and phone number of my new attorney.

3.      I will receive any notices required at the address I have first listed above. If I move, I will notify Pravati within seventy two (72) hours of acquiring my new address.

## Section 7 – Miscellaneous

1.      This agreement constitutes the entire agreement between the parties and there are no representations, warranties, covenants or obligations except as set forth herein. This agreement supersedes all prior and contemporaneous agreements, understandings, negotiations, or discussions, written or oral, of the parties hereto, relating to any transaction contemplated by the agreement. However, this agreement does not supersede any previously executed funding agreements between the parties. This agreement shall be binding on, and inure to the benefit of, the parties hereto and their successors and assigns.

2.      In the event that there is a dispute as to the amount owed at the time that the Lawsuit is resolved, it is expressly understood that my attorney shall not disburse any funds to me, or on my behalf, except for attorney's fees and/or expenses for costs incurred by my attorney in connection with the prosecution of the Lawsuit until such time as the dispute is resolved. I hereby make the foregoing an irrevocable direction to my attorney or his successors.

3.      If any provision of this agreement shall be deemed invalid or unenforceable, it shall not affect the validity or enforceability of any other provision hereof. This written agreement represents the entire agreement between the parties. It may only be modified in writing. This agreement takes precedence over any prior understandings, representations or agreements.

Initials

4.      I agree that any disputes that may arise out of this agreement shall be adjudicated in Civil Court in the County of Los Angeles. This Agreement will be construed in accordance with the laws of the State of California. I understand that in the event that Pravati does not receive payment as required by this agreement and that Pravati needs to take action to pursue such payment, Pravati may collect, in addition to the amount due and owing, reasonable attorney's fees and costs in enforcing Pravati's efforts. Notwithstanding the foregoing, the prevailing party in any legal action shall be entitled to reasonable attorney's fees and costs.

5.      This agreement may be executed in separate counterparts. A signature transmitted by fax or e-mail shall be effective with the same force and effect as an original signature.

6.      I hereby expressly waive the right to consolidate, or to have handled as a class action, any proceedings, controversies, arbitrations or disputes of any nature with any person or entity who is not a party to this agreement.

7.      I hereby accept Pravati's funding as per the terms of this agreement, grant Pravati a Security Interest and Lien as per the terms hereof, and assign the proceeds of my Lawsuit to the extent specified in this agreement on July 19, 2016.

**Before you sign this agreement, you should obtain the advice of an attorney. Do not sign this agreement before you have read it completely or if it contains any blank spaces. You are entitled to a completely filled in copy of the agreement.**

By: _____                    Date: _7/20/16_____

On the 20th day of July , 2016, before me personally came [redacted] known to me, and known to me to be the individual(s) described in and who executed the within document and duly acknowledged to me that he/she executed the same.

State of _Arizona_____                    NOTARY PUBLIC _____

County of _Maricopa_____

ARIANA GOMEZ
Notary Public - Arizona
Maricopa County
My Comm. Expires Nov 27, 2019

# ATTORNEY ACKNOWLEDGEMENT

I am currently representing ▮▮▮▮▮▮▮ for the National Football Player's Concussion Injury Litigation, or any other related actions.

I acknowledge receipt of my client's Irrevocable Letter of Instruction and a copy of the Pravati Capital, LLC Plaintiff Funding Agreement referred therein. I further acknowledge notice of the fact that my client has granted Pravati a Security Interest and Lien in the proceeds of my client's Lawsuit as a consequence of the Funding Agreement with Pravati. I acknowledge that pursuant to the Funding Agreement, my client has assigned a portion of the Lawsuit proceeds to Pravati. I further acknowledge that I will follow all of my client's irrevocable instructions to me as outlined in the Irrevocable Letter of Instruction and will honor the terms of the Funding Agreement. ~~I know of no~~ *(BWL)* ~~other lien in the Lawsuit as a result of funding similar in nature to Pravati and~~ acknowledge that my client's Funding Agreement prohibits the client from creating any other liens resulting from funding similar in nature to Pravati. Prior to making any distribution of proceeds to my client, I will contact Pravati to ascertain the amount due Pravati for its lien on the Lawsuit and will forward payment to *F.f4en (15)* Pravati within ~~five (5)~~ calendar days of the date any check representing the proceeds from the Lawsuit clears my trust account. I understand that marking a check or accompanying letter to the effect of a release of claim or "in full satisfaction", absent a written confirmation that Pravati will accept a lesser sum, will not have a legal effect on Pravati and that Pravati is authorized to deposit said check without prejudice to its rights to collect payment in full. *(BWL)*

I represent that this Lawsuit (case or legal claim) ~~is still pending in active status and that there~~ has been ~~presently are no motions for final disposition, including but not limited to a summary judgment~~ settled and ~~motion by any defendant. However, I further represent that this case or claim is being vigorously~~ approved by ~~defended as to both liability and injury~~ and that there is no guarantee that my client will be successful the district or will recover sufficiently to satisfy Pravati's lien in whole or in part. court, but is on appeal,

