# EXHIBIT 3

Redacted Assignments for Class Member C

DocuSign Envelope ID: F4DE3C9F-8B77-44FB-8FA7-C808759E80FB

## CASH ADVANCE AGREEMENT (Case ID: 437080)

THIS AGREEMENT is entered into on this date, November 10, 2015, between ▓▓▓▓▓▓▓▓▓▓▓▓ (hereinafter "Seller"), residing in Santa Maria, CA, and GLOBAL FINANCIAL CREDIT, LLC, a Delaware Limited Liability Company (hereinafter "Purchaser"), with its principal place of business at 14 Mamaroneck Ave., 3rd Floor; White Plains, NY 10601. Purchaser and Seller are collectively referred to as "Parties" and singularly as "Purchaser" and "Seller" respectively;

WHEREAS, Seller is engaged in a pending legal claim and/or lawsuit as a result of injuries arising out of a Personal Injury, Worker Compensation or other legal claim ("Legal Claim"); and

WHEREAS, Seller does not have sufficient funds to proceed with the Legal Claim and is unsure of the amount of time until completion of the Legal Claim and;

WHEREAS, Seller has contacted the Purchaser voluntarily and not as a result of any solicitation on the part of Purchaser;

WHEREAS, Seller agrees not to share this agreement with anyone other than Purchaser or legal counsel that represents Seller in connection with the Legal Claim;

WHEREAS, Seller has been advised that Purchaser is a provider of funds of last resort and that other funding sources may be less expensive and that Seller should seek funding for current, necessary expenses elsewhere, other than from Purchaser, if at all possible; and

WHEREAS, Seller recognizes this Cash Advance Agreement to be a high-risk cash advance from the potential legal claim proceeds and not a loan, and further acknowledges that Purchaser may make a substantial profit on this Agreement; and

WHEREAS, the Parties agree to the following terms and conditions under which this Agreement shall be performed;

NOW, THEREFORE, in consideration of these promises, the Parties hereto agree as follows:

### ARTICLE I: TERMS OF CASH ADVANCE

In consideration for the cash advance of $36,950.00 DOLLARS ("Cash Advance") provided to the Seller by the Purchaser, the Seller hereby assigns a security interest in the potential future proceeds of his/her Legal Claim amount ("Proceeds" hereinafter defined as the gross amount of recovery from the Legal Claim less the Seller's attorney's fee and actual case preparation costs) equal to the Cash Advance, plus a monthly fee equal to 2.79% ("Monthly Fee") to be calculated as follows: The Monthly Fee will be calculated on a daily basis by multiplying the corresponding daily fee of 0.093000% (2.79%/30 days) by the total outstanding amount due Purchaser on the previous day. In addition, a one-time Minimum Return Fee ("MRF") of $6,950.00 will be deducted from the Cash Advance and a $30,000.00 advance amount ("Advance Amount") will be provided to the Seller. A Cap will be placed on the Monthly Fee so that the total repayment amount by Seller will never exceed $110,850.00 dollars. Any recovery from derivative claims or cases are also to be included in Proceeds described above. .A Closing Fee of $50 will be added to the Seller's final balance due. Seller agrees that a Voice Recorded Agreement ("VRA") or transcript of said recording will be considered legally valid and used to secure future advances. The VRA will be subject to the same terms and conditions of this agreement and/or the terms outlined in the VRA.

Seller assigns merely as security interest in the specific amount described above from the Proceeds of the Legal Claim, not the actual rights to pursue the Legal Claim. Seller retains control of the Legal Claim, and all decisions regarding legal strategy shall remain with the Seller and his or her attorney. Purchaser shall have no influence over the Legal Claim.

Both Seller & Purchaser agree that the obligation to pay the partial assignment of the Legal Claim is speculative, without recourse and contingent upon the successful resolution of the Legal Claim, and any successor claims and/or litigation arising out of the same facts, or arising out of the conduct of the Legal Claim. If no recovery arises from the Legal Claim, the Purchaser shall receive nothing. Seller further acknowledges that no debt to the Purchaser is created until there is a successful resolution in the Legal Claim.

DocuSign Envelope ID: F4DE3C9F-8B77-44FB-8FA7-C808759E80FB

## ARTICLE II: DISTRIBUTION OF CASH ADVANCE AND FEES

In consideration for the Advance Amount, at the time of settlement and/or resolution of the Seller's Legal Claim, the Purchaser will receive the Cash Advance plus the Monthly Fee, defined above. Seller acknowledges and understands that Purchaser will be paid in full prior to Seller receiving any funds from the proceeds.

