# EXHIBIT 5

Redacted Assignments for Class Member E

July 31, 2014

## SETTLEMENT ESCROW AGREEMENT

Whereas, the law firm of Hausfeld, LLP  1700 K St., Suite 650, Washington DC, 20006 are attorneys for ███████████████ in a MDL consolidated case whereby the plaintiff has sued the National Football League ("NFL") for damages.  A class settlement has been preliminarily approved and,

Whereas, when and if that preliminary settlement is finally approved, appeals are exhausted, the settlement is funded, and ███████████ qualifies for an award, and,

Whereas, upon the awarding of all funds to the benefit of ██████████████ that are placed into escrow at Hausfeld, LLP on ███████████ benefit,

It is hereby agreed between ████████████████ of ██████████████████ the client, and Hausfeld, LLP, of Washington DC, Meamber's Attorneys, that the Promissory Note entered into by ██████████ as the Borrower, to the Lender, Retail Profit Systems, Inc. on August ___, 2014, a copy of which is attached hereto and by reference incorporated herein, shall be held in Priority Position except as to standard and customary legal fees and costs owing to Hausfeld, LLP, and shall be satisfied from ███████████ portion out of the collected trust fund receipts and paid to Retail Profit Systems, Inc on behalf of ████████████ If the receipts pursuant to the NFL Settlement are not sufficient to satisfy the note then whatever funds are collected shall be paid to the Lender and the Lender shall have his remedy pursuant to the Promissory Note terms to collect the balance of any unpaid amounts.

The Law Firm of Hausfeld, LLP shall in no way be liable to ███████████ or to the Lender on the note for any amounts due under the Note.  Hausfeld, LLP is merely an escrow agent to hold funds for ███████████ when and if the NFL Settlement is funded to ███████████ benefit and no liability shall be inferred to Hausfeld, LLP.

Entered into this ___ day of August, 2014

_Nich Lewis_

Hausfeld, LLP, Escrow

Entered into this ___ day of August, 2014

███████████████████

███████████████, Borrower

Entered into this 4th day of August, 2014

*Tom Pepple*

**Retail Profit** Systems, Inc. by Tom Pepple, it's President, Lender

August __4__, 2014

## Promissory Note

**Principal Amount:** _1,500⁰⁰_

For value received, the undersigned ▮▮▮▮▮▮▮▮ the "Borrower", at ▮▮▮▮▮▮▮
▮▮▮▮▮▮▮ promises to pay to the order of Retail Profit Systems, Inc., the
"Lender" at 5361 Bierson Way, Central Point, OR 97502, or wherever Lender shall designate,
repayment of principal loaned and accrued interest.  If the settlement referenced below occurs
within 1-year from above date and full payment is made, the **simple compound interest rate
shall be 1% per month** from date of initial loan distribution.  If the settlement does not take
place within the 1-year period, an additional .5% (1.5% total) will be applied per month from
initial distribution, in perpetuity until the settlement takes place.

Terms of payment:  The amount of principal (plus any accrued interest) shall be paid in full
**immediately** after the National Football League (Association) **Concussion Related Settlement** is
finally approved, appeals are exhausted, ▮▮▮▮▮▮ qualifies for an award and payment is made
to Hausfeld LLP.  In the event the Borrower pays the loan in full prior to the settlement, there
will be no prepayment penalty.

This promissory note is by reference incorporated into an escrow agreement entered into on
July 30, 2014 hereon whereby the Escrow Agent, the Law Firm of Hausfeld, LLP, 1700 K Street,
Suite 650, Washington DC. 20006, agrees that upon the receipt of any monies due to the
Borrower, their client, from the settlement of the class action with the National Football
League, that they will satisfy this Promissory Note from funds placed into their escrow account
from the referenced settlement, prior to any funds being issued to the Borrower.

In the event that the settlement does not occur prior to death of borrower, then Lender herein
shall have the right to seek an action at law seeking the principal, accrued interest, and fees due
hereon together with any and all collection costs and attorney fees required for the collection
of principal and interest fees from borrower's estate.

*The Jurisdiction for this note shall be in the State of Oregon.*

▮▮▮▮▮▮▮▮▮▮▮▮▮

_____            8/4/14
▮▮▮▮▮▮▮ Borrower                        Date

# Promissory Note

$ _8/4. 80_

_MEDFORD_, Oregon

August _18_, 2014

For value received, the undersigned ▉▉▉▉▉▉ the "Borrower", at ▉▉ ▉▉▉▉▉, promises to repay to the order of Retail Profit Systems, Inc., the "Lender" at 5361 Bierson Way, Central Point, OR 97502, or wherever Lender shall designate, the sum of $ _8/4. 80_ principal loaned together with accrued interest at the time of the settlement referenced herein. If the settlement referenced below occurs within 1-year from above date and full payment is made, the simple compound interest rate shall be 1% per month from date of initial loan distribution. If the settlement does not take place within the 1-year period, an additional .5% will be applied per month from initial distribution, in perpetuity until the settlement takes place.

Terms of payment: The amount of principal (plus any accrued interest) shall be paid in full immediately after the National Football League (Association) Concussion Related Settlement. In the event the Borrower pays the loan in full prior to the settlement, there will be no prepayment penalty.

This promissory note is by reference incorporated into an escrow agreement entered into on the same date hereon whereby the Escrow Agent, the Law Firm of Hausfeld, LLP, 1700 K Street, Suite 650, Washington DC. 20006, agrees that upon the receipt of any monies due to the Borrower, their client, from the settlement of the class action with the National Football Association, that they will satisfy this Promissory Note from funds placed into their escrow account from the referenced settlement, prior to any funds being issued to the Borrower.

In the event that the settlement does not occur prior to death of borrower, or that the net settlement is not sufficient to payoff the outstanding principal and accrued interest in full, then Lender herein shall have the right to seek an action at law seeking recovery of all or the balance of the principal, accrued interest, and fees due hereon together with any and all collection costs and attorney fees required for the collection of principal and interest fees from borrower and/or borrower's estate, heirs, devisees, beneficiaries, or successors in interest.

By signing this note, the undersigned and his successors and assigns waive presentment for payment, notice of dishonor, protest, notice of protest, and diligence in collection, and consent that the time of payment on any part of this note may be extended by the holder without otherwise modifying, altering, releasing, affecting, or limiting their liability.

***The jurisdiction for this note shall be in the State of Oregon, and the note shall be governed by the laws of the State of Oregon without regard to conflicts of laws principles.***



▉▉▉▉▉▉▉▉  8 -15 -14
▉▉▉▉▉▉▉ Borrower Date

## ATLAS LEGAL FUNDING II, L.P.

700 Plaza Drive, Secaucus, NJ 07094
(Phone) 201-293-4462     (Fax) 201-293-4470

### FACSIMILE TRANSMITTAL COVER SHEET

| | | | |
|---|---|---|---|
| To: | **Richard Lewis, Esq.** | From: | **The Funding Department** |
| Fax: | **202-540-7201** | Pages: | **10 (including cover page)** |
| Phone: | **202-540-7200 / 202-540-7148** | Date: | **10/15/2014** |
| Re: | ███████████ | cc: | ███████████ |

Attached are the documents that we require to be reviewed and executed regarding the Non-Recourse Advance for which ████████ has been approved.

**\*\*\*Please note that page 9 requires an attorney's signature and all outlined items below must be executed and faxed or e-mailed to our office prior to funding\*\*\***

1. <u>Funding Agreement</u> – requires **<u>notarization</u>** and Client's signature on page 7 and Client's initials on all pages (pages 2 - 7);
2. <u>Prior Funding</u> – requires Client to check one of the boxes and provide information on prior fundings if any exist (page 7);
3. <u>Irrevocable Client Directive</u> – requires **<u>notarization</u>**, requires Client's signature and initials (page 8);
4. <u>Attorney Acknowledgment</u> – requires attorney's signature AND Client's initials (page 9);
5. <u>Distribution Form</u> – requires Client's signature and initials (page 10);

**\*\*\* PLEASE BE ADVISED THAT WE MUST RECEIVE <u>PROOF OF IDENTIFICATION</u> (I.E. DRIVER'S LICENSE, PASSPORT, ETC.) PRIOR TO FUNDS BEING DISBURSED TO YOUR CLIENT\*\*\***

<u>Please e-mail or fax copies of all executed documents and proof of identification to:</u>

VIA E-MAIL: FUNDING@ATLASLEGALFUNDING.COM

VIA FAX: 201-293-4470 ATTENTION: FUNDING DEPARTMENT

<u>**YOU MUST FORWARD ALL ORIGINAL DOCUMENTS TO:**</u>

Atlas Legal Funding II, L.P.
Attn: Funding Department
700 Plaza Drive
Secaucus, New Jersey 07094

**ATLAS LEGAL FUNDING II, L.P. SHALL NOT BE BOUND BY THIS AGREEMENT UNTIL IT IS FULLY EXECUTED BY YOUR CLIENT TOGETHER WITH THE ATTORNEY ACKNOWLEDGMENT AND MAY CANCEL THIS TRANSACTION WITHOUT LIABILITY AT ANY TIME PRIOR TO THE ACTUAL ISSUANCE OF A FUNDING CHECK.**

If you have any questions or concerns, please contact our Funding Department at 201-293-4462, ext. 200.

Thank you for your cooperation,

Atlas Legal Funding II, L.P.

███████████

**(CLIENT INITIALS)**

# ATLAS LEGAL FUNDING II, L.P.
700 Plaza Drive, Secaucus, NJ 07094
(Phone) 201-293-4462     (Fax) 201-293-4470

## FUNDING AGREEMENT

**THIS FUNDING AGREEMENT** is entered into on **October 15, 2014**, between **Atlas Legal Funding II, L.P.** having its principal place of business at 700 Plaza Drive, Secaucus, New Jersey 07094 (hereinafter referred to as "ALF" or "Atlas Legal Funding") and ███████████████ residing at ████████████████████████ and ███████ ████████████████████ (hereinafter referred to as "I" or "Client"; together with ALF, the "Parties").

## RECITALS

**WHEREAS** Client represents to ALF that Client is currently engaged in a pending legal claim and/or lawsuit or will be engaged in a legal claim and/or lawsuit.

**WHEREAS** Client has requested that ALF purchase the contingent right (or a portion thereof) to the proceeds of Client's legal claim or lawsuit to meet Client's immediate economic needs and ALF has agreed to purchase such contingent right to proceeds (or a portion thereof) from Client's legal claim or lawsuit for Client's life needs only.

