# EXHIBIT 6

Redacted Assignments for Class Member F

## FACSIMILE COVER SHEET

To:     Hausfeld LLP
Attn:   Richard S. Lewis, Esq.
Fax:    202-540-7201
Phone:  202-540-7200

November 16, 2015

Re: ███████████████ ("Client")

Attached are the documents that KrunchCash requires to be reviewed and executed in order to provide non-recourse funding to your Client.

Please note that page 11 requires an attorney's signature, and all items below must be returned to KrunchCash prior to funding.

1. Prior Funding Agreements – Client to check one of the boxes and provide information regarding any prior funding agreements (page 7). If there are any prior funding agreements, please provide KrunchCash with payoff letter(s) with the outstanding payoff amount(s).

2. Funding Agreement - requires Client's initials in the bottom right corner (pages 1-12), notarization and Client's signature (page 9), and notarization and Client's Spouse's signature, if married (page 9).

3. Irrevocable Client Directive - requires notarization and Client's signature (page 10).

4. Attorney Acknowledgment - requires attorney's signature (page 11).

5. Distribution Form - requires Client's signature (page 12).

Please be advised that KrunchCash must receive proof of identification (i.e. driver's license, passport, etc.) for the Client prior to funding.

Please e-mail or fax copies of all executed documents and proof of identification to:

> E-Mail: jeff@krunchcash.com
> Fax: 888.778.0814

Please forward all original documents to:

> KrunchCash
> 200 East Palmetto Park Road, Palm 1
> Boca Raton, FL 33432
> Attention: Jeffrey Hackman
> Telephone: 800.929.1902

KRUNCHCASH SHALL NOT BE BOUND BY THE FUNDING AGREEMENT UNTIL IT IS FULLY EXECUTED BY YOUR CLIENT TOGETHER WITH THE ATTORNEY ACKNOWLEDGMENT, AND KRUNCHCASH MAY CANCEL THIS TRANSACTION WITHOUT LIABILITY AT ANY TIME PRIOR TO PROVIDING FUNDING.

# FUNDING AGREEMENT

THIS FUNDING AGREEMENT ("Agreement") is entered into on November __, 2015, between KrunchCash, LLC having its principal place of business at 200 East Palmetto Park Road, Palm 1, Boca Raton, FL 33432 (hereinafter referred to as "KrunchCash") and ▮▮▮▮▮▮▮▮ whose contact information is set forth below (hereinafter referred to as "Client," "I," "me," "my," "you," or variations thereof).

Client Address: ▮▮▮
Home Phone: N/A
Mobile Phone: ▮▮▮
Email: ▮▮▮
Date of Birth: ▮▮▮
Social Security No.: ▮▮▮
NFL ID #: ▮▮▮

## RECITALS

WHEREAS, Client represents to KrunchCash that Client has a pending Claim (defined in Section 1.1); and

WHEREAS, Client has requested KrunchCash purchase a contingent right to the proceeds (defined in Section 2.5) of the Claim to meet Client's immediate economic needs, and KrunchCash has agreed to purchase such contingent right to the proceeds of the Claim to meet Client's immediate economic needs.

NOW THEREFORE, in consideration of the above recitals and the representation, warranties, covenants and agreements contained herein, KrunchCash and Client agree as follows:

## SECTION 1
## CLAIM AND DISCLOSURE STATEMENT

1.1 <u>Claim</u>. I have a claim for which I may be entitled to receive proceeds as a potential member of the settlement class in the case known as *In re: National Football League Players' Concussion Injury Litigation, No. 2:12-md-02323* ("Case"), which was filed in the U.S. District Court for the Eastern District of Pennsylvania, along with any other related actions including, without limitation, any lawsuits or claims in which I may assert my legal rights, whether it is against the defendants named in the lawsuit, or others, and includes any and all claims based upon my original claim (hereinafter collectively referred to as the "Claim"), because I may receive a qualifying diagnosis for ALS, Parkinson's Disease, Alzheimer's Disease, Level 2 Neurocognitive Impairment (i.e., moderate Dementia), Level 1.5 Neurocognitive Impairment (i.e., early Dementia) or Death with CTE, which resulted from personal injuries I sustained while playing professional football with the NFL, or one of its member clubs, including the AFL, World League of American Football, NFL Europe League and NFL Europa League.

1.2 <u>Disclosure Statement</u>. I have requested KrunchCash purchase a contingent right to the proceeds of the Claim for the Purchase Price indicated below.

| Amount To Be Advanced To Client | | Amount To Be Repaid By Client* | |
|---|---|---|---|
| Funding Amount | $85,000.00 | If you <u>lose</u> the Claim | $0.00 |
| Application Fee | $2,500.00 | | |
| "Purchase Price" | $87,500.00 | If you <u>win</u> the Claim | |
| Payoff Amount for Prior Funding Agreement(s) | $0.00 | Within 6 months | $103,250.00 |
| "Disbursed Funding Amount" | $85,000.00 | At 12 months | $119,000.00 |
| | | At 18 months | $134,750.00 |
| Annual return on investment | 36% | At 24 months | $150,500.00 |
| | | At 30 months | $166,250.00 |
| Broker, Underwriting, Servicing, Management Fees | $0.00 | At 36 months | $182,000.00 |

\* See detailed monthly Repayment Schedule in Section 2.4 below.

