

199 Main Street, 8th Floor
White Plains, NY 10601
(866) 709-1100 Phone
(866)-417-4081 Fax

# FAX – CONFIDENTIAL (▮▮▮▮▮▮▮▮)

| | | | |
|---|---|---|---|
| **To:** | Jason Luckasevic, Esq. | **From:** | **Wensley McKenney** |
| **Fax:** | (412) 471-8308 | **Date:** | September 27, 2016 |
| **Re:** | ▮▮▮▮▮▮▮ | **Pages** | 7 |

Dear Jason Luckasevic,

I have attached our Cash Advance Agreement and Letter of Instruction for your client, ▮▮▮▮▮▮ ▮▮▮▮▮▮ Please have your client execute where indicated. We also require your signature under the Attorney Acknowledgement of Exhibit A. We appreciate your efforts in helping your client, ▮▮▮▮▮▮▮▮▮ secure funding.

INSTRUCTIONS

1. Client and Attorney sign where designated. It is not necessary for your client to sign the release unless they want the fee reduced, and after the case settles.
2. Fax documents to **(866) 417-4081 or Email to joseph@glofin.com. (Please reference** ▮▮▮▮▮▮▮▮ **in your fax or email.)**
3. We try to be flexible so if you have questions regarding any of the language, please contact me to have your changes approved.
4. File one copy to clients file and **clearly indicate that an Assignment & Security Interest has been issued to GLOBAL FINANCIAL CREDIT.**
5. Provide the client with a copy for their records.
6. Thank the client and wish them good luck in their case on behalf of everyone at GLOBAL FINANCIAL!!

Sincerely,

*Wensley McK—*
Wensley McKenney
Managing Director
Global Financial Credit, LLC

## CASH ADVANCE AGREEMENT (███████)

   THIS AGREEMENT is entered into on this date, September 27, 2016, between ███████ (hereinafter "Seller"), residing in ███████ and GLOBAL FINANCIAL CREDIT, LLC, a Delaware Limited Liability Company (hereinafter "Purchaser"), with its principal place of business at 199 Main Street, 8th Floor, White Plains, NY 10601. Purchaser and Seller are collectively referred to as "Parties" and singularly as "Purchaser" and "Seller" respectively;

   WHEREAS, Seller is engaged in a pending legal claim and/or lawsuit as a result of injuries arising out of a Personal Injury, Worker Compensation or other legal claim ("Legal Claim"); and

   WHEREAS, Seller does not have sufficient funds to proceed with the Legal Claim and is unsure of the amount of time until completion of the Legal Claim and;

   WHEREAS, Seller has contacted the Purchaser voluntarily and not as a result of any solicitation on the part of Purchaser;

   WHEREAS, Seller agrees not to share this agreement with anyone other than Purchaser or legal counsel that represents Seller in connection with the Legal Claim;

   WHEREAS, Seller has been advised that Purchaser is a provider of funds of last resort and that other funding sources may be less expensive and that Seller should seek funding for current, necessary expenses elsewhere, other than from Purchaser, if at all possible; and

   WHEREAS, Seller recognizes this Cash Advance Agreement to be a high-risk cash advance from the potential legal claim proceeds and not a loan, and further acknowledges that Purchaser may make a substantial profit on this Agreement; and

   WHEREAS, the Parties agree to the following terms and conditions under which this Agreement shall be performed;

   NOW, THEREFORE, in consideration of these promises, the Parties hereto agree as follows:

### ARTICLE I: TERMS OF CASH ADVANCE

   In consideration for the cash advance of $9,295.00 DOLLARS ("Cash Advance") provided to the Seller by the Purchaser, the Seller hereby assigns a security interest in the potential future proceeds of his/her Legal Claim amount ("Proceeds" hereinafter defined as the gross amount of recovery from the Legal Claim less the Seller's attorney's fee and actual case preparation costs) equal to the Cash Advance, plus a monthly fee equal to 2.99% ("Monthly Fee") to be calculated as follows: The Monthly Fee will be calculated on a daily basis by multiplying the corresponding daily fee of 0.099667% (2.99%/30 days) by the total outstanding amount due Purchaser on the previous day. In addition, a one-time Minimum Return Fee ("MRF") of $2,295.00 will be deducted from the Cash Advance and a $7,000.00 advance amount ("Advance Amount") will be provided to the Seller. A Cap will be placed on the Monthly Fee so that the total repayment amount by Seller will never exceed $27,885.00 dollars. Any recovery from derivative claims or cases are also to be included in Proceeds described above. .A Closing Fee of $50 will be added to the Seller's final balance due. Seller agrees that a Voice Recorded Agreement ("VRA") or transcript of said recording will be considered legally valid and used to secure future advances. The VRA will be subject to the same terms and conditions of this agreement and/or the terms outlined in the VRA.

   Seller assigns merely as security interest in the specific amount described above from the Proceeds of the Legal Claim, not the actual rights to pursue the Legal Claim. Seller retains control of the Legal Claim, and all decisions regarding legal strategy shall remain with the Seller and his or her attorney. Purchaser shall have no influence over the Legal Claim.

   Both Seller & Purchaser agree that the obligation to pay the partial assignment of the Legal Claim is speculative, without recourse and contingent upon the successful resolution of the Legal Claim, and any successor claims and/or litigation arising out of the same facts, or arising out of the conduct of the Legal Claim. If no recovery arises from the Legal Claim, the Purchaser shall receive nothing. Seller further acknowledges that no debt to the Purchaser is created until there is a successful resolution in the Legal Claim.

## ARTICLE II: DISTRIBUTION OF CASH ADVANCE AND FEES

In consideration for the Advance Amount, at the time of settlement and/or resolution of the Seller's Legal Claim, the Purchaser will receive the Cash Advance plus the Monthly Fee, defined above. Seller acknowledges and understands that Purchaser will be paid in full prior to Seller receiving any funds from the proceeds.

Seller agrees that if the subject Legal Claim is to be settled or otherwise satisfied via a Structured Settlement, the initial disbursement of proceeds due pursuant to the Structured Settlement and payable by the defendant or defendant's insurance carrier in the Legal Claim must be sufficient to pay and must be used to pay all monies due the Purchaser pursuant to this Agreement.

## ARTICLE III: AGREEMENT ENFORCEMENT

If Seller breaches any of the terms of this agreement or fails to make payments when due under this agreement, Seller shall pay all of the Purchasers costs & expenses, including reasonable legal fees, incurred by the Purchaser enforcing the terms of this agreement or collecting any payment due under this agreement.

## ARTICLE IV: PURCHASER'S RIGHT TO GIVE NOTICE

Only in the event that Seller is no longer represented by the law firm listed on Exhibit A will Purchaser have the right to send a notice of lien & security interest against Proceeds of the Legal Claim to any and all applicable insurance carriers or attorney(s) in order to protect Purchaser's interest in this matter. Regardless of whether Seller has legal representation, Seller irrevocably instructs Insurer to satisfy the partial assignment directly with Purchaser before releasing any settlement funds to Seller.

## ARTICLE V: RIGHT OF CANCELATION

SELLER MAY CANCEL THIS AGREEMENT WITHOUT PENALTY OR FURTHER OBLIGATION WITHIN 120 BUSINESS HOURS (5 BUSINESS DAYS) OF THE EXECUTION OF THIS AGREEMENT, provided that the Seller must return the exact amount advanced to Seller simultaneously with the rescission. Seller may complete the cancellation by returning funds to Purchaser in form of (a) un-cashed check (b) return wire transfer or (c) bank draft sent to Purchaser's business address. NEW YORK CONSUMER'S RIGHT TO CANCELLATION: SELLER MAY CANCEL THIS AGREEMENT WITHOUT PENALTY OF FURTHER OBLIGATION WITHIN 5 BUSINESS DAYS FROM THE DATE YOU RECEIVE FUNDING FROM PURCHASER.