I acknowledge that I have reviewed the Funding Agreement and all costs and fees have been disclosed including the annualized rate of return applied to calculate the amount to be paid by my although client. I am being paid on a contingency fee basis in this matter per a written fee agreement. All the proceeds of the Lawsuit will be disbursed via my trust account or, where applicable, a settlement agreement fund established to receive the proceeds of the Lawsuit from the defendant on behalf of my client. I may be am following the written instructions of my client with regard to this non-recourse civil litigation subject to advance. Further, I represent that I am not being paid or offered to be paid commissions or referral adjustment fees and that I have no financial interest in Pravati Capital, LLC whatsoever. by the court

*(BWL)* I am ~~the~~ an attorney of record in the above-captioned case. I further certify that I have received a copy of and reviewed the Pravati Capital, LLC Plaintiff Funding Agreement, and explained its terms to my client.

By: _Brent W. Landau_    Date: _July 21, 2016_
     Attorney Signature

_Brent Landau_
Print Name

# Pravati Capital

4400 North Scottsdale Rd. Suite 9277
Scottsdale, AZ 85251
Tel. 844-772-8284
Fax 480-648-0971

August 31, 2016



RE: ▮▮▮▮▮▮ – Funding Agreement

Dear Mr. ▮▮▮▮

    Thank you for choosing Pravati Capital, LLC for your legal funding needs. Following is the Plaintiff Funding Agreement for your review and execution. Please follow the instructions below:

**Sign and Notarize:** Page 2 – Recitals and Declaration, Page 3 Irrevocable Letter of Instruction and Page 8 (end of Plaintiff Agreement) all require your signature **In Front of a Notary.**

**Initials:** Pages 4-7 require your initials in the bottom right corner of each page.

**Attorney:** Page 9 Attorney Acknowledgement requires your attorney's signature. We will send your attorney a full copy of the executed agreement and obtain his/her signature directly. If your attorney requires a different form of Attorney Acknowledgement, we will negotiate that directly with his/her office.

**Photo ID:** You must provide with the executed agreement a photo copy of valid identification (driver's license, passport, etc.) We will **NOT** release your funds without Proof of Identification.

    Once we have received all of the required documentation, we will overnight a check for the full amount of the advance, provided the documentation is received in our office no later than 1:00 p.m. Pacific Standard Time. You may forward the documentation to our office via e-mail at **support@pravaticapital.com** or by fax at **480-648-0971.**

    If you have any questions regarding any of the aforementioned, kindly contact us at any time at 844-772-8284.

Sincerely,

Alex Chucri
CEO Pravati Capital, LLC



**Pravati Capital, LLC shall not be bound by this agreement until it is fully executed together with all attorney documents, and may cancel this transaction without liability at any time prior to the release of funds.**

## Pravati Capital, LLC Plaintiff Funding Agreement

This Funding Agreement, made as of August 31, 2016, is between ███████████████ residing at ███████████████████████████ with DOB █████ and SSN ███████████ (hereinafter referred to as "I"), and Pravati Capital, LLC, having its principal place of business at 4400 N Scottsdale Rd Suite 9277 Scottsdale, AZ 85251 (hereinafter referred to as "Pravati").

### RECITALS

1. I am currently engaged in a pending legal claim and/or lawsuit as a result of injuries arising out of a personal injury claim defined as █████████ for the National Football Player's Concussion Injury Litigation, or any other related actions, (hereinafter collectively referred to as "Lawsuit") which shall include, without limitation, any lawsuits or claims in which I am asserting my right to recovery for my injury, whether it is against the defendants named in the lawsuits, or others, and shall include any claims I may or will have for the handling of my original claim or lawsuit.

2. I have been advised by Pravati to discuss this matter with my attorney and/or such other legal counsel of my own choosing prior to signing this agreement and I have either received such counsel or expressly waived it.

3. Pravati has advised me to assess all alternatives to my immediate economic needs prior to accepting this funding. Pravati will be paid only from the proceeds of the Lawsuit, and agrees not to seek money from me directly in the event that the Lawsuit is not successful.

4. This Funding Agreement and all of its principal terms have been fully explained to me, and all questions that I might have about this transaction have been fully explained to me in English or such other language that I speak best.

5. I represent that there are no pending tax claims or bankruptcy filing(s), nor are there any pending criminal allegation(s) or charge(s) against me.

### DECLARATION

Prior to receiving funding from Pravati, I have not received any funds of any kind of a similar nature. I am aware that I may not solicit or accept any funds or advances against the Lawsuit from any other funding company unless I first repay Pravati in full. I acknowledge that I am waiving my rights to further funding of this kind and further acknowledge that if I accept any such funding I will be violating my agreement with Pravati.

By ███████████████████████████                Date: 8/31/16

On the ___ day of August , 2016, before me personally came ██████████ known to me, and known to me to be the individual(s) described in and who executed the within document and duly acknowledged to me that he/she executed the same.

State of AZ

County of Maricopa                NOTARY PUBLIC _____

IDIANA VILLAVICENCIO
Notary Public - Arizona
Maricopa County
My Comm. Expires Apr 8, 2020