Seller agrees that if the subject Legal Claim is to be settled or otherwise satisfied via a Structured Settlement, the initial disbursement of proceeds due pursuant to the Structured Settlement and payable by the defendant or defendant's insurance carrier in the Legal Claim must be sufficient to pay and must be used to pay all monies due the Purchaser pursuant to this Agreement.

## ARTICLE III: LOSER PAYS

If either party to this agreement brings litigation/arbitration against the other party, the non-prevailing party shall reimburse the prevailing party's costs and expenses (including reasonable legal fees) incurred by the prevailing party as it pertains to such litigation/arbitration. If Seller breaches any of the terms of this agreement or fails to make payments when due under this agreement, Seller shall pay all of the Purchasers costs & expenses, including reasonable legal fees, incurred by the Purchaser enforcing the terms of this agreement or collecting any payment due under this agreement.

## ARTICLE IV: PURCHASER'S RIGHT TO GIVE NOTICE

Only in the event that Seller is no longer represented by the law firm listed on Exhibit A will Purchaser have the right to send a notice of lien & security interest against Proceeds of the Legal Claim to any and all applicable insurance carriers or attorney(s) in order to protect Purchaser's interest in this matter. Regardless of whether Seller has legal representation, Seller irrevocably instructs Insurer to satisfy the partial assignment directly with Purchaser before releasing any settlement funds to Seller.

## ARTICLE V: RIGHT OF CANCELATION

SELLER MAY CANCEL THIS AGREEMENT WITHOUT PENALTY OR FURTHER OBLIGATION WITHIN 120 BUSINESS HOURS (5 BUSINESS DAYS) OF THE EXECUTION OF THIS AGREEMENT, provided that the Seller must return the exact amount advanced to Seller simultaneously with the rescission. Seller may complete the cancellation by returning funds to Purchaser in form of (a) un-cashed check (b) return wire transfer or (c) bank draft sent to Purchaser's business address. NEW YORK CONSUMER'S RIGHT TO CANCELLATION: SELLER MAY CANCEL THIS AGREEMENT WITHOUT PENALTY OF FURTHER OBLIGATION WITHIN 5 BUSINESS DAYS FROM THE DATE YOU RECEIVE FUNDING FROM PURCHASER.

## ARTICLE VI: BUYOUT OF CASH ADVANCE & MONTHLY FEES

The Seller will retain the option to buy-out the entire Cash Advance and Fees as set forth in Article II of this Agreement to Purchaser at any time prior to the Settlement Date and distribution of the Proceeds at his/her discretion applying the same Cash Advance & Monthly Fees as if the claim settled. Purchaser expressly reserves the right to assign this Cash Advance to any individual, corporation, or any entity recognized under United States or International law.

## ARTICLE VII: ENTIRE AGREEMENT & UNDERSTANDING

This Agreement constitutes the entire agreement between the parties and there are no representations, warranties, covenants or obligations except as set forth herein. Both Parties agree that a faxed copy of this document is considered original. This Agreement supersedes all prior and contemporaneous agreements, understandings, negotiations, or discussions, written or oral, of the parties hereto, relating to any transaction contemplated by this agreement, however, this Agreement does not supersede any previously executed Cash Advance Agreement(s) between Seller & Purchaser. The Seller acknowledges that he/she has relied on his/her own judgment in executing this document and has read it without duress. Seller acknowledges that the terms of this Agreement have been drafted and negotiated by both the Seller and the Purchaser, and that all questions have been answered to the Seller's satisfaction.