**NOW THEREFORE**, in consideration of the above recitals and the mutual covenants contained herein, and intending to be legally bound hereby, ALF and Client agree as follows:

## SECTION 1
## FULL DISCLOSURE

1.1.   Non-Recourse Funding.  Non-Recourse Funding shall mean a transaction in which ALF purchases and Client assigns the contingent right to receive an amount of the potential proceeds (hereinafter as that term is defined in Section 2.4) of a settlement, judgment, award and/or verdict obtained in the Client's legal claim or lawsuit to ALF.

1.2.   Transaction Terms.  I have requested ALF to purchase the contingent right (or a portion thereof) to the proceeds for the sum indicated below, at the instant such proceeds come into being.

| | |
|---|---|
| Principal Amount Advanced to Client: | $20,000.00 |
| Application Fee: | $1,000.00 |
| **Total Amount Funded:** | **$21,000.00 ("Purchase Price")** |

1.3.   Lawsuit Terms.  I have a claim for which I have filed or have started the process of filing a complaint that may entitle me to proceeds resulting from a settlement, judgment, award or verdict. The matter is, or will be, captioned ████████ **v. National Football League & NFL Properties, LLC, et al.,** stemming from an incident occurring on or about **N/A** and is, or will be, filed in the **USDC-Eastern District of PA**, State of **Pennsylvania**, with claim or docket # **2:12-md-02323-AB; MDL No. 2323** or any other related actions which shall include, without limitation, any lawsuits or claims in which I am asserting my legal rights, whether it is against the defendant(s) named in the lawsuit, or others, and shall include any claims based upon my original claim or lawsuit (hereinafter collectively referred to as the "Lawsuit").

## SECTION 2
## FUNDING AND REPAYMENT TERMS

2.1   Consideration.  In consideration for the receipt of the sum of **TWENTY THOUSAND AND 00/100 DOLLARS ($20,000.00)** from ALF, I am selling and assigning to ALF all my right title and interest in, to and under an interest equal to the Purchase Price (as defined in Section 1.2 above), together with the accrued use fee (as that term is defined in Section 2.2), compounded monthly, and other fees or costs, from the proceeds of my Lawsuit to ALF. **IF I DO NOT RECOVER ANY PROCEEDS FROM MY LAWSUIT, I WILL NOT BE OBLIGATED UNDER THIS AGREEMENT TO REPAY ATLAS LEGAL FUNDING THE AMOUNTS ADVANCED INCLUDING THE ACCRUED USE FEE, COMPOUNDED MONTHLY AND OTHER FEES OR COSTS EXCEPT AS SET FORTH IN SECTION 6 BELOW.**

2.2   Use Fee.  The use fee shall be a charge in an amount equal to **2.75%** compounded monthly on the Purchase Price which is **$21,000.00**. I will pay this use fee on the outstanding amount until I satisfy my obligation(s) under this agreement.

(CLIENT INITIALS)

## ATLAS LEGAL FUNDING II, L.P.
700 Plaza Drive, Secaucus, NJ 07094
(Phone) 201-293-4462     (Fax) 201-293-4470

2.3     Repayment Schedule.  ALF has calculated the total dollar amount to be repaid by you, for thirty-six months, including all fees with monthly compounding.

| Date of Payment | Amount Due |
| --- | --- |
| On or before 4/15/2015 | $24,712.14 |
| After 4/15/2015 and on or before 10/15/2015 | $29,080.46 |
| After 10/15/2015 and on or before 4/15/2016 | $34,220.96 |
| After 4/15/2016 and on or before 10/15/2016 | $40,270.15 |
| After 10/15/2016 and on or before 4/15/2017 | $47,388.64 |
| After 4/15/2017 and on or before 10/15/2017 | $55,765.45** |

** Please contact ALF after this date for the current amount due..

2.4     Proceeds.  The term "proceeds" shall include any money paid as a consequence of the Lawsuit.  If the proceeds received are insufficient to pay the full amount due to ALF, then ALF's recovery will be limited to the proceeds of the lawsuit settlement, judgment or otherwise.

2.5     Distribution.  I hereby direct the Principal Amount Advanced to me to be distributed as follows:

$20,000.00     payable to ████████████████████

In addition to all amounts disbursed to Client or on Client's behalf, the Purchase Price includes an Application Fee of $1,000.00.  I understand that the Application Fee is part of my obligation to ALF despite not being distributed to me.

2.6     Waiver.  I hereby waive any defense to payment of the sums due hereunder and represent and warrant that I will not seek to avoid payment of any money due to ALF under this Agreement.

2.7     Understandings.  I understand that the payment instructions set forth herein and in the Irrevocable Client Directive, incorporated by reference, are irrevocable, not subject to modification except by ALF or any successor in interest and only by written notice.  In the event of a conflict between the terms of this Agreement and the Irrevocable Client Directive, this Agreement shall govern.

2.8     Compliance.  I agree, if requested by Atlas Legal Funding, to fully cooperate and adjust for clerical errors on any or all Funding Documents if deemed necessary or desirable in the reasonable discretion of Atlas Legal Funding to enable Atlas Legal Funding to sell, convey, seek guaranty or market said advance to any entity.  Additionally, I agree that if a Funding Document is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the Non-Recourse cash advances or Litigation Funding, or otherwise contains any errors or omissions, the undersigned shall upon request, within five (5) business days from the date of mailing said requests by Atlas Legal Funding, execute, acknowledge, initial, and deliver to Atlas Legal Funding any documentation Atlas Legal Funding deems necessary to replace or correct the lost, misplaced, misstated, inaccurate or otherwise missing Funding Document.  If the undersigned fails or refuses to execute, acknowledge, initial, and/or deliver a Funding Document to Atlas Legal Funding within time frame specified herein after being requested to do so by Atlas Legal Funding, the undersigned agrees to indemnify Atlas Legal Funding for any and all loss or damage which Atlas Legal Funding sustains by reason of the undersigned's failure or refusal to cooperate, including but not limited to attorney's fees and costs incurred by Atlas Legal Funding.  The undersigned also understands and acknowledges that Atlas Legal Funding may in its discretion pursue equitable relief against the undersigned for the undersigned's failure to cooperate or comply with the terms of this agreement, and Atlas Legal Funding may recover from the undersigned its costs, including reasonable attorney's fees, incurred in doing so.

(CLIENT INITIALS)

# ATLAS LEGAL FUNDING II, L.P.
700 Plaza Drive, Secaucus, NJ 07094
(Phone) 201-293-4462     (Fax) 201-293-4470

## SECTION 3
## SECURITY INTEREST

3.1     Security Interest.  I hereby grant ALF a Lien and Security Interest in the proceeds of the Lawsuit.  The amount due shall be withheld from any proceeds obtained as a result of the Lawsuit and after my attorney fees (including the expenses charged by my attorney for costs) and payment of only those liens that have priority by law, paid immediately upon collection to ALF.  I will not receive any money from the proceeds of the Lawsuit until ALF has been paid in full.  This shall also apply to any structured settlement of my Lawsuit.  I acknowledge that my receipt or use of any proceeds prior to the full re-payment to ALF shall constitute an illegal conversion and may well be a crime.

3.2     Independent Obligation.  In the event that the sale and assignment of my interest in the proceeds of the Lawsuit are not permitted by law, then I agree to pay ALF all of the funds due under this Agreement immediately upon the payment of the Lawsuit proceeds as a separate and independent obligation.

3.3     Knowledge.  I hereby agree that I will not knowingly create additional liens against the proceeds without satisfaction of my lien with ALF or the prior written consent of ALF.  I specifically promise not to create any liens against the proceeds of the case as a result of any fundings or advances that I might receive after the date of this agreement similar in nature to ALF.

3.4     Understandings.  I understand that I am not assigning my cause of action to ALF, but rather the contingent right to an amount of the potential proceeds of my Lawsuit

3.5     Attorney's Fees.  If any action or other proceeding is brought for enforcement of this Agreement or because of an alleged dispute, breach, default, or misrepresentation in connection with this Agreement, the prevailing Party shall be entitled to attorney's fees and other costs incurred in that action or proceeding, whether or not a lawsuit is filed, in addition to any other relief to which it or they may be entitled.

3.6     **CLIENT'S RIGHT TO MAKE DECISIONS.  ALF SHALL HAVE NO RIGHT TO AND WILL NOT MAKE ANY DECISIONS WITH RESPECT TO THE CONDUCT OF THE UNDERLYING CIVIL ACTION OR CLAIM OR ANY SETTLEMENT OR RESOLUTION THEREOF AND THAT THE RIGHT TO MAKE THOSE DECISIONS REMAINS SOLELY WITH CLIENT AND CLIENT'S ATTORNEY IN THE CIVIL ACTION OR CLAIM.**

## SECTION 4
## RIGHT OF CANCELLATION

4.1     **CLIENT'S RIGHT TO CANCELLATION.  CLIENT MAY CANCEL THIS CONTRACT WITHOUT PENALTY OR FURTHER OBLIGATION WITHIN FIVE (5) BUSINESS DAYS OF RECEIPT OF FUNDING FROM ALF.**

4.2     Cancellation.  In order for the cancellation to be effective, I understand that I must notify ALF in writing and return the exact amount advanced to me by ALF.  I may do this by making personal delivery or via mail by insured, registered or certified US mail postmarked within **FIVE (5) BUSINESS DAYS** of receipt of funds from ALF to ALF's principal place of business listed above: (A) the undeposited (or un-cashed) check provided to me by ALF; (B) a Certified or Bank check in the exact amount advanced to me by ALF; or (C) a Money Order in the exact amount advanced to me by ALF.

## SECTION 5
## CREDIT AND INFORMATION RELEASE

5.1     ALF may obtain a consumer credit report and/or other financial and credit information as part of the proposed transaction.

5.2     I hereby authorize any credit reporting agency, information service bureau, institution, attorney, or insurance company contacted by ALF or its agents, to furnish a credit report, other financial, credit or legal information, information concerning liens and judgments against me and other information requested as part of the proposed transaction until I have completely satisfied my obligations under the agreement.

5.3     I understand that this authorization is valid for purposes of verifying information given pursuant to business negotiations, or any other lawful purpose covered under the Fair Credit Reporting Act (FCRA).  Upon written request, ALF will provide credit reports they obtained, if any, and, if so, the name and address of the credit reporting agency that provided it.  I certify

(CLIENT INITIALS)

## ATLAS LEGAL FUNDING II, L.P.
700 Plaza Drive, Secaucus, NJ 07094
(Phone) 201-293-4462    (Fax) 201-293-4470

the information provided to Atlas Legal Funding in the application and underwriting process is true, accurate and complete. I also authorize Atlas Legal Funding to report this transaction and matters related to it to any of the above entities.