## SECTION 2
## SALE AND ASSIGNMENT AGREEMENT AND REPAYMENT TERMS

2.1 <u>Sale and Assignment Agreement</u>. I hereby sell and assign to KrunchCash all my right, title and interest in and to the Purchase Price and all other amounts payable to KrunchCash, from the proceeds recovered from any settlement, judgment, award, compromise, verdict and/or other disposition of the Claim.

2.2 <u>Springing Sale and Assignment</u>. To the extent that a current sale and assignment of the proceeds or any portion thereof is impermissible under applicable law, then Section 2.1 shall be deemed null and void, and in such event, I hereby agree and do sell and assign to KrunchCash all my right, title and interest in and to the Purchase Price and all other amounts payable to KrunchCash, at the instant such proceeds come into being by virtue of any settlement, judgment, award, compromise, verdict and/or other disposition of the Claim.

2.3 <u>Repayment Amount</u>. I promise and agree that KrunchCash will be paid the amount in the column labeled Amount Due in the Repayment Schedule in Section 2.4 from any proceeds recovered from the Claim, before I receive any money. KrunchCash computes the Amount Due based on a thirty six percent (36%) non-compounding, annual return on investment ("ROI"), multiplied by the Purchase Price. I UNDERSTAND KRUNCHCASH DOES NOT MAKE LOANS, BUT RATHER PROVIDES NON-RECOURSE CONTINGENCY FINANCING, WHICH MEANS IF I DO NOT RECOVER ANY PROCEEDS FROM THE CLAIM, I WILL NOT BE OBLIGATED TO REPAY THE PURCHASE PRICE OR OTHER AMOUNTS PAYABLE TO KRUNCHCASH, EXCEPT AS SET FORTH IN SECTION 6 BELOW.

2.4 <u>Repayment Schedule</u>. The amount to be repaid to KrunchCash follows:

| Payment Date | Amount Due* | Payment Date | Amount Due | Payment Date | Amount Due** |
|---|---|---|---|---|---|
| 12/1/2015 | $103,250.00 | 12/1/2016 | $121,625.00 | 12/1/2017 | $153,125.00 |
| 1/1/2016 | $103,250.00 | 1/1/2017 | $124,250.00 | 1/1/2018 | $155,750.00 |
| 2/1/2016 | $103,250.00 | 2/1/2017 | $126,875.00 | 2/1/2018 | $158,375.00 |
| 3/1/2016 | $103,250.00 | 3/1/2017 | $129,500.00 | 3/1/2018 | $161,000.00 |
| 4/1/2016 | $103,250.00 | 4/1/2017 | $132,125.00 | 4/1/2018 | $163,625.00 |
| 5/1/2016 | $103,250.00 | 5/1/2017 | $134,750.00 | 5/1/2018 | $166,250.00 |
| 6/1/2016 | $105,875.00 | 6/1/2017 | $137,375.00 | 6/1/2018 | $168,875.00 |
| 7/1/2016 | $108,500.00 | 7/1/2017 | $140,000.00 | 7/1/2018 | $171,500.00 |
| 8/1/2016 | $111,125.00 | 8/1/2017 | $142,625.00 | 8/1/2018 | $174,125.00 |
| 9/1/2016 | $113,750.00 | 9/1/2017 | $145,250.00 | 9/1/2018 | $176,750.00 |
| 10/1/2016 | $116,375.00 | 10/1/2017 | $147,875.00 | 10/1/2018 | $179,375.00 |
| 11/1/2016 | $119,000.00 | 11/1/2017 | $150,500.00 | 11/1/2018 | $182,000.00 |

\*      The minimum amount repaid to KrunchCash is the Amount Due at 6 months.
\*\*   After the dates shown above, my payment obligation will continue to increase at the same ROI until paid in full.

2.5 <u>Proceeds</u>. The term "proceeds" shall include any and all amounts paid as a consequence of the Claim. If the proceeds I receive are insufficient to pay the full amount due to KrunchCash, then KrunchCash's recovery will be limited to the proceeds I receive.

2.6 <u>Distribution</u>. I hereby direct KrunchCash to distribute the Disbursed Funding Amount in Section 1.2 pursuant to the Distribution Form attached hereto and incorporated herein by reference. I understand that the Purchase Price includes an Application Fee and the payoff amount for my prior funding agreements (if applicable), which is part of my obligation to KrunchCash, despite not being distributed to me.