## ARTICLE VI: BUYOUT OF CASH ADVANCE & MONTHLY FEES

The Seller will retain the option to buy-out the entire Cash Advance and Fees as set forth in Article II of this Agreement to Purchaser at any time prior to the Settlement Date and distribution of the Proceeds at his/her discretion applying the same Cash Advance & Monthly Fees as if the claim settled. Purchaser expressly reserves the right to assign this Cash Advance to any individual, corporation, or any entity recognized under United States or International law.

## ARTICLE VII: ENTIRE AGREEMENT & UNDERSTANDING

This Agreement constitutes the entire agreement between the parties and there are no representations, warranties, covenants or obligations except as set forth herein. Both Parties agree that a faxed copy of this document is considered original. This Agreement supersedes all prior and contemporaneous agreements, understandings, negotiations, or discussions, written or oral, of the parties hereto, relating to any transaction contemplated by this agreement, however, this Agreement does not supersede any previously executed Cash Advance Agreement(s) between Seller & Purchaser. The Seller acknowledges that he/she has relied on his/her own judgment in executing this document and has read it without duress. Seller acknowledges that the terms of this Agreement have been drafted and negotiated by both the Seller and the Purchaser, and that all questions have been answered to the Seller's satisfaction.

## ARTICLE VIII: ARBITRATION AGREEMENT

By signing this Agreement Purchaser and Seller acknowledge and agree that if a dispute of any kind arises out of this Agreement or the application therefore or any document relating thereto, either Purchaser or Seller may elect to have that dispute resolved by binding arbitration as set forth in this Article. If either Party elects to proceed by

arbitration, both parties will lose their rights to go to court to assert or defend their rights under this agreement. The Parties rights will instead be determined by one or more neutral arbitrators and not a judge or jury. Arbitration decisions are as enforceable as any court order and are subject to very limited review by a court. Any arbitration under this Agreement will take place on an individual basis; class arbitrations and class actions are not permitted. Parties agree that any such arbitration shall take place under the auspices of the American Arbitration Association ("AAA") in a location that is reasonably convenient to both parties. If we cannot agree on a location, the determination will be made by the American Arbitration Association. Parties agree that any arbitration may also be conducted by telephone or other electronic transmission. Parties agree that the procedural rules of the AAA and the substantive laws of the state of New York shall be applied in all events. In order to initiate an arbitration to resolve a claim, dispute or controversy Seller or Purchaser must notify the other party in writing by certified mail (the "Demand"), which must: (a) briefly explain the dispute, (b) list the name, address and phone number of the both Parties, (c) specify the amount of money involved, (d) state the preferred hearing locale, and (e) state what you want to resolve the dispute. Party submitting Demand must send two copies of the demand to the AAA at 1633 Broadway, 10F, New York, NY 10019, Phone (585) 387-9450, along with the appropriate administrative fee/deposit.

### ARTICLE IX: SEVERABILITY

If a court finds any provision of this Agreement invalid or unenforceable as applied to any circumstance, the remainder of this agreement and the application of such provision to other persons or circumstances shall be interpreted so as best to effect the intent of the parties hereto. The parties further agree to replace any such void or unenforceable provision of this agreement with a valid and enforceable provision which will achieve, to the extent possible, the economic, business and other purposes of the void or unenforceable provision. This article is intended to provide a court of competent jurisdiction with the ability to "blue pencil" this agreement so as to render it lawful, to the broadest extent possible, and is specifically applicable but not limited to the financial provisions of Article I.

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed by their duly authorized officers.

This agreement and its principle terms have been explained to me and all questions that I may have about this transaction have been answered. This has been done both in English and _____, the language I speak best. Before you sign this agreement, you should obtain the advice of your attorney. You are entitled to a fully executed copy of this agreement.