## ARTICLE VIII: ARBITRATION AGREEMENT

DocuSign Envelope ID: F4DE3C9F-8B77-44FB-8FA7-C808759E80FB

By signing this Agreement Purchaser and Seller acknowledge and agree that if a dispute of any kind arises out of this Agreement or the application therefore or any document relating thereto, either Purchaser or Seller may elect to have that dispute resolved by binding arbitration as set forth in this Article. If either Party elects to proceed by arbitration, both parties will lose their rights to go to court to assert or defend their rights under this agreement. The Parties rights will instead be determined by one or more neutral arbitrators and not a judge or jury. Arbitration decisions are as enforceable as any court order and are subject to very limited review by a court. Any arbitration under this Agreement will take place on an individual basis; class arbitrations and class actions are not permitted. Parties agree that any such arbitration shall take place under the auspices of the American Arbitration Association ("AAA") in a location that is reasonably convenient to both parties. If we cannot agree on a location, the determination will be made by the American Arbitration Association. Parties agree that any arbitration may also be conducted by telephone or other electronic transmission. Parties agree that the procedural rules of the AAA and the substantive laws of the state of New York shall be applied in all events. In order to initiate an arbitration to resolve a claim, dispute or controversy Seller or Purchaser must notify the other party in writing by certified mail (the "Demand"), which must: (a) briefly explain the dispute, (b) list the name, address and phone number of the both Parties, (c) specify the amount of money involved, (d) state the preferred hearing locale, and (e) state what you want to resolve the dispute. Party submitting Demand must send two copies of the demand to the AAA at 1633 Broadway, 10F, New York, NY 10019, Phone (585) 387-9450, along with the appropriate administrative fee/deposit.

## ARTICLE IX: SEVERABILITY

If a court finds any provision of this Agreement invalid or unenforceable as applied to any circumstance, the remainder of this agreement and the application of such provision to other persons or circumstances shall be interpreted so as best to effect the intent of the parties hereto. The parties further agree to replace any such void or unenforceable provision of this agreement with a valid and enforceable provision which will achieve, to the extent possible, the economic, business and other purposes of the void or unenforceable provision. This article is intended to provide a court of competent jurisdiction with the ability to "blue pencil" this agreement so as to render it lawful, to the broadest extent possible, and is specifically applicable but not limited to the financial provisions of Article I.

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed by their duly authorized officers.

This agreement and its principle terms have been explained to me and all questions that I may have about this transaction have been answered. This has been done both in English and _____, the language I speak best. Before you sign this agreement, you should obtain the advice of your attorney. You are entitled to a fully executed copy of this agreement.

GLOBAL FINANCIAL CREDIT, LLC
(a Delaware Limited Liability Company)

Date: _____

By: _____
Wensley McKenney - Purchaser

Date: 11/10/2015

By: _____
- Seller

DocuSign Envelope ID: F4DE3C9F-8B77-44FB-8FA7-C908759E80FB

## Exhibit A

### LETTER OF INSTRUCTION

November 10, 2015

Case ID: **437080**

Richard S. Lewis, Esq.
Hausfeld, LLP
1700 K Street, NW Ste 650
Washington, DC 20006

Dear Richard S. Lewis,

I, ▮▮▮▮▮ hereby instruct Richard S. Lewis &/or Hausfeld, LLP, or any subsequent attorney(s) that may represent me, to place a consensual lien & security interest against any and all of the future settlement proceeds due to me from the legal claim(s)/case(s) in which you represent me. I irrevocably instruct you to protect and satisfy this consensual lien & security interest per the terms of the attached Cash Advance Agreement ("Agreement") which I have entered into with Global Financial Credit, LLC ("Global"). If any legal counsel representing me decides to challenge the terms of this Letter or the attached agreement, I instruct you to hold all funds in your trust account until the dispute has been resolved. If a lien is not legally allowable on my case, please understand I have nonetheless agreed to pay Global when my case settles. Failure to pay in a timely manner will result in significant financial harm to me. I also instruct you to provide Global with periodic updates on my case.

Should there be a dispute in the amount owed Global, I instruct you not to release any funds to me until the dispute is resolved. I instruct you not to share this letter or the attached agreement with anyone unless you are ordered to do so by a court of law. In the event that you no longer represent me, I instruct you to provide Global with applicable insurance and/or attorney information in order for them to protect their assignment/lien. I have read the Agreement and fully understand my obligations. If any checks sent in my name, I hereby grant you limited power of attorney to endorse and deposit my check into your trust account and pay Global in full before releasing any funds to me.

Sincerely,



### ATTORNEY ACKNOWLEDGMENT

I, Richard S. Lewis, acknowledge receipt of this Letter from my client. I will honor the instructions from my client. Should my representation with this client terminate, I will contact Global, without delay, and provide applicable insurance and/or new attorney information. Should there be a dispute in the amount due and owing, I will protect the funds that Global asserts is owed until resolution of the dispute. I represent that ▮▮▮▮▮ claim is still pending in active status and that presently there are no motions for a final disposition and that the claim is being vigorously defended. I will not share the attached agreement with any third party unless I am ordered to do so by a court of law. I represent that to the best of my knowledge ▮▮▮▮▮ has NOT previously received a cash advance (from anyone other than Global) against his/her legal claim similar to the attached Agreement. I represent that this advance is not being used to pay either fees or expenses of this case.