5.4     Additionally, I direct and authorize my attorney and any subsequent attorney(s) to cooperate and  release to Atlas Legal Funding, or its affiliates any and all information and documents pertaining to my current legal claim or lawsuit, including pleadings, discovery, investigation, contracts, medical records/reports, depositions, and all other information in the file not protected by the attorney-client privilege, the work product doctrine, or other applicable evidentiary privileges or protections.

## SECTION 6
## ACCURACY OF INFORMATION

6.1     <u>Representations and Warranties of Client.</u>  If I made a material misstatement, misrepresentation or omission of material fact in my application or in connection with my Lawsuit, or committed a fraudulent or criminal act either in connection with the transaction, or in a matter that would adversely and significantly impact my Lawsuit (unless disclosed to ALF prior to funding) then I will be liable to ALF for all sums advanced, together with outstanding fees and charges without regard to the outcome of my Lawsuit.

6.2     <u>Additional Representations and Warranties of Client.</u>  I represent and warrant as follows:

   6.2.1     I have full power and authority to enter into this Agreement and do not require the consent of any third party, except as shall be required by law, rule or regulation. I have not entered into this Agreement for the purpose of evading creditors. I am of sound mind and not acting under duress.

   6.2.2     I am not indebted to any present or former spouse for support, maintenance or similar obligations, nor am I indebted to any child, or the guardian of any child, for any child support or similar payments and the proceeds of the Lawsuit are not subject to any lien by any governmental agency to which payment for such benefits would be owed.

   6.2.3     I have paid all Federal, state and local taxes due through and including the date hereof or have made adequate provisions for such payments.

   6.2.4     **Other than those listed in Section 8.10**, there are no pending bankruptcies, outstanding or unsatisfied judgments, or other judgments, levies, claims or liens (including, but not limited to, such liens for Medicare, Medicaid, Welfare, State Aid, State health, etc.) and that there are no pending criminal allegation(s) or charge(s) against me **except as disclosed below.**

   **Other Liens:**_____     **Pending Criminal Allegations:**_____

   6.2.5     The Statements in this Agreement and any and all other documents executed and delivered in connection herewith are true, accurate and complete as of the date hereof and I have made no material omissions or misrepresentations in this Agreement or the documents executed and delivered in connection herewith and that neither this agreement nor the documents executed and delivered in connection herewith and made a part hereof contain any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements herein and therein incomplete or materially misleading.

   6.2.6     I have not relied on representations or statements made by ALF, its agents or attorneys, and I have sought and received independent tax, financial and legal advice with this transaction.

   6.2.7     I intend this transaction to be and agree that this transaction is a purchase and sale.

## SECTION 7
## NOTIFICATIONS

7.1     <u>Change of Address/Contact Numbers.</u>  I will receive any notices required at the address I have first listed above. My contact number is ████████████ and my alternative contact number is ████████████ My E-mail address is ████████████ If I move or my contact information changes, I will notify ALF and provide my new contact information in writing within **forty-eight (48) hours of the change.**

████████                                                       **(CLIENT INITIALS)**

## ATLAS LEGAL FUNDING II, L.P.
700 Plaza Drive, Secaucus, NJ 07094
(Phone) 201-293-4462    (Fax) 201-293-4470

8.8    Champerty.  Certain jurisdictions prohibit "Champerty".  Champerty makes it illegal to acquire someone else's right to sue.  I understand and acknowledge that ALF is **NOT** acquiring my right to sue, that I have started or intend to file a lawsuit that a lawsuit or potential lawsuit absolutely belongs to me and no one else and that ALF will NOT be involved in decisions made by me and my attorney regarding a lawsuit or potential lawsuit.  This is an investment and not a loan, but should a court of competent jurisdiction construe it to be the latter, I agree that interest shall accrue at the maximum rate permitted by the state.

8.9    Counterparts.  This Agreement may be executed in separate counterparts.  A signature transmitted by Facsimile shall be effective with the same force and effect as an original signature.

8.10    **Prior Fundings Disclosure.**  Any and all prior receipt of funds of a similar nature are disclosed below, you **must** check the appropriate box:

➡    [X]  I have **NOT** received any funds of a similar nature to that of Atlas Legal Funding prior to receiving funds from Atlas Legal Funding.

**OR**

➡    [ ]  I have received funds of a similar nature to that of Atlas Legal Funding prior to receiving funds from Atlas Legal Funding as listed below.

Company(s): _____  Date of Funding(s): _____  Amount(s): _____

I hereby accept the terms and conditions of this Agreement, and grant ALF a Security Interest and Lien as per the terms hereof, and assign the proceeds of my lawsuit to the extent specified in this Agreement as of the date first above written.

**I AM AWARE THAT I MAY NOT ACCEPT ANY FUNDS OR ADVANCES AGAINST MY LAWSUIT FROM ANY OTHER FUNDING COMPANY UNLESS I FIRST REPAY ALF IN FULL, AND SATISFY THE LIEN AND SECURITY INTEREST UNLESS PERMISSION TO DO SO IS GRANTED IN WRITING BY ALF.**

**I UNDERSTAND THAT NO FUNDS FROM MY PORTION OF THE SETTLEMENT, COLLECTION, JUDGMENT, COMPROMISE OR ANY OTHER COLLECTION RESULTING FROM THIS CASE WILL BE DISBURSED TO ME WITHOUT FIRST SATISFYING ATLAS LEGAL FUNDING'S LIEN.**

**DO NOT SIGN THIS AGREEMENT BEFORE YOU HAVE READ IT COMPLETELY OR IF IT CONTAINS ANY BLANK SPACES.  YOU ARE ENTITLED TO A COMPLETELY EXECUTED COPY OF THIS CONTRACT.  BEFORE YOU SIGN THIS CONTRACT YOU SHOULD OBTAIN THE ADVICE OF AN ATTORNEY.**

_____  _____  _____  _____
Client Signature      Client Name           Date of Birth          Social Security Number

_____  _____
Client Signature      Client Name

State of Washington  County of Grays Harbor ) s.s.

On this 5th day of October, 2014 before me personally came _____, (each) known to me, and known to me by the individual(s) described in and who executed the within document and duly acknowledged to me that he/she executed the same.

Notary Public
State of Washington
JUNE ANN BONGIRNO
MY COMMISSION EXPIRES
September 23, 2015

_____
Notary Public

7 of 10

(CLIENT INITIALS)

# ATLAS LEGAL FUNDING II, L.P.

700 Plaza Drive, Secaucus, NJ 07094
(Phone) 201-293-4462    (Fax) 201-293-4470

### IRREVOCABLE CLIENT DIRECTIVE

Date:        **10/15/2014**
Name:       **Hausfeld, LLP**
Attn:         **Richard Lewis, Esq.**
Address:    **1700 K Street, NW, Suite 650**
City, State, Zip:  **Washington, DC, 20006**

RE:    Irrevocable Client Directive:
       Matter Name:                 **v. National Football League & NFL Properties, LLC, et al.**
       Docket/Index No.:      **2:12-md-02323-AB; MDL No. 2323**

Dear **Mr. Lewis, Esq.**:

This letter along with copies of the executed Funding Agreement, confirm that ▮▮▮▮▮▮▮ (hereinafter referred to as "I" or "Client") am irrevocably granting a lien and security interest in the proceeds from any settlement of my pending case (as described therein) to "Atlas Legal Funding II, L.P." (hereinafter referred to as "ALF" or "Atlas Legal Funding"). **By executing this letter I hereby instruct you as my attorney to act in accordance with the terms and conditions contained in this Irrevocable Client Directive:**

1.  In order to satisfy my obligations to ALF, I instruct you upon receipt of the settlement check and/or settlement proceeds, to deposit same (whether payable to me individually, or to me jointly with your law firm) into your escrow/attorney trust account immediately.

2.  Before disbursing any settlement or judgment proceeds from my claim, please have your office contact ALF at 1-201-293-4462 to confirm the amount due under the terms of my Funding Agreement. **PLEASE BE ADVISED THAT YOU MAY NOT DISBURSE ANY FUNDS FROM MY PORTION OF THE SETTLEMENT, COLLECTION, JUDGMENT, COMPROMISE OR ANY OTHER COLLECTION RESULTING FROM THIS CASE WITHOUT FIRST SATISFYING ATLAS LEGAL FUNDING'S LIEN.**

3.  Upon disbursing any settlement or judgment proceeds from my claim, before any proceeds are distributed to me, please deduct and forward all amounts payable to ALF via mail to: **Atlas Legal Funding II, L.P., 700 Plaza Drive, Secaucus, NJ 07094.**

4.  Upon request, disclose to ALF the gross settlement amount from my claim (for ALF internal purposes only).

5.  Promptly notify ALF if there are any other assignments or liens (of any kind whatsoever) on this claim now or in the future including without limitation federal, state or local tax liens, liens for child support, bankruptcy, outstanding or unsatisfied judgments, or other judgments, levies, claims or liens (including but not limited to such things as Medicare, Medicaid, Welfare, State Aid, State health, etc.)

6.  If in the future, you are no longer representing me in this claim, promptly notify ATLAS LEGAL FUNDING within **forty-eight (48) hours.**

7.  Cooperate with ATLAS LEGAL FUNDING by providing, upon request, any information regarding my claim (including periodic updates) and the defendant(s) to ATLAS LEGAL FUNDING that does not violate the attorney/client privilege.

Very truly yours,

▮▮▮▮▮▮▮▮▮        ▮▮▮▮▮▮▮▮
_Client Signature_          _Client Name_

▮▮▮▮▮▮▮▮▮        ▮▮▮▮▮▮▮▮▮▮▮
_Client Signature_          _Client Name_

State of Washington    County of Grays Harbor   ) s.s.

On the 15th day of Oct 20 14, before me personally came ▮▮▮▮▮▮▮▮▮ (each) known to me, and known to me to be the individual(s) described in and who executed the within document and duly acknowledged to me that he/she executed the same.