2.7 <u>Waiver</u>. I hereby waive any defense to payment of the amount due hereunder and represent and warrant that I will not seek to avoid payment of any amount due to KrunchCash under this Agreement.

2.8 <u>Understandings</u>. I understand that the payment instructions set forth herein and in the Irrevocable Client Directive attached hereto and incorporated herein by reference, are irrevocable, and not subject to modification

except by KrunchCash or any successor in interest and only by written notice. In the event of a conflict between the terms of this Agreement and the Irrevocable Client Directive, this Agreement shall govern.

2.9 <u>Compliance</u>. I agree, if requested by KrunchCash, to adjust for clerical errors any or all funding documents in order to enable KrunchCash to sell, convey, seek guaranty or market the non-recourse funding. Additionally, I agree that if a funding document is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the non-recourse funding, or otherwise contains any errors or omissions, I shall upon request, within five (5) days from the date of such request, execute, acknowledge, initial, and deliver to KrunchCash any documentation KrunchCash deems necessary to replace or correct the lost, misplaced, misstated, inaccurate or otherwise missing funding document. If I fail or refuse to execute, acknowledge, initial, and/or deliver a funding document to KrunchCash within the time frame specified herein, I agree to indemnify KrunchCash for any and all loss or damage which KrunchCash sustains by reason of my failure or refusal to cooperate, including but not limited to attorneys' fees and costs incurred by KrunchCash. I also understand and acknowledge that KrunchCash may in its discretion pursue equitable relief against me for my failure to cooperate or comply with the terms of this Agreement, and KrunchCash may recover from me its costs, including reasonable attorneys' fees, incurred in doing so.

## SECTION 3
## LIEN AND SECURITY INTEREST

3.1 <u>Lien and Security Interest</u>. In consideration of my receipt of the Purchase Price from KrunchCash, I hereby grant KrunchCash a lien and security interest in the proceeds of the Claim. The amount due shall be withheld from any proceeds obtained as a result of the Claim and paid immediately upon collection to KrunchCash. I will not receive any money from the proceeds of the Claim until KrunchCash has been paid in full. This shall also apply to any structured settlement of the Claim. I hereby agree that the instructions set forth in this Agreement are irrevocable. I acknowledge that my receipt or use of any proceeds prior to the full repayment to KrunchCash shall constitute an illegal conversion and may be a crime. In the event that there is a dispute as to the amount due to KrunchCash at the time that any proceeds are received, I agree that the proceeds will not be disbursed to me or to any other party on my behalf until the dispute is resolved. I hereby irrevocably authorize KrunchCash at any time, and from time to time, to file any financing statements (and amendments) that KrunchCash deems necessary to protect its lien and security interest.

3.2 <u>Independent Obligation</u>. In the event that the sale and assignment of my interest in the proceeds of the Claim are not permitted by law, then I agree to pay KrunchCash all of the funds due under this Agreement immediately upon the payment of the proceeds of the Claim, as a separate and independent obligation.

3.3 <u>No Additional Liens</u>. I hereby agree that I will not create additional liens against the proceeds without satisfaction of my lien with KrunchCash. I specifically promise not to create any liens against the proceeds of the Claim as a result of any funding agreements or advances that I might receive after the date of this Agreement similar in nature to KrunchCash.

3.4 <u>Understandings</u>. I understand that I am not assigning my cause of action to KrunchCash, but rather a contingent right to the proceeds of the Claim.

3.5 <u>Attorneys' Fees</u>. If any action or other proceeding is brought for enforcement of this Agreement or because of an alleged dispute, breach, default, or misrepresentation in connection with this Agreement, the prevailing party shall be entitled to attorneys' fees and other costs incurred in that action or proceeding, whether or not a lawsuit is filed, in addition to any other relief to which the party may be entitled.

3.6 <u>CLIENT'S RIGHT TO MAKE DECISIONS</u>. KRUNCHCASH SHALL HAVE NO RIGHT TO AND WILL NOT MAKE ANY DECISIONS WITH RESPECT TO THE CLAIM OR ANY RESOLUTION THEREOF. THE RIGHT TO MAKE THOSE DECISIONS REMAINS SOLELY WITH CLIENT AND CLIENT'S ATTORNEY.

Client Initials

## SECTION 4
## RIGHT OF CANCELLATION

**4.1 CLIENT'S RIGHT TO CANCELLATION.** CLIENT MAY CANCEL THIS AGREEMENT WITHOUT PENALTY OR FURTHER OBLIGATION WITHIN FIVE (5) BUSINESS DAYS OF RECEIPT OF FUNDS FROM KRUNCHCASH.