GLOBAL FINANCIAL CREDIT, LLC
(a Delaware Limited Liability Company)

Date: _____      By: _____
                            Wensley McKenney - Purchaser

Date: _____      By: _____
                            ▓▓▓▓▓▓▓▓ - Seller

# Exhibit A

## LETTER OF INSTRUCTION

September 27, 2016

Jason Luckasevic, Esq.
Goldberg Persky Jennings & White P.C.
1030 Fifth Avenue
Pittsburgh, PA 15219-6295

Dear Jason Luckasevic,

I, ███████████ hereby instruct Jason Luckasevic &/or Goldberg Persky Jennings & White P.C., or any subsequent attorney(s) that may represent me, to place a consensual lien & security interest against any and all of the future settlement proceeds due to me from the legal claim(s)/case(s) in which you represent me. I irrevocably instruct you to protect and satisfy this consensual lien & security interest per the terms of the attached Cash Advance Agreement ("Agreement") which I have entered into with Global Financial Credit, LLC ("Global"). If any legal counsel representing me decides to challenge the terms of this Letter or the attached agreement, I instruct you to hold all funds in your trust account until the dispute has been resolved. If a lien is not legally allowable on my case, please understand I have nonetheless agreed to pay Global when my case settles. Failure to pay in a timely manner will result in significant financial harm to me. I also instruct you to provide Global with periodic updates on my case.

Should there be a dispute in the amount owed Global, I instruct you not to release any funds to me until the dispute is resolved. I instruct you not to share this letter or the attached agreement with anyone unless you are ordered to do so by a court of law. In the event that you no longer represent me, I instruct you to provide Global with applicable insurance and/or attorney information in order for them to protect their assignment/lien. I have read the Agreement and fully understand my obligations. If any checks sent in my name, I hereby grant you limited power of attorney to endorse and deposit my check into your trust account and pay Global in full before releasing any funds to me.

Sincerely,

████████████

## ATTORNEY ACKNOWLEDGMENT

I, Jason Luckasevic, acknowledge receipt of this Letter from my client. I will honor the instructions from my client. Should my representation with this client terminate, I will contact Global, without delay, and provide applicable insurance and/or new attorney information. Should there be a dispute in the amount due and owing, I will protect the funds that Global asserts is owed until resolution of the dispute. I represent that ███████████ claim is still pending in active status and that presently there are no motions for a final disposition and that the claim is being vigorously defended. I will not share the attached agreement with any third party unless I am ordered to do so by a court of law. I represent that to the best of my knowledge ███████████ has NOT previously received a cash advance (from anyone other than Global) against his/her legal claim similar to the attached Agreement. I represent that this advance is not being used to pay either fees or expenses of this case.

_____
Jason Luckasevic, Esq.

How should we contact your office for case updates?

jluckasevic@dopplaw.com
Email is Preferred (or Fax)

# Exhibit B
## Advance & Repayment Terms Agreement

Parties: ▮▮▮▮▮▮▮▮ is Seller and Global Financial Credit, LLC is the Purchaser.

| Full Disclosure Box – ▮▮▮▮▮▮▮▮ | | | |
|---|---|---|---|
| Advance Amount to Seller | $7,000.00 | Balance Due 3 Months | $10,166.85 |
| Balance Due at Execution | $9,295.00 | Balance Due 6 Months | $11,142.64 |
| Monthly Fee | 2.99% | Balance Due 12 Months | $13,370.87 |
| | | Capped Due after 33 Months | $27,885.00 |

## Please follow these 2 easy steps:

**❶**   Check ☑ **One** of the following Boxes below

*Transaction Fee Will be deducted from your Approval Amount*

☐ **MoneyGram $35**
SAME DAY CASH PICKUP!!!
MAX- $5,000
AZ STATE MAX $500
(Fill In Information Below)

☐ **DIRECT DEPOSIT via ACH — $25**
ACH Direct Deposit Not Wire.
Funds post Next Business Day
(Fill in Information Below)
No debit/bank or ATM cards

☐ **UPS Overnight $35**
Delivery (M-F)
☐ Sat. Delivery $75
☐ Regular Mail – Free

**❷**   ATTENTION: Below MUST be filled out <u>before</u> release of money

Social Security Number ___ ___ ___ - ___ ___ - ___ ___ ___ ___        DOB ___/___/19___
(NO CREDIT CHECKS)(**SS# & DOB Required Regardless of payment option**)