*[Signature: Richard S. Lewis]*
Richard S. Lewis, Esq.

How should we contact your office for case updates?

RLewis@Hausfeld.com
Email is Preferred (or Fax)

DocuSign Envelope ID: F4DE3C9F-8B77-44FB-8FA7-C808759E80FB

# Exhibit B
## Advance & Repayment Terms Agreement

Parties: [REDACTED] is Seller and Global Financial Credit, LLC is the Purchaser.

### Full Disclosure Box – (Case ID: 437080)

| | | | |
|---|---|---|---|
| Advance Amount to Seller | $30,000.00 | Balance Due 3 Months | $40,174.27 |
| Balance Due at Execution | $36,950.00 | Balance Due 6 Months | $43,761.17 |
| Monthly Fee | 2.79% | Balance Due 12 Months | $51,876.09 |
| | | Capped Due after 33 Months | $110,850.00 |

## Please follow these 2 easy steps:

**1** Check ☑ **One** of the following Boxes below

☐ **MoneyGram $35** — SAME DAY CASH PICKUP!!! MAX - $5,000 (Fill In Information Below)

☒ **DIRECT DEPOSIT via ACH — $25** ACH Direct Deposit Not Wire. Funds post Next Business Day (Fill in Information Below) No debit/bank or ATM cards

☐ **UPS Overnight $35** Delivery (M-F)
☐ Sat. Delivery $75
☐ Regular Mail – Free

**2** ATTENTION: Below MUST be filled out **before** release of money

*Fees are deducted from the Final Approval Amount*

Social Security Number: [REDACTED]   DOB: [REDACTED]
(we DO NOT Check Credit)

Name: (Check Issued to) [REDACTED]   Phone: ( [REDACTED] )

Street: [REDACTED]   Apt.   City: [REDACTED]   ST: [REDACTED]   Zip: [REDACTED]

**MoneyGram**
Check One   ☐ Driver license   ☐ State ID   ☐ Passport   ☐ Gov't ID   ☐ Alien ID
Name on ID: _____   Number on ID: _____

State where ID was Issued: _____   State of MoneyGram Pickup: _____   Exp of ID: ___/___/20___

**DIRECT DEPOSIT**   ☐ Checking   ☒ Savings

Bank Name: [REDACTED]   Name On Account: [REDACTED]

Acct #: [REDACTED]   Routing # (Only 9 digits): [REDACTED]

Terms: Balances due above do not include the $50 Closing fee, which is waived if the Seller signs a release at case closing. In the event that Seller receives a financial recovery from the legal claim as mentioned in the Non-Recourse Cash Advance Agreement and Seller receives funds prior to Purchaser's assignment & security interest being satisfied in full, Seller grants Purchaser the right to effect one or more ACH debit entries, as needed, from Seller's bank to satisfy outstanding assignment & security interest balance due Purchaser in full.

In a sentence or two please describe how we've helped you in your time of need.

_____

By signing below, I, [REDACTED] agree to the terms of the Exhibit B and understand that I am responsible for the information that I have provided on this form. Purchaser is not responsible for any problem in delivery or transfer of monies, so long as it follows the instructions provided by the Seller.

11/10/2015
[REDACTED] Date: _____   _____ Date: _____
           – Seller              &  Global Financial Credit, LLC – Purchaser

DocuSign Envelope ID: F4DE3C9F-8B77-44FB-8FA7-C808759E80FB

## RELEASE

This agreement and mutual release ("agreement") is made between Global Financial Credit, LLC ("GLOBAL"), located at 14 Mamaroneck Ave., 3rd Floor, White Plains, NY 10601, together with its successors and/or assigns (collectively "GLOBAL"), and ▇▇▇▇▇▇▇▇▇▇▇▇ ("Plaintiff"), together with his/her/their successors, heirs and/or assigns.

Whereas, under the terms of one or more prior agreement(s) (the "Prior Agreements") Plaintiff assigned to GLOBAL an interest in the proceeds of Plaintiff's anticipated recovery, by settlement, judgment or otherwise (the "Recovery"), on Plaintiff's case/claim/litigation which was then pending ("the Case");

Whereas, the Case has been tried, settled, or otherwise resolved, and GLOBAL is entitled to receive certain closing fees ("Closing Fees"), pursuant to the Prior Agreements.