┌─────────────────────────────┐
│ **Notary Public** │
│ **State of Washington** │
│ JUNE ANN BONGIRNO │
│ MY COMMISSION EXPIRES │
│ September 23, 2015 │
└─────────────────────────────┘

_Jane Bongirno_
Notary Public

8 of 10

▮▮▮▮▮▮▮▮ (CLIENT INITIALS)

# ATLAS LEGAL FUNDING II, L.P.

700 Plaza Drive, Secaucus, NJ 07094
(Phone) 201-293-4462   (Fax) 201-293-4470

## ATTORNEY ACKNOWLEDGMENT

As an attorney for ▮▮▮▮▮▮▮▮ with **Hausfeld, LLP** ("the Firm"), I acknowledge receipt of the Irrevocable Client Directive, individually and as an authorized representative of the Firm. I understand that this Irrevocable Client Directive is a material part of the Funding Agreement dated **10/15/2014** entered into between Atlas Legal Funding II, L.P. (hereinafter referred to as "ALF" or "Atlas Legal Funding") having its principal place of business at 700 Plaza Drive, Secaucus, New Jersey 07094 and ▮▮▮▮▮▮▮ residing at ▮▮▮▮▮▮▮▮▮ (hereinafter referred to as "Client"; together with ALF, the "Parties") and I will comply with the conditions contained therein. To give further assurances to Atlas Legal Funding, I make the following representations on behalf of the Firm and myself:

1. I acknowledge that I have reviewed the Funding Agreement and all costs and fees.
2. I acknowledge that the Firm is being paid with respect to this matter on a contingency fee basis per a written fee agreement.
3. I acknowledge that all proceeds from this matter will be disbursed via the Firm's trust account or a settlement fund established to receive the proceeds from this matter from the defendant on behalf of the Client.
4. I acknowledge that my Client ▮▮▮▮▮▮▮▮ granted Atlas Legal Funding a lien and security interest against the proceeds of his/her/their case as a consequence of executing the Funding Agreement with Atlas Legal Funding.
5. I acknowledge that pursuant to the Funding Agreement, my Client has sold and assigned a portion of their proceeds to Atlas Legal Funding.
6. I acknowledge that I will follow all the terms and conditions contained in the Irrevocable Client Directive and will honor the terms of your Funding Agreement.
7. I am not aware of any other lien(s) attached to this case that are the result of a funding similar in nature to that of Atlas Legal Funding.
8. I acknowledge that the Funding Agreement prohibits my Client from creating or obtaining any other liens resulting from a funding similar in nature to that of Atlas Legal Funding unless Atlas Legal Funding's lien is satisfied in full.
9. I have not provided a letter of protection to a third party except as follows:
   a. _____
   b. _____
   c. _____
10. **Prior to making any distribution to my Client from the settlement** check, and/or settlement proceeds, I will contact Atlas Legal Funding to ascertain the total amount due to Atlas Legal Funding and will not remit any funds or a **portion** thereof to my Client or on my Client's behalf, other than attorney's fees and costs, until Atlas Legal Funding's lien is satisfied in full.
11. I understand that making a check or accompanying letter to the effect of a release of claim or "in full satisfaction", absent a written confirmation that ALF will accept a lesser sum, will not have a legal effect and that you are authorized to deposit said check without prejudice to your rights to collect payment in full.
12. ▮▮▮▮▮▮▮ case is still pending, in active status, and is part of In Re: National Football League Players Concussion Injury Litigation Class Action.
13. I represent that this case is being vigorously defended as to both liability and damages and make no guarantee that my client will be successful or will recover sufficiently to satisfy ALF's lien in whole or in part.
14. If in the future, I am no longer representing Client in this claim, I shall promptly notify ATLAS LEGAL FUNDING within **forty-eight (48) hours.**

I acknowledge I am the attorney of record in the case captioned ▮▮▮▮ v. **National Football League & NFL Properties** LLC, et al., with claim or docket number: **2:12-md-02323-AB; MDL No. 2323.** I further certify that I have received a copy of and reviewed the Funding Agreement prepared in connection with the case and explained the material terms to my client.    ~~RSL~~ RSL 10/16/14 /OK

**ATTORNEY SIGNATURE:** *Richard S Lewis*          **DATE:** 10/16/14

**PRINT ATTORNEY NAME:** Richard S. Lewis

(CLIENT INITIALS)

# ATLAS LEGAL FUNDING II, L.P.
700 Plaza Drive, Secaucus, NJ 07094
(Phone) 201-293-4462    (Fax) 201-293-4470

## DISTRIBUTION FORM & SURVEY

Client Name(s):        ███████████
Matter Caption:        █████████ v. National Football League & NFL Properties, LLC, et al.
Docket Number(s):      **2:12-md-02323-AB; MDL No. 2323**

Indicate below the delivery method of funds by **checking the appropriate box** and filling in the information requested.

☐ **CHECK**: (please check one box)
I would like my funds delivered:

**OR**

☐ **Express Delivery Service**: Requires a signature and a physical address, NOT a P.O. Box. The undersigned agrees to pay a **delivery fee of $45.00**, which will be deducted from the Client's advance proceeds. **No Weekend Delivery**.

☐ **U.S. Postal Mail** (FREE);

DELIVER CHECK TO ADDRESS: (complete information below)

_____
Street Address                    City                    State            Zip Code

PHONE NUMBER: _____    ATTENTION: _____

☐ **WIRE:**
I would like my proceeds wired to my Account or Attorney's Trust Account. In selecting this option, the undersigned agrees to the **wiring fees of $45.00**, which will be deducted from the Client's advance proceeds. Requests for wires must be completed by 2:00 pm EST to be executed the same day. (Atlas Legal Funding II, L.P. is not responsible for the length of time your financial institution takes to process the wire)
Please provide the following information **AND A COPY OF A VOIDED CHECK**:

BANK NAME: _____
BANK CITY & STATE: _____
BANK ABA OR ROUTING # (9 DIGITS): _____
NAME(S) ON ACCOUNT: _____
ADDRESS ON ACCOUNT: _____
ACCOUNT NUMBER: _____
ACCOUNT TYPE: _____
SPECIAL INSTRUCTIONS: _____

**Survey**. Please take a moment to write a short statement telling us how we have helped you in your time of need.

_____
_____

By signing below, I agree to the terms of the Distribution Form and understand that I am responsible for the information that I have provided on this form and that Atlas Legal Funding is not responsible for any problems in delivery or transfer of funds, so long as it follows my instructions.

███████████                    10/15/2014              ███████████
Client Signature                    Date                    Client Name

███████████                                            ███████████
Client Signature                                        Client Name

**10 of 10**

███████  (CLIENT INITIALS)

15/01 2015   11:22 3805330573                          ARO                                    #7410 P.001/001
                                                                            Page 1 of 10 01/14/2015 11:02

 **LawCash**

## FACSIMILE TRANSMISSION

| To: | Jim Mitchell | From: | Funding Department x456 |
| Fax: | (202) 540-7201 | Pages: | 10 pages (including cover sheet) |
| Phone: | (202) 540-7200 | Date: | January 13, 2015 |
| Re: | ███████████ | CC: | |

Dear Sir/Madame:

Please find the following documents for execution by both you and your client.

- Survey (1 pg) - must be filled out by client
- Declaration (1 pg) - requires client's signature and notarization
- Irrevocable Letter of Instruction (1 pg) - requires client's signature and notarization
- Attorney Acknowledgement (1 pg) - requires attorney's signature
- Funding Agreement (5 pgs)
    - Pages 1 - 4 requires client's initials in bottom right corner
    - Page 5 requires client's signature and must be notarized
- PROOF OF IDENTIFICATION (i.e. driver's license, passport, etc.) - WE WILL NOT DISBURSE FUNDS UNTIL WE RECEIVE PROOF OF IDENTIFICATION.

Kindly review and execute the attached documents. Please note that **ALL** outlined items must be executed and returned to our office via fax at 718-875-0608 or email at funding@plaintiffservicing.com.

LAWCASH SHALL NOT BE BOUND BY THIS AGREEMENT UNTIL IT IS FULLY EXECUTED TOGETHER WITH ALL ATTORNEY DOCUMENTS AND MAY CANCEL THIS TRANSACTION WITHOUT LIABILITY AT ANY TIME PRIOR TO THE RELEASE OF FUNDS.

YOUR CLIENT IS SCHEDULED TO RECEIVE FUNDS AS FOLLOWS:

☒ Via DEBIT CARD - we must receive fully executed documents before 2:00 pm (EST) to be overnighted and the debit card will be sent directly to your client unless otherwise indicated.

Thank you for your cooperation. Should you have any questions, please feel free to contact me at (800) 529-2274.

| LAWCASH | ONE-HOUR FUNDING | ESQUIRE CAPITAL | ALFA |
|---|---|---|---|
| For all your litigation finance needs<br>• Non-recourse cash advances to plaintiffs and attorneys in pending cases | Settled case funding<br>- immediate advances of settlements and legal fees once a case settles | Banking services for attorneys and law firms, including:<br>- Case cost / disbursement funding<br>• Attorney lines of credit<br>- Law Firm lines of credit<br>- Structuring of attorney's fees | <br>American Legal Finance Association Founding Member |

www.lawcash.net   |   26 Court Street, Suite 1104   |   Brooklyn, New York 11242   |   PHONE 1-800-LAW-CASH, 1-800-529-2274   |   FAX (718) 875-0608
Offices Nationwide

15/01 2015   11:37 3605330573                    ARU                     #1420 P. 001/001
From: Any LawSuits    Fax: (888) 281-4335        To:      Fax: +1 (360) 533-0573    Page 6 of 10 01/14/2015 11:02

## PLAINTIFF FUNDING HOLDING INC. FUNDING AGREEMENT

This Funding Agreement, made as of January 13, 2015, is between ▮▮▮▮▮▮▮▮▮ residing at ▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮ (hereinafter referred to as "I"), and Plaintiff Funding Holding Inc. having its principal place of business at 26
Court Street, 11th Floor, Brooklyn, New York 11242-0000 (hereinafter referred to as "LAWCASH").

### RECITALS

A.  I am currently engaged in a pending legal claim and/or lawsuit as a result of injuries arising out of a personal injury claim
    defined as ▮▮▮▮▮▮▮▮▮▮▮ for the incident that occurred on or about 12/23/2009, or any other related actions,  (hereinafter
    referred to as "Lawsuit") or any other related action which shall include, without limitation, any lawsuits or claims in which I
    am asserting my right to recovery for my injury, whether it is against the defendants named in the lawsuits, or others, and
    shall include any claims I may or will have for the handling of my original claim or lawsuit.

B.  I have been advised by LAWCASH to discuss this matter with my attorney and/or such other legal counsel of my own
    choosing prior to signing this Agreement and that I have either received such counsel or expressly waived it.

C.  You have advised me to assess all of my alternatives to funding my immediate economic needs prior to accepting this
    funding. Because LAWCASH is taking a high risk in giving me this funding, I understand that LAWCASH may make a large
    profit. However, LAWCASH will be paid only from the proceeds of the Lawsuit, and agrees not to seek money from me
    directly in the event that the Lawsuit is not successful. I will use the proceeds advanced to me for my life needs only.