**4.2 Cancellation.** In order for the cancellation to be effective, I understand that I must notify KrunchCash in writing and return the exact amount advanced to me by KrunchCash. I may do this by making personal delivery or via mail by insured, registered or certified US mail postmarked within FIVE (5) BUSINESS DAYS of receipt of funds from KrunchCash to KrunchCash's principal place of business listed above: (A) the undeposited (or un-cashed) check provided to me by KrunchCash; (B) a certified or bank check in the exact amount advanced to me by KrunchCash; or (C) a money order in the exact amount advanced to me by KrunchCash.

## SECTION 5
## CREDIT AND INFORMATION RELEASE

**5.1 Credit Report.** KrunchCash may obtain a consumer credit report and/or other financial and credit information as part of the proposed transaction.

**5.2 Credit Report Authorization.** I hereby authorize any credit reporting agency, information service bureau, institution, attorney, or insurance company contacted by KrunchCash or its agents, to furnish a credit report, other financial, credit or legal information, information concerning liens and judgments against me and other information requested as part of the proposed transaction until I have completely satisfied my obligations under this Agreement.

**5.3 Credit Reporting Agencies.** I understand that this authorization is valid for purposes of verifying information given pursuant to business negotiations, or any other lawful purpose covered under the Fair Credit Reporting Act (FCRA). Upon written request, KrunchCash will provide the credit reports obtained, if any, and, if so, the name and address of the credit reporting agency that provided it. I certify the information provided to KrunchCash in the application and underwriting process is true, accurate and complete. I also authorize KrunchCash to report this transaction and matters related to it to any of the above entities.

**5.4 Attorney Authorization.** I direct and authorize my attorney and any subsequent attorney(s) to cooperate and release to KrunchCash and its affiliates any and all information and documents pertaining to my current legal claim or lawsuit, including pleadings, discovery, investigation, contracts, medical records/reports, depositions, and all other information in the file not protected by the attorney-client privilege, the work product doctrine, or other applicable evidentiary privileges or protections.

## SECTION 6
## REPRESENTATIONS AND WARRANTIES OF CLIENT

**6.1 Representations and Warranties of Client.** If I made a misstatement, misrepresentation or omission of fact in my application or in connection with the Claim, or committed a fraudulent or criminal act either in connection with the transaction, or in a matter that would adversely impact the Claim, then I will be liable to KrunchCash for all funds advanced, together with the ROI, outstanding fees and charges, without regard to the outcome of the Claim.

**6.2 Additional Representations and Warranties of Client.** I represent, warrant, covenant and agree as follows:

    **6.2.1 Authority.** I have full power and authority to enter into this Agreement and do not require the consent of any third party, except as shall be required by law, rule or regulation. I have not entered into this Agreement for the purpose of evading creditors. I am of sound mind and not acting under duress.

    **6.2.2 No Other Obligations.** I am not indebted to any present or former spouse for support, maintenance or similar obligations, nor am I indebted to any child, or the guardian of any child, for any child support or similar payments and the proceeds of the Claim are not subject to any lien by any governmental agency to which payment for such benefits would be owed.

Page 4                                                                                              Client Initials

6.2.3 <u>Taxes</u>. I have paid all Federal, state and local taxes due through and including the date hereof or have made adequate provisions for such payments.

6.2.4 <u>Liens</u>. There are no pending bankruptcies, outstanding or unsatisfied judgments, or other judgments, levies, claims or liens (including, but not limited to, such liens for Medicare, Medicaid, Welfare, State Aid, State health, etc.) and there are no pending criminal allegation(s) or charge(s) against me except as disclosed below:

Other Liens:                                        Pending Criminal Allegations:

_____                      _____

_____                      _____

6.2.5 <u>No Omissions or Misrepresentations</u>. The statements in this Agreement and any and all other documents executed and delivered in connection herewith are true, accurate and complete, and I have made no omissions or misrepresentations in this Agreement or the documents executed and delivered in connection herewith, and neither this Agreement nor the documents executed and delivered in connection herewith and made a part hereof contain any untrue statement of a fact or omit to state any fact necessary in order to make the statements herein and therein incomplete or misleading.

6.2.6 <u>Non-Reliance</u>. I have not relied on representations or statements made by KrunchCash, its agents or attorneys, and I have sought and received independent tax, financial and legal advice with this transaction.

6.2.7 <u>Purchase and Sale</u>. I intend this transaction to be, and agree that this transaction is, a purchase and sale.

6.2.8. <u>High Risk; Acceptance</u>. I have been advised that I should not accept any funding from KrunchCash if I have any other alternative to meet my immediate economic necessities. I agree that KrunchCash is taking a substantial economic risk and a bona fide risk of loss in providing funding to me. Because KrunchCash is taking such a high risk, I understand that KrunchCash may make a large profit. However, KrunchCash will be paid only from the proceeds, and will not seek money from me directly in the event that I do not receive any proceeds, except as otherwise set forth in this Agreement. This Agreement will not become effective until it is signed by KrunchCash. KrunchCash may accept or reject this Agreement, in its sole and absolute discretion, for any reason or no reason at all.