Name: (Check Issued to) _____   Phone: ( )

Street: _____ Apt. ___ City: _____ ST: ___ Zip: _____

**MoneyGram.**
Check One    ☐ Driver license   ☐ State ID   ☐ Passport   ☐ Gov't ID   ☐ Alien ID
Name on ID: _____   Number on ID: _____

State where ID was Issued: _____   State of MoneyGram Pickup: _____   Exp of ID: ___/___/20___

**DIRECT DEPOSIT via ACH**    ☐ Checking    ☐ Savings
Bank Name: _____   Name On Account: _____
Acct #: _____   Routing # (Only 9 digits): ___ ___ ___ ___ ___ ___ ___ ___ ___

Terms: Balances due above do not include the $50 Closing fee, which is waived if the Seller signs a release at case closing. In the event that Seller receives a financial recovery from the legal claim as mentioned in the Non-Recourse Cash Advance Agreement and Seller receives funds prior to Purchaser's assignment & security interest being satisfied in full, Seller grants Purchaser the right to effect one or more ACH debit entries, as needed, from Seller's bank to satisfy outstanding assignment & security interest balance due Purchaser in full.

**In a sentence or two please describe how we've helped you in your time of need.**

_____

By signing below, I, ▮▮▮▮▮▮▮▮ agree to the terms of the Exhibit B and understand that I am responsible for the information that I have provided on this form. Purchaser is not responsible for any problem in delivery or transfer of monies, so long as it follows the instructions provided by the Seller.

_____ Date: _____   _____ Date: _____
▮▮▮▮▮▮▮▮ – Seller                & Global Financial Credit, LLC – Purchaser

# RELEASE

This agreement and mutual release ("agreement") is made between Global Financial Credit, LLC ("GLOBAL"), located at 199 Main Street., 8th Floor; White Plains, NY  10601, together with its successors and/or assigns (collectively "GLOBAL"), and ▮▮▮▮▮▮▮▮▮▮ ("Plaintiff"), together with his/her/their successors, heirs and/or assigns.

**Whereas**, under the terms of one or more prior agreement(s) (the "Prior Agreements") Plaintiff assigned to GLOBAL an interest in the proceeds of Plaintiff's anticipated recovery, by settlement, judgment or otherwise (the "Recovery"), on Plaintiff's case/claim/litigation which was then pending ("the Case");

**Whereas**, the Case has been tried, settled, or otherwise resolved, and GLOBAL is entitled to receive certain closing fees ("Closing Fees"), pursuant to the Prior Agreements.

**Whereas**, GLOBAL is willing to waive a portion of the Closing Fees in exchange for certain warranties and representations of the Plaintiff, which are more fully described and defined herein;

**Now therefore**, in full consideration of the mutual promises and agreements set forth herein, to include but not be limited to GLOBAL's waiver of a portion of the Closing Fees to which it is entitled pursuant to the Prior Agreements, the parties agree as follows:

1. Plaintiff and GLOBAL hereby mutually release, hold harmless, covenant not to sue or participate in any suit, and forever discharge each other collectively and individually, including their respective affiliates, legal representatives, agents, officers, owners, directors, predecessors, administrators, personal representatives, heirs, successors and assigns of and from any and all disputes, which shall include all actions, causes of action, suits, debts, sums of money, covenants, contracts, damages, judgments, and demands, of every nature whatsoever, whether known or unknown, in law or equity, which they ever had since the beginning of time, now have, or hereafter can, shall or may have. "Any and all disputes" for purpose of this agreement is intended to be given the broadest possible interpretation, and shall include but not be limited to any claims Plaintiff may claim arising pursuant to Plaintiff's purported inclusion in a certified class action matter.

2. In consideration for the mutual promises and the general releases each party is providing herein, GLOBAL agrees it will waive some amount Closing Fees in order to expedite conclusion of Plaintiff's Recovery and finalize Plaintiff's obligations pursuant to the Prior Agreements in an expedited fashion.