Whereas, GLOBAL is willing to waive a portion of the Closing Fees in exchange for certain warranties and representations of the Plaintiff, which are more fully described and defined herein;

Now therefore, in full consideration of the mutual promises and agreements set forth herein, to include but not be limited to GLOBAL's waiver of a portion of the Closing Fees to which it is entitled pursuant to the Prior Agreements, the parties agree as follows:

1. Plaintiff and GLOBAL hereby mutually release, hold harmless, covenant not to sue or participate in any suit, and forever discharge each other collectively and individually, including their respective affiliates, legal representatives, agents, officers, owners, directors, predecessors, administrators, personal representatives, heirs, successors and assigns of and from any and all disputes, which shall include all actions, causes of action, suits, debts, sums of money, covenants, contracts, damages, judgments, and demands, of every nature whatsoever, whether known or unknown, in law or equity, which they ever had since the beginning of time, now have, or hereafter can, shall or may have. "Any and all disputes" for purpose of this agreement is intended to be given the broadest possible interpretation, and shall include but not be limited to any claims Plaintiff may claim arising pursuant to Plaintiff's purported inclusion in a certified class action matter.

2. In consideration for the mutual promises and the general releases each party is providing herein, GLOBAL agrees it will waive some amount Closing Fees in order to expedite conclusion of Plaintiff's Recovery and finalize Plaintiff's obligations pursuant to the Prior Agreements in an expedited fashion.

3. Plaintiff represents and warrants that he/she has had the full opportunity to consult with counsel and review with counsel the within agreement, and as a result fully and completely understands its terms and consequences.

4. This agreement for accord and satisfaction, settlement agreement and/or general release shall be governed, interpreted, and enforced by, and in accordance with, the laws of the state of New York, without giving effect to the conflict of laws principles thereof.

5. The date on which GLOBAL waives of a portion of the Closing Fees pursuant to this Agreement, as evidenced by GLOBAL's acceptance of final payment from Plaintiff pursuant to the Prior Agreements, shall constitute the effective date of this Agreement. Any complaints, claims and/or causes of action related to the Prior Agreements are moot and are barred by the doctrine of accord and satisfaction. Accordingly, this agreement supersedes all prior agreements with respect to the subject matter hereof and the releases contained herein.

IN WITNESS WHEREOF, the Parties have affixed their signatures.

Plaintiff: ▇▇▇▇▇▇▇▇▇▇

Global Financial Credit, LLC, by Wensley McKenney
Ref CaseID: 437080

## PROMISSORY NOTE

FOR VALUE RECEIVED, the undersigned ███████████████ (the "Borrower"), located at ███████████████ hereby promises to pay to the order of JOY STJAMES, (the "Lender"), located at 106 E. Moss Road, Galloway, NJ 80205, the principal sum total of $80,575.00 USD, with an additional monthly amount of $2,200.00 USD, added to the principal sum, on the first day of each subsequent month, beginning the first month after execution of this Note, in accordance with the terms set forth below.

PAYMENT.  The principal amount of this Note, is due and payable in one lump sum payment from the proceeds of the Borrower's Settlement Award, from the litigation known as, *In re: National Football League Players' Concussion Injury Litigation*; Case No. 2:12-md-02323-AB, MDL No. 2323, (the "NFL Concussion Litigation"), before the United States District Court for the Eastern District of Pennsylvania.

PREPAYMENT.  The Borrower has the right to prepay all or any part of the principal amount of this Note, at any time without prepayment penalty or premium of any kind.

COST AND FEES.  In the event of default, the Borrower shall pay to the Lender all costs of collection including reasonable attorney's fees.

WAIVER.  The Borrower and all sureties, guarantors and endorsers hereof, waive presentment, protest and demand, notice of protest, demand and dishonor and nonpayment of this Note.

SUCCESSORS AND ASSIGNS.  This Note will inure to the benefit of and be binding on the respective successors and permitted assigns of the Borrower.  The Borrower may not assign its rights or delegate its duties under this Note without the Lender's prior written consent.

JOINT AND SEVERAL LIABILITY.  If there is more than one Borrower of this Note, the obligation of each Borrower shall be joint and several under this Note.