D.  This Funding Agreement and all of its principal terms have been fully explained to me, and all questions that I might have
    about this transaction have been fully explained to me in English or such other language that I speak best.

E.  I represent that there are no pending tax claims nor are there any pending criminal allegation(s) or charge(s) against me.

### SECTION 1. FULL DISCLOSURE

| | |
|---|---|
| Total to be advanced to me under THIS agreement: | $34,712.14 |
| Additional amount advanced to offset debit card fees: | $50.00 |
| Total to be advanced to me under ALL agreements: | $34,762.14 |
| Case Monitoring Fee (total of all fundings): | $100.00 |
| Application Fee (total of all fundings): | $250.00  * |
| Application Fee Credit (total of all fundings): | -$100.00 |

Total amount to be repaid by me under ALL agreements:

| Date of Payment to LAWCASH | Amount Due |
|---|---|
| If payment is made on 07/12/2015 | $42,463.22 |
| If payment is made on 01/12/2016 | $51,662.45 |
| If payment is made on 07/12/2016 | $62,722.85 |
| If payment is made on 01/12/2017 ** | $76,311.13 |

\*    Other fees may apply as per agreement but are not anticipated at the time of funding.

\*\*   This chart includes example dates only. Dates in-between and after those shown may reflect other pay-off amounts.   Always contact LAWCASH
     for your exact pay-off amount.

Page 1 (225571)

Client's Initials_____

15/01 2015  11:27 3605330573                    ARU                           #7415 P.001/001

m: Any LawSuits      Fax: (888) 281-4335        To:        Fax: +1 (360- 533-0573        Page 2 of 100 11111211111

**LawCash** would like to know how we can serve you best.

Please take a moment to write a short paragraph telling us how we have helped you in your time of need and what
we can do to improve our services.

Print Name: ████████████

Applicant Signature                              Date

                                                                District of Columbia

████████

26 Court Street, Suite 1104  |  Brooklyn, New York 11242  |  PHONE 1-800-LAW-CASH, 1-800-529-2274  |  FAX (718) 875-0608
Offices Nationwide

15/01 2015  11:34 3805330573                     ARO                          #7413 P.001/001
From: Any LawSuits      Fax: (888) 261-4335         To:           Fax: +1 (360, 533-0573      Page 8 of 16 01/14/2015 11:02

LAWCASH all of the funds due under this Agreement immediately upon the payment of the Lawsuit proceeds as a separate and independent obligation.

3. I hereby agree that I will not knowingly create additional liens against the proceeds without the prior written consent of LAWCASH except those as may be necessary to the prosecution of the case. I specifically promise not to create any liens against the proceeds of the case as a result of any funding or loans that I might receive after the date of this agreement.

4. I understand that I am not assigning my cause of action (lawsuit) to you, but rather a portion of the proceeds of the Lawsuit.

5. I direct my attorney, and any future attorney representing me in the lawsuit, to honor this lien. If LAWCASH must engage the services of any attorney to collect the sum due, then I will be responsible for reasonable attorneys fees and costs for such. I agree that a fee equal to one-third of the money due LAWCASH is a reasonable fee for such purpose. If I am required to engage an attorney to defend myself against an improper claim by LAWCASH, then the prevailing party shall be entitled to reasonable attorneys fees in an amount equal to one-third of the money that LAWCASH has wrongfully claimed.

6. LAWCASH SHALL HAVE NO RIGHT TO AND WILL NOT MAKE ANY DECISIONS WITH RESPECT TO THE CONDUCT OF THE UNDERLYING CIVIL ACTION OR CLAIM OR ANY SETTLEMENT OR RESOLUTION THEREOF AND THAT THE RIGHT TO MAKE THOSE DECISIONS REMAINS SOLELY WITH ME AND MY ATTORNEY IN THE CIVIL ACTION OR CLAIM.

7. Law Cash may, in its sole discretion, file a Uniform Commercial Code Form 1 (UCC-1) instrument in whatever jurisdiction it chooses, and notice any party it may choose, of its Security Interest and Lien and is appointed attorney in-fact solely for such purposes.

## SECTION 4. RIGHT OF CANCELLATION

CONSUMER'S RIGHT TO CANCELLATION: YOU MAY CANCEL THIS CONTRACT WITHOUT PENALTY OR FURTHER OBLIGATION WITHIN FIVE BUSINESS DAYS FROM THE DATE YOU RECEIVE FUNDING FROM LAWCASH. In order for the cancellation to be effective, I understand that I must return all money given to me by LAWCASH simultaneously with my rescission. I may do this by making personal delivery to LAWCASH's offices of: (a) the undeposited (or un-cashed) check that LAWCASH gave to me; (b) a Certified or Bank check in the exact amount that LAWCASH gave me; or (c) a Money Order in the exact amount that LAWCASH gave me. I may also mail by insured, registered or certified U.S. mail, postmarked within five (5) business days of receipt of funds from LAWCASH, a notice of cancellation together with LAWCASH's un-cashed check, or a certified or registered check or money order for the full amount of the disbursed funds.

## SECTION 5. ACCURACY OF INFORMATION

If LAWCASH should become aware that you made a material misstatement in your application or in connection with your lawsuit, or committed a fraudulent or criminal act either in connection with this transaction, or in a matter that would adversely and significantly impact on your lawsuit (unless disclosed to us prior to funding), then you will be liable to LAWCASH for all sums advanced, together with outstanding fees and charges without regard to the outcome of your Lawsuit. In the case of multiple fundings, should LAWCASH become aware of any of the foregoing between fundings, LAWCASH may, additionally, at its sole and exclusive option, discontinue any future funding.

## SECTION 6. NOTIFICATIONS

1. I understand that should I decide not to pursue my case I will notify LAWCASH within FIVE (5) BUSINESS DAYS of that decision.

2. I have instructed my attorney to cooperate with you and to give you periodic updates of the status of my case as you request. If I change attorneys I will notify you within 48 hours of the change, and provide you with the name, address and phone number of my new attorney. If I choose to drop my case, I will contact LAWCASH within 5 business days.

3. I will receive any notices required at the address I have first listed above. If I move, I will notify you within 72 hours of my new address.

## SECTION 7. MISCELLANEOUS

Page 3 (225571)                                                              Client's Initials ____

om: Any LawSuits         Fax (888) 281-4335              To:              Fax: +1 (360) 533-0573

1. This Agreement constitutes the entire agreement between the parties and there are no representations, warranties, covenants or obligations except as set forth herein. This Agreement supercedes all prior and contemporaneous agreements, understandings, negotiations, or discussions, written or oral, of the parties hereto, relating to any transaction contemplated by the agreement, however, this Agreement does not supersede any previously execute funding agreements between the parties. This Agreement shall be binding on, and inure to the benefit of, the parties hereto and their successors and assigns.

2. In the event that there is a dispute as to the amount owed at the time that the Lawsuit is resolved, it is expressly understood that my attorney shall not disburse any funds to me, or on my behalf, except for attorney's fees and/or actual disbursements incurred by my attorney in connection with the prosecution of the Lawsuit. I hereby make the foregoing an irrevocable direction to my attorney, or his successors.

3. If any provision of this Agreement shall be deemed invalid or unenforceable, it shall not affect the validity or enforceability of any other provision hereof. This written agreement represents the entire agreement between the parties. It may only be modified in writing. This Agreement takes precedence over any prior understandings, representations or agreements.

4. Certain jurisdictions prohibit "Champerty". Basically, champerty makes it illegal for an individual or company to acquire someone else's right to sue. In entering into this agreement, the parties acknowledge that LAWCASH is in no way acquiring my right to sue; that I have already started the Lawsuit, that the Lawsuit absolutely belongs to me and no one else; and that LAWCASH will in no way be involved in the decisions that me and my attorney(s) make in connection with the Lawsuit. This is an investment and not a loan, but should a Court of competent jurisdiction construe it to be the latter, then I agree that interest shall accrue at the maximum rate permitted by law.

5. I agree that any disputes that may arise out of this Agreement shall be adjudicated in either the Supreme Court, or the Civil Court in the County of Kings. This agreement will be construed in accordance with the laws of the State of New York. I understand that in the event that you do not receive payment as required by this Agreement and that you need to take action to pursue such payment, you may collect, in addition to the amount due and owing, reasonable attorneys fees and costs in enforcing your efforts. I agree that an amount equal to one third (33 1/3%) of the amount due and owing is a reasonable attorney's fee. Notwithstanding the foregoing, the prevailing party in any legal action shall be entitled to reasonable attorney's fees and costs, and that one-third (33⅓%) of the sum at issue is a reasonable attorney's fee.

6. This Agreement may be executed in separate counterparts. A signature transmitted by FAX shall be effective with the same force and affect as an original signature.

7. Notwithstanding any other provision of this contract, at the sole and exclusive option of LAWCASH, any controversy or claim arising out of or relating to this contract, including without limitation the interpretation, validity, enforceability or breach thereof, shall be settled by final, binding arbitration administered by the American Arbitration Association (hereinafter referred to as "AAA") in accordance with its Commercial Arbitration Rules, and judgment on the award rendered by the arbitrator may be entered in any court having jurisdiction thereof. The arbitrator shall be a practicing attorney or a retired judge licensed to practice in the State of New York. The parties also agree that the AAA Optional Rules for Emergency Measures of Protection shall apply to the proceedings. The arbitrator shall award to the prevailing party, if any, as determined by the arbitrator, all of its costs and fees. "Costs and fees" mean all pre-award expenses of the arbitration, including the arbitrator's fees, administrative fees, travel expenses, out-of-pocket expenses such as copying and telephone, court costs, witness fees, and attorneys' fees. The award shall be in writing, shall be signed by the arbitrator, and shall include a statement regarding the reasons for the disposition of any claim. LAWCASH may exercise its sole and exclusive option to arbitrate at any time whatsoever, unless LAWCASH has commenced a litigation or interposed a counter claim in litigation that you have commenced. This option is not waived in the event that LAWCASH interposes an Answer in an action that you have commenced. I HEREBY EXPRESSLY WAIVE THE RIGHT TO CONSOLIDATE, OR TO HAVE HANDLED AS A CLASS ACTION. ANY PROCEEDINGS, CONTROVERSIES, ARBITRATIONS OR DISPUTES OF ANY NATURE WITH ANY PROCEEDINGS, CONTROVERSIES, ARBITRATIONS OR DISPUTES INVOLVING ANY PERSON OR ENTITY WHO IS NOT A PARTY TO THIS AGREEMENT.