6.2.9 <u>Legal Counsel</u>. I am represented by an attorney in the Claim. I have been advised to seek legal counsel of my own choosing prior to signing this Agreement. I have either received such legal advice or I hereby expressly waive it. I understand that KrunchCash is not involved with my legal decisions. I have instructed my attorney to diligently pursue the Claim; cooperate with KrunchCash during the Claim; and provide KrunchCash with periodic updates regarding the status of the Claim. I will notify KrunchCash if I change my attorney, settle the Claim, drop the Claim and/or receive any proceeds. I will immediately pay to KrunchCash the amount due to KrunchCash if I am ever in breach of this subsection.

6.2.10 <u>Treatment of Purchase Price; Treatment in Bankruptcy</u>. I will not treat the Purchase Price as a loan under any circumstances (including for tax purposes). If I commence, or have commenced against me, any case or other proceeding pursuant to any bankruptcy, insolvency or similar law prior to payment to KrunchCash of the amount due, I will cause the amount due to be described as an asset of KrunchCash (and not as my debt obligation) in any documents, agreements and instruments prepared or filed in connection with such proceeding.

6.2.11 <u>Power of Attorney</u>. I hereby irrevocably designate and appoint KrunchCash as my true and lawful agent and attorney-in-fact for all matters relating to this Agreement and the collection of any payments due to KrunchCash under this Agreement, and to do all acts and things necessary to fulfill my obligations under this Agreement.

## SECTION 7
## NOTIFICATIONS

**7.1 Change of Address/Contact Numbers.** I will receive any notices required under this Agreement at the address I have first listed above. If I move or my contact information changes, I will notify KrunchCash and provide my new contact information in writing within forty-eight (48) hours of the change.

**7.2 Cooperation.** I have instructed my attorney to cooperate with KrunchCash and to give KrunchCash periodic updates of the status of the Claim as KrunchCash may request. If I change attorneys I will notify KrunchCash within forty-eight (48) hours of the change and provide KrunchCash with the name, address, and phone number of my new attorney.

**7.3 Notices.** Any notices required under this Agreement or given in connection with this Agreement, shall be in writing and shall be given to the appropriate party by personal delivery or by certified mail, postage prepaid, or by recognized overnight delivery service to the addresses listed on the first page of this Agreement.

## SECTION 8
## MISCELLANEOUS

**8.1 Assignment.** KrunchCash, its assigns and/or successors, may sell, transfer, convey or assign its security interest created hereunder, one or more times, in whole or in part. Upon sale, transfer, conveyance or assignment, KrunchCash, its assigns and/or successors may provide notification of such sale, transfer, conveyance or assignment. Failure to provide any prior notice of sale, transfer, conveyance or assignment, shall not be construed as a waiver of any rights hereunder.

**8.2 Champerty.** Certain jurisdictions prohibit "Champerty". Champerty makes it illegal to acquire someone else's right to sue. I understand and acknowledge that KrunchCash is NOT acquiring my right to sue, that I have started or intend to file a lawsuit, that lawsuit or potential lawsuit absolutely belongs to me and no one else, and KrunchCash will NOT be involved in decisions made by me and my attorney regarding that lawsuit or potential lawsuit. This is an investment and not a loan, but should a court of competent jurisdiction construe it to be the latter, I agree that interest shall accrue at the maximum rate permitted by the state.

**8.3 Changes in Law.** If there is ever a change in any law, rule or regulation applicable to KrunchCash's business or this Agreement that renders any terms of this Agreement unlawful or unenforceable, I will meet with KrunchCash immediately to modify or amend the affected term or terms of this Agreement, and I hereby agree that I will none-the-less be liable for, and will pay to KrunchCash, the amount due to KrunchCash.

**8.4 Cooperation.** I agree to cooperate fully with KrunchCash to accomplish, secure, or further any purpose of this Agreement, including to execute, acknowledge and deliver such other documents (including instrument of assignment, financing statement, continuation statement) and take such other actions necessary, appropriate or reasonably requested by KrunchCash.

**8.5 Counterparts.** This Agreement may be executed in separate counterparts. A signature transmitted by facsimile or email shall be effective with the same force and effect as an original signature.

**8.6 Disbursement.** In the event of a dispute as to the amount owed to KrunchCash when the Claim is resolved, it is expressly understood that my attorney shall not disburse any funds to me, or on my behalf, except for attorneys' fees and/or disbursements incurred by my attorney in connection with the Claim. I hereby make the foregoing irrevocable direction to my attorney and my attorney's successors.

**8.7 Enforceability.** If any provision of this Agreement shall be deemed invalid or unenforceable, it shall not affect the validity or enforceability of any other provision hereof.