3. Plaintiff represents and warrants that he/she has had the full opportunity to consult with counsel and review with counsel the within agreement, and as a result fully and completely understands its terms and consequences.

4. This agreement for accord and satisfaction, settlement agreement and/or general release shall be governed, interpreted, and enforced by, and in accordance with, the laws of the state of New York, without giving effect to the conflict of laws principles thereof.

5. The date on which GLOBAL waives of a portion of the Closing Fees pursuant to this Agreement, as evidenced by GLOBAL's acceptance of final payment from Plaintiff pursuant to the Prior Agreements, shall constitute the effective date of this Agreement. Any complaints, claims and/or causes of action related to the Prior Agreements are moot and are barred by the doctrine of accord and satisfaction.  Accordingly, this agreement supersedes all prior agreements with respect to the subject matter hereof and the releases contained herein.

IN WITNESS WHEREOF, the Parties have affixed their signatures.

Plaintiff: ▮▮▮▮▮▮▮▮▮▮

Global Financial Credit, LLC, by Wensley McKenney
Ref ▮▮▮▮▮▮▮▮▮▮



## Global Financial
Financing Justice

199 Main St; 8th Floor
White Plains, NY 10601

---

| * Surgery Funding | * Living Expenses | * Trial Expenses |

9/29/2016

Jason Luckasevic
Goldberg Persky Jennings & White P.C.
1030 Fifth Avenue
Pittsburgh PA, 15219-6295

**Plaintiff:** ███████████████          ███████████████

Dear Jason Luckasevic,

Please be advised that Global Financial Credit, LLC, recently provided a cash advance to your client above. The client was referred to us through a Broker and we want your office to be aware that upon settlement and distribution of proceeds from the claim that your office should contact us directly to satisfy our lien/security interest. Please contact us for a payoff amount due at:

Global Financial Credit
P.O. Box 502
Katonah, NY 10536

Phone: 866-709-1100
Fax 888-528-1512
email: payoff @glofin.com

Sincerely,

*Wensley McKenney*
Finance Manager
wensley@glofin.com
(866) 709-1100 Ext. 101

**Financial Strength for a Fair Settlement**          www.glofin.com

---

199 Main Street, 8th Floor; White Plains, NY 10601. Phone 866-709-1100. Fax 888-528-12512

GPW CL "A" 0008



**Global Financial**
Financing Justice

199 Main St, 8th Floor
White Plains, NY 10601

---

\* Surgery Funding         \* Living Expenses         \* Trial Expenses

# NOTICE OF ASSIGNMENT
## and Security Interest

9/29/2016

Jason Luckasevic
Goldberg Persky Jennings & White P.C.
1030 Fifth Avenue
Pittsburgh PA, 15219-6295

| Need a Payoff?: |
| payoff@glofin.com |



**Plaintiff:** ███████████████     ███████████████

Dear Jason Luckasevic,

As you are aware from the execution of the Cash Advance Agreement, the Letter of Instruction and the Attorney Acknowledgement, Global Financial Credit, LLC, has been granted an Assignment and Security Interest in the potential proceeds from the legal claim of the above referenced Plaintiff. PLEASE BE ADVISED THAT YOU MAY NOT DISBURSE ANY FUNDS FROM THE PLAINTIFF'S PORTION OF THE SETTLEMENT, JUDGEMENT OR OTHER UNTIL OUR SECURITY INTEREST HAS BEEN SATISIFIED.

Upon settlement, judgement or collection, please EMAIL TO: payoff@glofin.com or fax us at (888)528-1512 to RECEIVE THE FINAL AMOUNT DUE.

Mail checks to the address below.

Global Financial Credit
P.O. Box 502
Katonah, NY 10536

Sincerely,

*Kevin Confoy*
Finance Manager
kevin@glofin.com
(866) 709-1100 Ext. 118

**Financing Justice**                                                                                         www.glofin.com

---

199 Main St, 8th Floor; White Plains, NY 10601.  Phone 866-709-1100.  Fax 888-528-1512