AMENDMENT.  This Note may be amended or modified only by a written agreement signed by the Borrower and Lender.

SEVERABILITY.  In the event that any of the provisions of this Note are held to be invalid or unenforceable in whole or in part, the remaining provisions shall not be affected and shall continue to be valid and enforceable as though the invalid or unenforceable parts had not been included in this Note.

IRREVOCABILE INSTRUCTION.  Before disbursement of any settlement funds or judgement proceeds from the NFL Concussion Litigation, are made to the Borrower, this Note must first be satisfied in its entirety.

NOTIFICATIONS.  Any notice or communication under this Note must be in writing and sent via one of the following options:
- U.S. Mail; or

- Electronic E-mail Transmission

GOVERNING LAW. This Note shall be governed by and construed in accordance with the laws of Tennessee.

MISCELLANEOUS.
1. The Lender will undertake no eviction actions or proceedings against the Borrower until such time as the Settlement Agreement in the NFL Concussion Litigation becomes effective.

2. This Note constitutes the entire agreement between the parties and there are no representations, warranties, covenants or obligations except as set forth herein. This agreement supersedes all prior agreements, understandings, negotiations, or discussions, written or oral, of the parties hereto, relating to any transaction contemplated by the agreement.

IN WITNESS WHEREOF, the undersigned has executed this Promissory Note as of this 26th day of September, 2016.

STATE OF TN
COUNTY OF Shelby
The foregoing instrument was acknowledged before me this 26th day of September, 2016, by ▮▮▮▮▮▮▮▮▮▮, who is personally known to me or produced TN DL# 05971407 as identification.

_Edna L. Plummer_
NOTARY SIGNATURE

(AFFIX SEAL) — Edna L. Plummer, State of Tennessee Notary Public, Shelby County

Commission Number: N/A
My Commission Expires: 2/23/2019

2

_____
JOY ST JAMES (LENDER)

STATE OF  new Jersey
COUNTY OF  Atlantic
The foregoing instrument was acknowledged before me this 28th day of September, 2016, by Joy St. James, who is personally known to me or produced  Known  as identification.

_____
NOTARY SIGNATURE

(AFFIX SEAL)

Commission Number: _____
My Commission Expires: 7-14-2020

PAMELA H. HORTON
A Notary Public of New Jersey
My Commission Expires July 14, 2020

## PROMISSORY NOTE

FOR VALUE RECEIVED, the undersigned ▮▮▮▮▮▮▮▮▮▮ (the "Borrower"), located at ▮▮▮▮▮▮▮▮▮▮ hereby promises to pay to the order of KATHY TUGGLE, (the "Lender"), located at 24006 Sandhurst Lane, Harbor City, California 90710, the principal sum total of $85,000.00 USD, in accordance with the terms set forth below.

PAYMENT. The principal amount of this Note, is due and payable in one lump sum payment from the proceeds of the Borrower's Settlement Award, from the litigation known as, *In re: National Football League Players' Concussion Injury Litigation*; Case No. 2:12-md-02323-AB, MDL No. 2323, (the "NFL Concussion Litigation"), before the United States District Court for the Eastern District of Pennsylvania.

PREPAYMENT. The Borrower has the right to prepay all or any part of the principal amount of this Note, at any time without prepayment penalty or premium of any kind.

COST AND FEES. In the event of default, the Borrower shall pay to the Lender all costs of collection including reasonable attorney's fees.

WAIVER. The Borrower and all sureties, guarantors and endorsers hereof, waive presentment, protest and demand, notice of protest, demand and dishonor and nonpayment of this Note.

SUCCESSORS AND ASSIGNS. This Note will inure to the benefit of and be binding on the respective successors and permitted assigns of the Borrower. The Borrower may not assign its rights or delegate its duties under this Note without the Lender's prior written consent.

JOINT AND SEVERAL LIABILITY. If there is more than one Borrower of this Note, the obligation of each Borrower shall be joint and several under this Note.

AMENDMENT. This Note may be amended or modified only by a written agreement signed by the Borrower and Lender.

SEVERABILITY. In the event that any of the provisions of this Note are held to be invalid or unenforceable in whole or in part, the remaining provisions shall not be affected and shall continue to be valid and enforceable as though the invalid or unenforceable parts had not been included in this Note.

IRREVOCABILE INSTRUCTION. Before disbursement of any settlement funds or judgement proceeds from the NFL Concussion Litigation, are made to the Borrower, this Note must first be satisfied in its entirety.