(REMAINDER OF PAGE INTENTIONALLY LEFT BLANK)

Client's Initials ____

15/01 2015   11:32 3805330573                    ARO                          #7418 P.001/001
From: Any Lawsuits    Fax: (866) 261-4356         To:      Fax: +1 (360) 533-0573    Page 10of 10 01/14/2015 11:02

A copy of this contract will be sent to both me and my attorney.

I hereby accept LAWCASH's funding as per the terms of this agreement, grant LAWCASH a Security Interest and Lien as per the terms hereof, and assign the proceeds of my lawsuit to the extent specified in this agreement on the                    day of              , 2015.

DO NOT SIGN THIS CONTRACT BEFORE YOU HAVE READ IT COMPLETELY, OR IF IT CONTAINS ANY BLANK SPACES.   BEFORE YOU SIGN THIS CONTRACT YOU SHOULD OBTAIN THE ADVICE OF YOUR ATTORNEY.   YOU ARE ENTITLED TO A COMPLETELY FILLED IN COPY OF THIS CONTRACT.

State of Washington
County of                    ) ss.:
Grays Harbor
On the 14th day of January 2015          , 2015, before me personally came ▮▮▮▮▮▮ (each) known to me, and known to me to be the individual (s) described in and who executed the within document and duly acknowledged to me that s/he executed the same.

Debby Bartlett
NOTARY PUBLIC

DEBBY BAR▮▮▮
NOTARY PUB▮▮
STATE OF WASHIN▮▮▮
My Commission Expires July ▮

DE▮▮▮ ▮▮TLETT
NOTARY ▮UBIC
STATE OF WASHINGTON
My Commission ▮▮▮ ▮ ▮. 18, 2016

Page 5 (225571)

15/01 2015   11:30 3805330573                          ARO                                    #7417 P.001/001

m: Any LawSuits        Fax: (888) 281-4335        To:              Fax: +1 (360) 533-0573        Page 4 of 1 of 114/2015 11:02

# LawCash

January 13, 2015

Richard Lewis, Esq.
Hausfeld, LLP
1700 K Street, NW
Suite 650
Washington, District of Columbia 20006-

Re:   **Irrevocable Letter of Instruction**
Client:   ████████
Case:   ████████   for the incident that occurred on or about 12/23/2009, or any other related
actions

Dear Richard Lewis, Esq.:

This letter, along with copies of the Plaintiff Funding Agreement will confirm that I am irrevocably assigning an interest in the proceeds from any settlement of my pending case (as described above) to Plaintiff Funding Holding Inc. ("LAWCASH").

**I hereby instruct you and any future attorney representing me to honor and follow my irrevocable instructions to you listed below:**

1.  Before disbursement of any settlement or judgment proceeds from my claim, have your office contact LAWCASH at 1-800-529-2274 to confirm the amount due under the terms of my Plaintiff Funding Agreement. PLEASE BE ADVISED THAT YOU MAY NOT DISBURSE ANY FUNDS FROM MY PORTION OF THE SETTLEMENT, COLLECTION, JUDGEMENT, COMPROMISE, OR ANY OTHER COLLECTION RESULTING FROM THIS CASE WITHOUT FIRST SATISFYING LAWCASH'S LIEN.
2.  Upon disbursement of any settlement or judgment proceeds from my claim, deduct and forward all amounts payable to LAWCASH before any proceeds are distributed to me, via mail to:
    **Plaintiff Holding V, LLC**
    **PO Box 3027**
    **Hicksville, New York 11802-3027**
3.  Upon request from LAWCASH, disclose the gross settlement amount from my claim for internal purpose only.
4.  Promptly notify LAWCASH if there are any other assignments or liens on this claim now and in the future.
5.  If in the future you are no longer representing me in this claim, promptly notify LAWCASH within 48 hours.
6.  Cooperate with LAWCASH by providing, upon request, any information regarding my claim and the defendant(s) to LAWCASH that does not violate the attorney/client privilege.

Very truly yours,

████████
████████

State of Washington
County of Grays Harbor    } ss.:
On the 14th day of January 2015    , 2015, before me personally came ████████ (each) known to me, and known to me to be the individual (s) described in and who executed the within document and duly acknowledged to me that s/he executed the same.

Debby Bartlett
NOTARY PUBLIC

╔══════════════════════════════╗
║  DEBBY BARTLETT               ║
║  NOTARY PUBLIC                ║
║  STATE OF WASHINGTON          ║
║  My Commission Expires July 18, 2016 ║
╚══════════════════════════════╝

www.lawcash.net   |   26 Court Street, Suite 1126   |   Brooklyn, New York 11242   |   PHONE 1-800-LAW-CASH, 1-800-529-2274   |   FAX (212) 805-0608

15/01 2015   11:28 3605330573                    ARO                    #7416 P.001/001
From: Any LawSuits        Fax: (888) 381-4335        To:        Fax: +1 (360) 833-0573        Page 7 of 10 01/14/2015 11:02

## SECTION 2. FUNDING AND REPAYMENT TERMS

1.  In consideration for the receipt of the sum of thirty-four thousand seven hundred sixty-two and 14 / 100 dollars ($34,762.14) from LAWCASH, I am assigning an interest equal to the funded amount, together with accrued use fee, compounded monthly, and other fees or costs, from the proceeds of my lawsuit to LAWCASH. The monthly use fee shall be a charge in an amount equal to 3.25% monthly of the amount funded to me herein. This funded amount includes the Application Fee that I agreed to when first applying for this funding. **(Together, this makes my total funded amount $35,012.14.)** In the event that any funding is repaid with proceeds within the first 3 months, the pay-off amount will be computed as if it were repaid at the end of that period. The monthly use fee is charged from this date until the end of the 1 month interval during which payment of proceeds is made to LAWCASH. In the case of multiple fundings, then these fees shall accrue on each funded sum from the date of each individual funding. These amounts will be deducted from the proceeds of my lawsuit. If I do not recover any money from my lawsuit, I will not owe LAWCASH anything. If I recover money from my lawsuit, which is insufficient to pay the full amount due to LAWCASH, then LAWCASH's recovery will be limited to the proceeds of the lawsuit.

2.  I hereby direct said amount to be distributed as follows: $24,712.10 payable to Atlas Funding; $10,000.00 payable to ▆▆▆▆▆▆▆ $50.00 payable to ▆▆▆▆▆▆▆ to compensate for initial debit card fees.

3.  I understand and agree that any funds that you advance to me for the purpose of receiving any medical treatment of any kind, including but not limited to surgery, physical therapy or psychological treatments or therapy, shall be returned to you immediately in the event that I opt not to undergo such treatment for any reason whatsoever. Under these limited circumstances, I will remain indebted to you for the return of these funds, together with all appurtenant costs and fees regardless of the outcome of my Lawsuit.

4.  Before re-paying you, I instruct my attorney to verify the full payment balance owed. I understand that should my attorney, any payer   or I send you a check for less than the sum actually due in pay-off of my obligations, even if such check is marked in any way to indicate that it is in full satisfaction or in full release of your claim, and absent written acceptance of said lesser sum from you, I consent to your immediate deposit of such check though my fiduciary and I will remain liable for the balance still due and owing with such charges and fees as may accrue until you are paid in full.

5.  The term "proceeds" shall include any money paid as a consequence of the Lawsuit whether by settlement, judgment or otherwise.

6.  LAWCASH reserves the right, at its sole and absolute discretion, to decline any advances not yet made under this agreement. This shall not affect my obligations regarding any funds which actually were advanced, including but not limited to fees and charges.

7.  I hereby waive any defense to payment of the sums due and promise not to seek to avoid payment of any money due to LAWCASH under this Agreement.

8.  I will instruct my attorney to mail all payments to:

    **Plaintiff Holding V, LLC**
    **PO Box 3027**
    **Hicksville, New York 11802-3027**

9.  I understand that the payment instructions set forth herein are irrevocable and are not subject to modification in any manner, except by LAWCASH or any successor lender so identified by them and only by written notice rescinding or modifying the payment instructions contained herein.

## SECTION 3. SECURITY INTEREST

1.  I hereby grant LAWCASH a Lien and Security Interest in the proceeds of the Lawsuit. The amount due you shall be withheld from any money collected as a result of the Lawsuit and paid immediately upon collection to LAWCASH. The amount due shall be paid immediately after my attorney fees (including the expenses charged by my attorney for costs) and after payment to any lien holders that might exist of record as of this date, or which may have priority by law. I will not receive any money from the proceeds of the Lawsuit until LAWCASH has been paid in full. This shall also apply to any structured settlement of my lawsuit. I acknowledge that my receipt or use of any funds prior to the full re-payment to LAWCASH shall constitute an illegal conversion and may well be a crime.

2.  In the event that the assignment of my interest in the proceeds of the Lawsuit is not permitted by law, then I agree to pay

Client's Initials _____

Page 2 (2)

15/01 2015  11:24 3605330573  ARO  #7412 P.001/001



15/01 2015  11:33 3605330573                      ARO                          #7419 P.001/001

m: Any LawSuits    Fax: (888) 261-4335        To:        Fax: +1 (360) 533-0573     Page 3 of 10 01/14/2015 11:02



## DECLARATION

Prior to receiving funding from LawCash. I have not received any funds of any kind of a similar nature except for funds received from Atlas Funding, which LawCash is aware of and will be buying out upon execution of this agreement.

I am aware that I may not solicit or accept any funds or advances against my legal case from any other funding company unless I first repay LawCash in full.

I acknowledge that I am waiving my rights to further funding of this kind and further acknowledge that if I accept any such funding I will be violating my agreement with LawCash.

████████████████████████                          1-14-15
                                                  _____
                                                      Date

State of Washington
County of Grays Harbor          ) ss.:

On the 14th day of January 2015 , 2015, before me personally came ████████
████ (each) known to me, and known to me to be the individual (s) described in and who executed the within document and duly acknowledged to me that s/he executed the same.