**8.8 Entire Agreement.** This Agreement constitutes the entire agreement between the parties and there are no representations, warranties, covenants, or obligations except as set forth herein. This Agreement may only be modified in writing. This Agreement supersedes all prior and contemporaneous agreements, understandings, negotiations, or discussions, written or oral, of the parties, relating to or arising from any transaction

contemplated by this Agreement. This Agreement shall be binding on, and inure to the benefit of, the parties hereto and their successors and assigns. This means that in the event of my death, my estate, executors, personal representatives, and heirs will be bound by the terms of this Agreement. This means that if you die, money from the Claim will first be used to pay KrunchCash before it goes to your heirs.

8.9 <u>Events of Default</u>. I agree that any breach by me of my representations, warranties, covenants, agreements and/or obligations under this Agreement will constitute an event of default, and in the event of a default, KrunchCash will be entitled to all rights, powers and remedies at law, in equity and under this Agreement. I further agree that KrunchCash may contact and advise my attorney and any other third party about KrunchCash's lien and security interest in the proceeds and direct my attorney and such other third party that KrunchCash shall be included as the payee on the proceeds. I hereby release KrunchCash from any and all liability resulting from any actions described above.

8.10 <u>Governing Law and Venue</u>. I agree that any disputes that may arise out of this Agreement shall be construed and interpreted under the laws of the State of Florida. Venue for any dispute arising from the Agreement shall lie in Palm Beach County, Florida, and the parties agree that any Federal lawsuits arising from this Agreement shall be filed and maintained in the United States District Court for the Southern District of Florida in Palm Beach County, Florida. The parties understand that the "choice of law," forum and venue clauses contained herein are critical in nature and are essential to the Agreement.

8.11 <u>NO CONSOLIDATION OR CLASS ACTION</u>. I HEREBY EXPRESSLY WAIVE THE RIGHT TO CONSOLIDATE, OR TO HAVE HANDLED AS A CLASS ACTION, ANY PROCEEDINGS, CONTROVERSIES, ARBITRATIONS OR DISPUTES OF ANY NATURE INVOLVING ANY PERSON OR ENTITY WHO IS NOT A PARTY TO THIS AGREEMENT.

8.12 <u>OPT-OUT WAIVER</u>. I REPRESENT AND WARRANT THAT I HAVE NOT OPTED-OUT OR OBJECTED TO THE PROPOSED SETTLEMENT OF THE CASE, AND I HEREBY EXPRESSLY WAIVE ANY AND ALL RIGHTS TO OPT-OUT OR OBJECT TO THE PROPOSED SETTLEMENT OF THE CASE OR ANY OTHER DISPOSITION THEREOF. ANY OPT-OUT OR OBJECTION OR ATTEMPT TO OPT-OUT OR OBJECT SHALL BE WHOLLY VOID AND UNENFORCEABLE IN ALL RESPECTS. I WILL NOT REFUSE TO COOPERATE OR TAKE ANY OTHER ACTION OR FAIL TO TAKE ANY ACTION RELATED TO THE PROSECUTION AND/OR SETTLEMENT OF THE CASE.

8.13 <u>Prior Funding Agreements</u>. Any and all prior receipt of funds of a similar nature are disclosed below. You must check the appropriate box:

**X** I have NOT received any funds of a similar nature to that of KrunchCash prior to receiving funds from KrunchCash.

OR

☐ I have received funds of a similar nature to that of KrunchCash prior to receiving funds from KrunchCash as listed below. I acknowledge and agree that KrunchCash may (but shall not be obligated to): (i) pay to the Funding Companies the aggregate payoff amount due under such prior funding agreements ("Payoff Amount"); and (ii) deduct the Payoff Amount from the Purchase Price

| Funding Companies: | Date of Funding: | Funding Amount: | Payoff Amount: |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

(Signature Page Follows)

## SIGNATURE PAGE

I HEREBY ACCEPT THE TERMS AND CONDITIONS OF THIS AGREEMENT, AND GRANT KRUNCHCASH A SECURITY INTEREST AND LIEN AS PER THE TERMS HEREOF, AND ASSIGN THE PROCEEDS OF THE CLAIM TO THE EXTENT SPECIFIED IN THIS AGREEMENT, AS OF THE DATE FIRST ABOVE WRITTEN. I AM AWARE THAT I MAY NOT ACCEPT ANY FUNDS OR ADVANCES AGAINST THE CLAIM FROM ANY OTHER FUNDING COMPANY UNLESS I FIRST REPAY KRUNCHCASH IN FULL, AND SATISFY THE LIEN AND SECURITY INTEREST. I UNDERSTAND THAT NO FUNDS FROM MY PORTION OF THE PROCEEDS RESULTING FROM THE CLAIM WILL BE DISBURSED TO ME WITHOUT FIRST SATISFYING KRUNCHCASH'S LIEN.