NOTIFICATIONS. Any notice or communication under this Note must be in writing and sent via one of the following options:
- U.S. Mail; or
- Electronic E-mail Transmission

GOVERNING LAW. This Note shall be governed by and construed in accordance with the laws of Tennessee.

IN WITNESS WHEREOF, the undersigned has executed this Promissory Note as of this 17th day of February, 2017.

STATE OF Tenn
COUNTY OF Shelby
The foregoing instrument was acknowledged before me this 17th day of February, 2017, by ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, who is personally known to me or produced Tennessee Drivers Lic as identification.

_____
NOTARY SIGNATURE

(AFFIX SEAL)

Commission Number: _____
My Commission Expires: 8/23/2019

_____
KATHY TUGGLE (LENDER)

STATE OF California
COUNTY OF Los Angeles
The foregoing instrument was acknowledged before me this 25th day of February, 2017, by Kathy Tuggle, who is personally known to me or produced California Driver License as identification.

RONALD D. HAAR
COMM. #2075640
Notary Public - California
LOS ANGELES COUNTY
My Comm. Exp. Aug. 18, 2018

(AFFIX SEAL)

_____
NOTARY SIGNATURE

Commission Number: 2075640
My Commission Expires: Aug 18, 2018

2

# PROMISSORY NOTE

FOR VALUE RECEIVED, the undersigned ▮▮▮▮▮▮▮▮▮▮ (the "Borrower"), located at ▮▮▮▮▮▮▮▮▮▮ hereby promises to pay to the order of MELVIN KELLEY and LYNDA KELLEY, (the "Lender"), located at 19814 Galway Avenue, Carson, California 90746, the principal sum total of $10,000.00 USD, in accordance with the terms set forth below.

PAYMENT. The principal amount of this Note, is due and payable in one lump sum payment from the proceeds of the Borrower's Settlement Award, from the litigation known as, *In re: National Football League Players' Concussion Injury Litigation*; Case No. 2:12-md-02323-AB, MDL No. 2323, (the "NFL Concussion Litigation"), before the United States District Court for the Eastern District of Pennsylvania.

PREPAYMENT. The Borrower has the right to prepay all or any part of the principal amount of this Note, at any time without prepayment penalty or premium of any kind.

COST AND FEES. In the event of default, the Borrower shall pay to the Lender all costs of collection including reasonable attorney's fees.

WAIVER. The Borrower and all sureties, guarantors and endorsers hereof, waive presentment, protest and demand, notice of protest, demand and dishonor and nonpayment of this Note.

SUCCESSORS AND ASSIGNS. This Note will inure to the benefit of and be binding on the respective successors and permitted assigns of the Borrower. The Borrower may not assign its rights or delegate its duties under this Note without the Lender's prior written consent.

JOINT AND SEVERAL LIABILITY. If there is more than one Borrower of this Note, the obligation of each Borrower shall be joint and several under this Note.

AMENDMENT. This Note may be amended or modified only by a written agreement signed by the Borrower and Lender.

SEVERABILITY. In the event that any of the provisions of this Note are held to be invalid or unenforceable in whole or in part, the remaining provisions shall not be affected and shall continue to be valid and enforceable as though the invalid or unenforceable parts had not been included in this Note.

IRREVOCABILE INSTRUCTION. Before disbursement of any settlement funds or judgement proceeds from the NFL Concussion Litigation, are made to the Borrower, this Note must first be satisfied in its entirety.

NOTIFICATIONS. Any notice or communication under this Note must be in writing and sent via one of the following options:
- U.S. Mail; or
- Electronic E-mail Transmission

GOVERNING LAW. This Note shall be governed by and construed in accordance with the laws of Tennessee.

IN WITNESS WHEREOF, the undersigned has executed this Promissory Note as of this __17th__ day of __February__, ~~2016.~~ 2017.

STATE OF __Tenn__
COUNTY OF __Shelby__
The foregoing instrument was acknowledged before me this __17th__ day of __February__, 2017 ~~2016~~, by ▮▮▮▮▮▮▮▮▮▮, who is personally known to me or produced __Tennessee Drivers Lic__ as identification.