Debby Bartlett
NOTARY PUBLIC

```
┌─────────────────────────────────┐
: DEBBY BARTLETT                  :
: NOTARY PUBLIC                   :
: STATE OF WASHINGTON             :
: My Commission Expires July 18, 2016 :
└─────────────────────────────────┘
```

Re:    Client:    ███████████████
       Case:    ████████████████ for the incident that occurred on or about 12/23/2009, or any other related actions

## Attorney Acknowledgement

As your attorney, I acknowledge receipt of the Irrevocable Letter of Instruction and further acknowledge notice of the fact that you have granted Plaintiff Funding Holding Inc. ("LAWCASH") a Security Interest and Lien in the proceeds of your case as a consequence of your Funding Agreement with them. I acknowledge that pursuant to the Funding Agreement, you have assigned a portion of your proceeds to them.   I further acknowledge that I will follow all of your irrevocable instructions to me as outlined above in this letter and will honor the terms of your LAWCASH Funding Agreement and Plaintiff Funding Holding Inc..   I know of no other lien in this case as a result of funding similar in nature to LAWCASH except for funds received from Atlas Funding, which LawCash is aware of and will be buying out upon execution of this agreement and acknowledge that my client's Funding Agreement prohibits the client from creating any other liens resulting from funding similar in nature to LAWCASH. Prior to making any distribution to my client, I will contact LAWCASH to ascertain the amount due and will not pay any portion of my client's proceeds to client or on client's behalf (other than attorney's fees and costs for this case, any prior liens, and liens with priority by law)  until LAWCASH's lien is satisfied in full.  I understand that marking a check or accompanying letter to the effect of a release of claim or "in full satisfaction", absent a written confirmation that you will accept a lesser sum, will not have a legal effect and that you are authorized to deposit said check without prejudice to your rights to collect payment in full.

I represent that this case is still pending in active status and that there presently are no motions for final disposition, including but not limited to summary judgment. However, I further represent that this case is being vigorously defended as to both liability and injury and that there is no guarantee that the plaintiff will be successful or will recover sufficiently to satisfy your lien in whole or in part.

I am the attorney of record in the above-captioned case. I further certify that I have received a copy of and reviewed the LAWCASH Funding Agreement, and explained the terms to my client.   This certification shall be deemed a material part of the LAWCASH Funding Agreement.

_Rich Lewis_
_____
**Attorney Signature**

_1/15/15_
_____
**Date**

_Rich Lewis_
_____
**Print Name**

_Preliminary approval of a class action settlement has been ordered. Final approval is pending._
_RSL 1/15/15_



**CASEFUNDING**™
The Legal Finance Specialists

JAVLIN ONE LLC BY CARE OF
CASE FUNDING
12 E. 46TH STREET, SUITE 6E
NEW YORK, NY 10017

DOCUMENTS@CASEFUNDING.COM
TELEPHONE   212.608.7372
FACSIMILE    212.608.6964

06/04/2015

VIA FACSIMILE: 202-540-7201

Richard S. Lewis, Esq.
Hausfeld LLP
1700 K Street, NW Suite 650
Washington, DC 20006

    Re:  ████████████   *v. NATIONAL FOOTBALL LEAGUE ET AL and/or ANY*
    *RELATED ACTIONS*

Dear Mr. Lewis:

        Please find the Purchase and Sale Agreement and Attorney Acknowledgment and Agreement for your client, ████████████, in the amount of $61,170.22 in accordance with the contract with Javlin One LLC **Please read the following instructions carefully to avoid any delays.** If you have any questions, please do not hesitate to contact our office for assistance.

**Client Instructions**
☐  Verify your name and address is correct.
☐  Initial ALL pages and **sign before a Notary Public** in TWO places
☐  Specify how you want the funds to be paid (See "Seller Funding Instructions" form).
☐  Fax back entire contract **with a clear copy of your photo ID.**

**Attorney Instructions**
☐  Sign the Attorney Acknowledgement and Agreement.
☐  Fax back entire contract with a **legible copy** of your client's photo ID.
   We will return a fully executed copy of the documents to your office.

**In the space below, please let us know how Javlin One LLC has helped you:**

Thank you for your assistance in the matter. Should you have any questions, please feel free to call our office.

                Very truly yours,

                Richard Silverstein

## PURCHASE AND SALE AGREEMENT

**THIS PURCHASE AND SALE AGREEMENT** (the "Agreement") is made as of 06/04/2015 by and between Javlin One LLC, its representatives, successors and assigns (hereinafter referred to as "Purchaser"), a Delaware corporation with offices at 12 E. 46th Street, Suite 6E, New York, NY 10017, and ▮▮▮▮▮▮▮▮, who resides at ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ his/her agents, successors-in-interest, heirs, executors, representatives, successors and assigns (hereinafter referred to collectively as "Seller").

**RECITALS:**

A.  Seller is the plaintiff/claimant in a lawsuit/claim entitled ▮▮▮▮▮▮▮▮ *v. NATIONAL FOOTBALL LEAGUE ET AL and/or ANY RELATED ACTIONS* filed and/or pending in the United States District Court for the Eastern District of Pennsylvania MDL 2323 (hereinafter the "Claim"), including any and all claims related in any way to the Claim.

B.  The Lawsuit/Claim resulted in a settlement in favor of Plaintiff/Seller ▮▮▮▮▮▮. The Award Amount is payable jointly to Seller and Seller's Counsel by the Defendant(s) (the "Responsible Party").

C.  Seller represents that Seller is entitled to receive monies (the "Award Proceeds") from the Award Amount, after deduction for fees and costs payable to third parties, including attorney's fees and costs payable to Richard S. Lewis, Esq. and/or Hausfeld LLP, (the "Seller's Counsel") (such fees and costs, collectively, the "Owed Fees").

D.  Seller desires to sell to Purchaser, and Purchaser desires to purchase from Seller, a portion of Seller's interests in the amount equal to $134,273.00 (the "Assigned Proceeds"). It is understood that in the event seller's cause of action is unsuccessful because of post-judgment motions and/or appeal(s), Seller will not be obligated to repay the Purchaser. In the event the amount recovered is insufficient to cover the entire amount owed to Purchaser, Seller shall than be obligated to pay Purchaser One Hundred (100%) percent of the Award Proceeds.

NOW, THEREFORE, in consideration of the recitals, representations, warranties and agreements contained in this Agreement, the parties agree as follows:

**SECTION 1.  SALE; PURCHASE PRICE**

1.1     Seller hereby sells, assigns, transfers and conveys to Purchaser as absolute owner, without recourse, except in the limited circumstances set forth in Section 3, all of Seller's rights, title and interest in and to the Assigned Proceeds, free and clear of all liens, claims, interests or encumbrances of any kind whatsoever (collectively, "Adverse Interests").

1.2     In full consideration for the sale to Purchaser of the Assigned Proceeds, Purchaser shall pay to Seller Sixty One Thousand One Hundred and Seventy  Dollars and Twenty Two Cents($61,170.22) Dollars (the "Purchase Price")

1.3     Seller and Purchaser intend and agree that the transaction contemplated hereby shall constitute a true sale and transfer of the Assigned Proceeds to Purchaser, and Purchaser shall have the full risks and benefits of ownership of the Assigned Proceeds.  Purchaser may at its option file a financing statement under the Uniform Commercial Code giving notice of the sale contemplated by this Agreement without Seller's signature or prior authorization and otherwise take any action required to give notice to third parties of Purchaser's interest in the Assigned Proceeds. Seller agrees to use reasonable efforts to

▮▮▮▮▮▮▮
06/04/2015

Seller's Initials: ▮▮▮

cooperate with Purchaser in giving such notices to third parties.

## SECTION 2.  APPOINTMENT OF PURCHASER'S AGENT and SELLER'S INSTRUCTIONS

2.1     Purchaser hereby appoints Seller's Counsel as its agent for the limited purpose of receiving the Assigned Proceeds from the Responsible Party or its representative and to pay Purchaser the Assigned Proceeds within five (5) days of receipt of the Award Proceeds.  Seller's Counsel hereby accepts such appointment and agrees to promptly deliver payment of the Assigned Proceeds to the Purchaser in accordance with Purchaser's instructions and attorney acknowledgement herein.  Seller's Counsel shall, until such delivery, hold the Assigned Proceeds in safekeeping and trust as Purchaser's agent.  Seller's Counsel represents that all of the information Seller's Counsel has provided to Purchaser in connection with this Agreement and Seller's application is correct, accurate and complete in all respects.

2.2     Seller hereby irrevocably instructs Seller's Counsel to notify Purchaser upon receipt of the Award Proceeds, and within five (5) days upon receipt, pay to Purchaser the Assigned Proceeds as defined above.

2.3     Upon execution of this Agreement, Seller shall not be permitted to revise, alter, or change any of the conditions herein.  In reference to paragraph 2 Seller shall not be permitted to instruct Seller's Counsel to distribute the "Assigned Proceeds" to any other entity(s) or individual(s), or in any other manner inconsistent with this Agreement, unless Purchaser has agreed to same in writing.

## SECTION 3.  REMEDIES FOR BREACH

3.1     If there is any breach of any representations, warranties or covenants made in this Agreement by Seller or Seller's Counsel or any act of fraud by Seller or Seller's Counsel related to the Assigned Proceeds (a "Breach"), upon notice from Purchaser to Seller, Seller shall immediately return to Purchaser (a) all funds paid to Seller on or on behalf of Seller by Purchaser, plus (b) all damages, losses, claims, liabilities, penalties, taxes, costs and expenses (including attorneys' fees and costs) incurred by Purchaser as a result of a Breach ("Losses"), plus (c) the highest interest rate permitted by law.  In addition, Purchaser shall be entitled to recovery against any of Seller's assets regardless of the final disposition of the Assigned Proceeds.

3.2     In the event the Award Amount is insufficient to repay the Assigned Proceeds, then Purchaser shall be entitled to recover any balance due, after the Award Amount has been distributed, from any related actions, including, but not limited to, any Federal or State causes of actions relating to, or in connection with, Seller's Claim and/or derivative claim.

## SECTION 4.  REPRESENTATIONS AND WARRANTIES

Seller hereby represents and warrants to Purchaser as follows:

4.1     Seller is the plaintiff/claimant in the Claim ▮▮▮▮▮▮▮▮▮▮ *v. NATIONAL FOOTBALL LEAGUE ET AL and/or ANY RELATED ACTIONS* (hereinafter the Claim).

4.2     Seller has all right, title and interest in the Award Proceeds, free and clear of any Adverse Interests and has the unrestricted right to sell the Assigned Proceeds to the Purchaser.  Upon payment of the Purchase Price, Purchaser will own good title to the Assigned Proceeds, free and clear of any Adverse Interests.