DO NOT SIGN THIS AGREEMENT BEFORE YOU READ IT COMPLETELY OR IF IT CONTAINS ANY BLANK SPACES. YOU ARE ENTITLED TO A COMPLETELY FILLED IN COPY OF THIS AGREEMENT. BEFORE YOU SIGN THIS AGREEMENT YOU SHOULD OBTAIN THE ADVICE OF AN ATTORNEY. DEPENDING ON THE CIRCUMSTANCES, YOU MAY WANT TO CONSULT A TAX, PUBLIC OR PRIVATE BENEFIT PLANNING, OR FINANCIAL PROFESSIONAL. YOU ACKNOWLEDGE THAT YOUR ATTORNEY IN THE CLAIM HAS PROVIDED NO TAX, PUBLIC OR PRIVATE BENEFIT PLANNING, OR FINANCIAL ADVICE REGARDING THIS TRANSACTION.

Client Signature: _____
Print Name: _____
Date of Birth: _____
Social Security No.: _____

State of Mississippi

County of Tate

The foregoing instrument was acknowledged before me this 17 day of November 2015, by _____

(Seal)

[Notary Seal: STATE OF MISSISSIPPI NOTARY PUBLIC ID # 103841 JESSICA H. McALEXANDER Commission Expires Oct. 3, 2016 TATE COUNTY]

Signature of Notary Public: Jessica H. McAlexander

Print, Type/Stamp Name of Notary: Jessica H. McAlexander

☑ Personally known
OR
☐ Produced Identification. Type of Identification Produced: _____

KRUNCHCASH, LLC

By: _____
Print Name: _____
Date: _____

Page 8                                                          Client Initials ___

## CONSENT OF SPOUSE
### (if applicable)

THE UNDERSIGNED SPOUSE OF THE CLIENT NAMED HEREIN HEREBY CONSENTS TO AND APPROVES THE TERMS AND CONDITIONS OF THIS AGREEMENT TO THE EXTENT REQUIRED BY LAW AND ACKNOWLEDGES HAVING FULLY READ THIS AGREEMENT AND FULLY UNDERSTANDING ITS TERMS.

Spouse Signature: ███████████

Print Name: ███████████

State of Mississippi

County of Tate

The foregoing instrument was acknowledged before me this __17__ day of November 2015, by ███████████

(Seal)

Signature of Notary Public: *Jessica H. McAlexander*

Print, Type/Stamp Name of Notary: Jessica H. McAlexander

Notary Seal: STATE OF MISSISSIPPI, NOTARY PUBLIC, ID # 103641, JESSICA H. McALEXANDER, Commission Expires Oct. 3, 2016, TATE COUNTY

☑ Personally known

OR

☐ Produced Identification. Type of Identification Produced: _____

## IRREVOCABLE CLIENT DIRECTIVE

This Irrevocable Client Directive, along with the executed Funding Agreement, confirms that ▓▓▓▓▓▓▓▓▓▓ (hereinafter referred to as "I" or "Client") has granted to KrunchCash, LLC (hereinafter "KrunchCash") an irrevocable lien and security interest in and to the proceeds recovered from any settlement, judgment, award, compromise, verdict and/or other disposition of the Claim (defined in the Funding Agreement).

By executing this Irrevocable Client Directive, I hereby instruct you as my attorney to act in accordance with the terms and conditions contained in the Funding Agreement and this Irrevocable Client Directive:

1. In order to satisfy my obligations to KrunchCash, I instruct you upon receipt of the proceeds, to deposit the same (whether payable to me individually, or to me jointly with your law firm) into your escrow/attorney trust account immediately.

2. Before disbursing any proceeds, please have your office call KrunchCash at 800.929.1902 to confirm the amount due to KrunchCash under the terms of the Funding Agreement.

3. PLEASE BE ADVISED THAT YOU MAY NOT DISBURSE ANY FUNDS FROM MY PORTION OF THE PROCEEDS RESULTING FROM THE CLAIM WITHOUT FIRST SATISFYING KRUNCHCASH'S LIEN.

4. Upon disbursing any proceeds from the Claim, before any proceeds are distributed to me, please deduct and forward all amounts payable to KrunchCash via mail to: KrunchCash, 200 East Palmetto Park Road, Palm 1, Boca Raton, FL 33432.

5. Upon request by KrunchCash, disclose to KrunchCash the amount of proceeds resulting from the Claim.

6. Notify KrunchCash within forty-eight (48) hours if there are any other assignments or liens of any kind whatsoever on the Claim, now or in the future, including without limitation federal, state or local tax liens, liens for child support, bankruptcy, outstanding or unsatisfied judgments, or other judgments, levies, claims or liens (including but not limited to such things as Medicare, Medicaid, Welfare, State Aid, State health, etc.)

7. If you are no longer representing me in the Claim, notify KrunchCash within forty-eight (48) hours.

8. Cooperate with KrunchCash by providing, upon request, any information regarding the Claim and the defendant(s) to KrunchCash that does not violate the attorney/client privilege.