_Edna L. Plummer_
NOTARY SIGNATURE

Commission Number: _____
My Commission Expires: __2/23/2019__

(AFFIX SEAL) — EDNA L. PLUMMER, STATE OF TENNESSEE NOTARY PUBLIC, SHELBY COUNTY

_Melvin Kelley_
MELVIN KELLEY (LENDER)

_Lynda Kelley_
LYNDA KELLEY (LENDER)

STATE OF __CALIFORNIA__
COUNTY OF __Los Angeles__
The foregoing instrument was acknowledged before me this __28th__ day of __February__, 2017 ~~2016~~, by __Melvin L. Kelley & Lynda Kelley__, who is personally known to me or produced __Calif. Driver Licenses__ as identification.

_signature_
NOTARY SIGNATURE

Commission Number: _____
My Commission Expires: __01-12-2021__

(AFFIX SEAL) — ARDIS JACKSON JR, Notary Public - California, Los Angeles County, Commission # 2179305, My Comm. Expires Jan 12, 2021

2

## PROMISSORY NOTE

FOR VALUE RECEIVED, the undersigned ▮▮▮▮▮▮▮▮ (the "Borrower"), located at ▮▮▮▮▮▮▮▮ hereby promises to pay to the order of VERNITA THOMPSON, (the "Lender"), located at 468 Hartnell Road, Santa Maria, California 93455, the principal sum total of $40,000.00 USD, in accordance with the terms set forth below.

PAYMENT. The principal amount of this Note, is due and payable in one lump sum payment from the proceeds of the Borrower's Settlement Award, from the litigation known as, *In re: National Football League Players' Concussion Injury Litigation*; Case No. 2:12-md-02323-AB, MDL No. 2323, (the "NFL Concussion Litigation"), before the United States District Court for the Eastern District of Pennsylvania.

PREPAYMENT. The Borrower has the right to prepay all or any part of the principal amount of this Note, at any time without prepayment penalty or premium of any kind.

COST AND FEES. In the event of default, the Borrower shall pay to the Lender all costs of collection including reasonable attorney's fees.

WAIVER. The Borrower and all sureties, guarantors and endorsers hereof, waive presentment, protest and demand, notice of protest, demand and dishonor and nonpayment of this Note.

SUCCESSORS AND ASSIGNS. This Note will inure to the benefit of and be binding on the respective successors and permitted assigns of the Borrower. The Borrower may not assign its rights or delegate its duties under this Note without the Lender's prior written consent.

JOINT AND SEVERAL LIABILITY. If there is more than one Borrower of this Note, the obligation of each Borrower shall be joint and several under this Note.

AMENDMENT. This Note may be amended or modified only by a written agreement signed by the Borrower and Lender.

SEVERABILITY. In the event that any of the provisions of this Note are held to be invalid or unenforceable in whole or in part, the remaining provisions shall not be affected and shall continue to be valid and enforceable as though the invalid or unenforceable parts had not been included in this Note.

IRREVOCABILE INSTRUCTION. Before disbursement of any settlement funds or judgement proceeds from the NFL Concussion Litigation, are made to the Borrower, this Note must first be satisfied in its entirety.

NOTIFICATIONS. Any notice or communication under this Note must be in writing and sent via one of the following options:
- U.S. Mail; or
- Electronic E-mail Transmission

GOVERNING LAW. This Note shall be governed by and construed in accordance with the laws of Tennessee.

IN WITNESS WHEREOF, the undersigned has executed this Promissory Note as of this 23 day of DEC, 2016.

STATE OF Arkansas
COUNTY OF Phillips
The foregoing instrument was acknowledged before me this 23 day of DEC, 2016, by ▮▮▮▮▮▮▮▮▮▮ who is personally known to me or produced JENN DL# D597114B7 as identification.

ROBIN JAMES
NOTARY PUBLIC-STATE OF ARKANSAS
PHILLIPS COUNTY
My Commission Expires 09-23-2026
Commission # 12357891

NOTARY SIGNATURE
Commission Number: 12357891
My Commission Expires: 9-23-2026
(AFFIX SEAL)

_____
VERNITA THOMPSON (LENDER)

STATE OF California
COUNTY OF Santa Barbara
The foregoing instrument was acknowledged before me this 30th day of December, 2016, by Vernita Thompson, who is personally known to me or produced CA DL# C4005783 as identification.

NOTARY SIGNATURE

Commission Number: 2088337
My Commission Expires: 11-27-18

(AFFIX SEAL)

M. SANCHEZ
Commission # 2088337
Notary Public - California
San Luis Obispo County
My Comm. Expires Nov 27, 2018

2