4.3     The Award Amount is a bona fide and existing obligation of the Responsible Party arising out of the Claim, free and clear of all Adverse Interests other than the Owed Fees.  The Award Amount is due

and owing in full and is not, and will not be, subject to any offset or defense. other than a possible motion seeking a judgment notwithstanding the verdict and/or a potential future appeal

4.4     Seller represents that the Award Amount will be paid to and deposited in Seller's Counsel's escrow account prior to any distribution of the Award Proceeds and/or Assigned Proceeds.   Once deposited into Seller's Counsel's escrow account, Seller agrees and hereby instructs Seller's Counsel that the Assigned Proceeds be first and immediately paid to Purchaser, prior to distributing any funds to the Seller.

4.5     There are no bankruptcy or insolvency proceedings in progress or in prospect affecting Seller, the Assigned Proceeds, the Award Amount or any of Seller's other property.  The Assigned Proceeds have not been and are not in jeopardy of being subject to a levy or any type of Adverse Interest other than any identified in 4.3 above.

4.6     All of the information Seller, or Seller's Counsel has provided to Purchaser in connection with this Agreement, including, without limitation, any application submitted by Seller and all documents submitted in connection with such application, and the representations and warranties contained in this Section 4, are correct, accurate and complete in all respects.  Seller understands that Purchaser has relied on and will continue to rely on the information in collecting the Assigned Proceeds.  The Seller acknowledges and confirms that while Purchaser has conducted certain due diligence with respect to the Award Amount, such due diligence is subject to inherent limitations and Purchaser is entitled to and does, in fact, rely upon Seller's representations and warranties.

4.7     SELLER HAS OBTAINED THE ADVICE OF COUNSEL IN REVIEWING AND ACCEPTING THE TERMS OF THIS AGREEMENT AND FULLY UNDERSTANDS THE TRANSACTIONS PROVIDED FOR IN THIS AGREEMENT.  SELLER HAS FULLY DISCLOSED THE SALE OF THE ASSIGNED PROCEEDS AND THE TERMS OF THIS AGREEMENT TO COUNSEL AND HAS HAD THE OPPORTUNITY TO ASK ANY QUESTIONS ABOUT THE TRANSACTIONS TO COUNSEL AND TO PURCHASER.

**SECTION 5.   SELLER'S COVENANTS**

5.1     If Seller shall receive all or any portion of the Award Amount, Seller shall immediately notify Purchaser and immediately deliver payment of the Assigned Proceeds to Purchaser in accordance with Purchaser's instructions.

5.2     Seller agrees that Seller shall immediately notify Purchaser of (a) any change in the terms of the award and/or resolution of the Claim that will affect Purchaser's interest in the Assigned Proceeds, including, without limitation, the amount or payment terms of the Award Amount or Proceeds, (b) any information indicating that the Award Amount may or will not be paid in full when due or (c) any Breach occurs.

5.3     Seller agrees that it will not grant a security interest in or permit a lien, claim or encumbrance upon any of the Award Amount in favor of any person other than Purchaser, and shall provide written notice to Purchaser immediately upon obtaining knowledge of any involuntary lien or encumbrance upon any of the Award Amount.

[Signature Page Follows]

06/04/2015

Seller's Initials



IN WITNESS WHEREOF, the parties have executed this Agreement.

Purchaser
By:        _____    Date:_____
            Richard Silverstein, Managing Director

Seller:   █████████████_____    Date: **6-5-15**

On this █th day of June, 2015 ████████████, who resides at ███████████████
████, personally appeared before me and is known to me to be the person/people described in and who
executed the foregoing instrument and acknowledged that he/she/they executed the same as his/her/their
free act and deed.

Notary Public: _____

My Commission Expires: April 20, 2016

County of: Ketchikan

State of: Alaska

06/04/2015

Seller's Initial ██████

## <u>ATTORNEY ACKNOWLEDGMENT AND AGREEMENT</u>

I, Richard Lewis on behalf of Hausfeld LLP hereby acknowledge that I represent ███████ ███████ ("Seller") as his/her attorney in connection with the Claim described in the Purchase and Sale Agreement dated 06/04/2015 by and between ███████████ and Javlin One LLC ("Purchaser"), the terms and conditions of which are incorporated herein by reference ("Agreement").

I acknowledge receipt of the attached Agreement agree to comply with the irrevocable instructions from my Client contained therein.

I acknowledge that my Client has entered into a Purchase And Sale Agreement with Javlin One LLC wherein my client unconditionally and irrevocably grants, assigns, transfers, and conveys all or a portion of the Award Proceeds recovered with respect to the following claim to recover monetary damages: ███████████ *v. NATIONAL FOOTBALL LEAGUE ET AL and/or ANY RELATED ACTIONS* (hereinafter the "Claim"), including any and all claims related in any way to the Claim. I further acknowledge that at the time my client executed the Purchase and Sale Agreement, he was of sound mind, memory and understanding, and in no respect mentally incompetent to enter into a binding contract.

I agree to and acknowledge Purchaser's Instructions that 1) I/we immediately notify the Purchaser upon receipt of the Award Proceeds, (2) I/we pay to Purchaser the Assigned Proceeds prior to disbursing any portion of the Award Proceeds to the Seller or any other individual(s)/entity(s); (3) inform Purchaser of the status of the Claim while it is pending; and (4) immediately notify the Purchaser if there is commencement of any lawsuit or proceeding which may affect the Purchaser's rights

I hereby represent that: (i) I do not have any knowledge or notice of any liens upon and/or assignments, transfers or conveyances of any portion of the Award Proceeds; (ii) the case has been resolved in the Court by way of *Judgment; and (iii) the Award Proceeds shall be paid to and deposited in the law firm's escrow account prior to any distributions being made.

If I am terminated as Seller's attorney with respect to the Claim I shall give Purchaser immediate written notice thereof by certified mail, return receipt requested, and if known to me provide the name, address and telephone number of Seller's new attorney.

I certify I am the Attorney of record and, I have reviewed and explained the terms of this agreement to Seller.

Hausfeld LLP

By: ___*Richard Lewis*___       Date: _____
     Richard Lewis

*[handwritten annotations: 6/5/15 I don't have Any knowledge on this RSC; there may be a trust acct. RSC 6/5/15; note all changes in pen 6/5/15; There is An Appeal no Final Judgment yet. RSC 6/5/15]*

06/04/2015

Seller's Initial

**SELLER FUNDING INSTRUCTIONS**

Attached please find the Purchase and Sale Agreement I have signed, selling a portion of the proceeds from my Claim for a Purchase Price of $60,170.22 to Javlin One LLC as follows:

| | |
|---|---|
| ▇▇▇▇▇▇ | $20,000.00 |
| Plaintiff Holding V, LLC | $41,170.22 |

Per my instructions below, please distribute on my behalf the Net Amount of **$20,000.00** to _____ : **(please check one delivery option)**

| | | |
|---|---|---|
| ☐ | Direct Deposit (funds available in 2-3 business days) | $10 Fee deducted |
| ☐ | Check by Certified Mail (5-8 business days) | $15 Fee deducted |
| ☐ | Check by Overnight Delivery to ▇▇▇▇▇▇ ▇▇▇▇▇▇ | $30 Fee deducted |
| ☐ | Check by Overnight Delivery to: | $30 Fee deducted |
| ☐ | Wire Transfer (same day funds)* <br> *Contact your bank to confirm you are able to receive wire transfers. | $40 Fee deducted |

**WIRE TRANSFER and DIRECT DEPOSIT INSTRUCTIONS:**

Name of Bank: ▇▇▇▇▇▇▇▇

Routing Number: ▇▇▇▇▇▇▇▇

Name on Account: ▇▇▇▇▇▇▇▇

Address on Account: ▇▇▇▇▇▇▇▇

☐ Other: ▇▇▇▇▇▇

Account Number: ▇▇▇▇ ▇▇▇ ▇▇▇▇

Type of Account: _Checking_
(Checking vs. Savings)

**SELLER AUTHORIZATION**

I hereby authorize Javlin One LLC to distribute the Purchase Price in the manner set forth above.

By: ▇▇▇▇▇▇▇▇          Date: 6-5-15

On this 5th day of June, 2015 ▇▇▇▇▇▇ , who resides at ▇▇▇▇▇▇▇▇ ▇▇ personally appeared before me and is known to me to be the person/people described in and who executed the foregoing instrument and acknowledged that he/she/they executed the same as his/her/their free act and deed.

Notary Public: _____

My Commission Expires: April 20, 2016

County of: Ketchikan

State of: Alaska

06/04/2015

Seller's Initials ▇▇







CASE FUNDING INC.
12 E. 46TH STREET, SUITE 6E
NEW YORK, NY 10017

CONTACT@CASEFUNDING.COM
TELEPHONE 212.608.7372
FACSIMILE 212.608.6964

August 27, 2015

VIA EMAIL: Ron@fundmylawsuitnow.com

Ronald Sinai
Nova Legal Funding

Re: ███████████████ *v. NATIONAL FOOTBALL LEAGUE ET AL and/or ANY RELATED ACTIONS*

Dear Mr. Sinai:

Per your request, the payoff of our advance to ███████████ is **$134,273.00 if payment is received on or before 10/01/2015**. If payment will be received after such date, kindly contact our office for an updated figure.

Payment should be made to:

      Case Funding Inc.
      Attn: Payoff Dept.
      12 E. 46th Street, Suite 6E
      New York, NY 10017

Please feel free to contact the undersigned if you have any further questions.

      Very truly yours,

      Rachel Wiley

Secured loan agreement

The following agreement will be secured by Hausfield LLP as approved by representative Richard Lewis and associate Jim Mitchell.

The payoff for this loan will be paid from proceeds (when received) from the NFL concussion protocol settlement agreement, administered through Hausfield LLP.

1. ▮▮▮▮▮▮ has purchased a motorhome from Kirkland RV Sales and presently owes $6925.
2. ▮▮▮▮ has also purchased a car which was financed by Kirkland Rv for a total Amount of $1591
3. Kirkland has paid $1000 for ▮▮▮▮ living expenses, and will continue to pay $1000 per month into ▮▮▮▮ account for the next 9 months, totaling $10,000 in living expenses .
4. Kirkland RV will pay $1200 for damage to a Jeep which ▮▮ caused while driving his RV.

This makes the total amount of loan $19,716. And will be carried interest free for one year.
After one year, an interest of 12% a.p.r. will be charged and added to final payoff balance.
In the event that the payoff is made before the 9 months of expenses has been paid out, the appropriate amount will be refunded to ▮▮▮▮ after payoff is received.

Signed _____ Kirkland RV Sales/ GM    13111  Hwy  99
                    425-508-9131            Everett  WA  98204

Signed ▮▮▮▮▮▮▮▮▮▮▮▮▮   ▮▮▮▮▮▮▮   ▮▮▮▮▮▮▮

Dated  5-12-16