Very truly yours,

Client Signature: ▓▓▓▓▓▓▓▓▓▓

Print Name: ▓▓▓▓▓▓▓▓▓▓

State of Mississippi

County of Tate

The foregoing instrument was acknowledged before me this 17 day of November 2015, by ▓▓▓▓▓▓▓▓▓▓

(Seal)

Signature of Notary Public

Print, Type/Stamp Name of Notary: Jessica H. McAlexander

☑ Personally known OR ☐ Produced Identification. Type of Identification Produced: _____

Notary Seal: STATE OF MISSISSIPPI, NOTARY PUBLIC, ID # 103641, JESSICA H. McALEXANDER, Commission Expires Oct. 3, 2016

Page 10                                                                  Client Initials ▓▓

## ATTORNEY ACKNOWLEDGMENT

I hereby acknowledge receipt of this Irrevocable Client Directive and the Funding Agreement. I understand that this Irrevocable Client Directive is a material part of the Funding Agreement, and I will comply with the conditions contained herein and therein.

I acknowledge that: (i) I have reviewed the Funding Agreement and all costs and fees have been disclosed including the annualized rate of return applied to calculate the amount to be paid by Client; (ii) I am being paid with respect to this matter on a contingency fee basis per a written fee agreement; (iii) all proceeds from the Claim will be disbursed via the firm's trust account or a settlement fund established to receive the proceeds from the Claim on behalf of Client; (iv) I am following the written instructions of Client with regard to the non-recourse advance (v) Client granted KrunchCash a lien and security interest against the proceeds of the Claim as a consequence of executing the Funding Agreement; (vi) pursuant to the Funding Agreement, Client has sold and assigned a portion of Client's proceeds to KrunchCash; (vii) I will follow all the terms and conditions contained in this Irrevocable Client Directive and will honor the terms of the Funding Agreement; (viii) I am not aware of any other liens attached to the Claim that are the result of a funding agreement similar in nature to that of KrunchCash; (ix) the Funding Agreement prohibits Client from creating or obtaining any other liens resulting from a funding agreement similar in nature to that of KrunchCash, unless KrunchCash's lien is satisfied in full; (x) prior to making any distribution to Client of any proceeds, I will contact KrunchCash to ascertain the total amount due to KrunchCash, and will not remit any proceeds to Client or on Client's behalf, until KrunchCash's lien is satisfied in full; (xi) making a check or accompanying letter to the effect of a release of claim or "in full satisfaction," absent a written confirmation that KrunchCash will accept a lesser sum, will not have a legal effect, and KrunchCash is authorized to deposit said check without prejudice to KrunchCash's rights to collect payment in full; (xii) the Claim is still pending and in active status; and (xiii) if I am no longer representing Client in the Claim, I will notify KRUNCHCASH within forty-eight (48) hours.

Law Firm Name: Hausfeld LLP

Attorney Signature: _____

Print Name: Richard S. Lewis, Esq.

Date: November 18, 2015

## DISTRIBUTION FORM

Indicate the delivery method to receive the Disbursed Funding Amount by checking the appropriate box and filling in the information requested below:

☐ CHECK:   ☐ Express Delivery Service: Requires a signature and a physical address, NOT a P.O. Box. By selecting this option, I agree to pay a delivery fee of $50.00, which will be deducted from the Disbursed Funding Amount. No weekend delivery.

OR

☐ U.S. Postal Mail (FREE).

DELIVER CHECK TO:

_____
_____
Attn: _____
Phone: _____

☑ WIRE: I would the like the Disbursed Funding Amount wired to my bank account or my attorney's trust account. By selecting this option, I agree to a wiring fee of $50.00, which will be deducted from the Disbursed Funding Amount. KrunchCash is not responsible for the length of time your financial institution takes to process the wire. Please provide the following information AND A COPY OF A VOIDED CHECK:

BANK NAME: ███████████████████
BANK CITY and STATE: ███████████████
BANK ABA OR ROUTING # (9 DIGITS): ████████
NAME(S) ON ACCOUNT: ████████████████
ADDRESS ON ACCOUNT: ████████████████
ACCOUNT NUMBER: ██████████████
ACCOUNT TYPE: ████
SPECIAL INSTRUCTIONS: _____

I understand and expressly agree that KrunchCash may pay the Disbursed Funding Amount, in KrunchCash's discretion, either to a third party on my behalf (such as to pay prior liens) and/or directly to me.

By signing below, I agree to the terms of this Distribution Form and understand that I am responsible for the information that I have provided on this form and that KrunchCash is not responsible for any problems in delivery or transfer of funds, so long as it follows my instructions.

Client Signature: ███████████████
Print Name: ████████████
Date: November 17, 2015

Page 12                                                                Client Initials ████