# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:18-md-2323-AB <br> No. 2:12-md-2323-AB <br> MDL No. 2323 |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*, <br><br> Plaintiffs, <br><br> v. <br><br> National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc., <br><br> Defendants. | **Hon. Anita B. Brody** |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

## DECLARATION OF BRADFORD R. SOHN PURSUANT TO D.E. 9833

I, Bradford Rothwell Sohn, declare pursuant to 28 U.S.C. § 1746:

1. I am licensed to practice law in Florida, doing so through my firm The Brad Sohn Law Firm, PLLC.

2. I am the sole member of this firm and submit this declaration as an attorney seeking payment from the Attorneys' Fees Qualified Settlement Fund, pursuant to the Court's Order Setting Hearing on the allocation of common benefit fund fees (D.E. 9833), and in conjunction with Co-Lead Class Counsel's previously-filed Petition for an Award of Attorney's Fees and Reimbursement of Costs and Expenses (D.E. 8447).

3.      In light of the Court's request for the most inclusive responses possible (D.E. 9833, n. 5), I note my having had prior affiliations with Lieff Cabraser and Podhurst.  This fact notwithstanding, I would be speculating to the extent my answers to the Court's questions were applied to either of these firms' client inventories; I simply am not in the best position to answer for them and—while availing myself to answer any further questions—would respectfully direct the Court to Ms. Fleishman and Mr. Marks, respectively, for their firm's information.

**ANSWERS TO QUESTIONS**

1.      My firm has represented 20 SCMs; four SCMs terminated representation (all of them poached) between final approval and several weeks subsequent to the Effective Date.

2.      With respect to each sub-part, I state the following:

   a. Four clients have had claims paid; <u>one</u> client has received a Monetary Award Notice, subject to a Statute of Limitations matter; and <u>three clients</u> seem reasonably likely to receive awards in the near future. With respect to the latter three clients: one had been proceeding *pro se* and submitted a procedurally defective CTE/Death claim, the denial of which I appealed, and which is now being re-administrated on remand; and the other two clients had alleged pre-effective-date Qualifying Diagnoses with further support needed and seem likely to receive awards upon re-filing (*see* 2(c).)

   b. With respect to my own words or representations and/or those of my agents/employees/contractors, the only BSLF clients who have *ever* been informed that they would receive monetary awards are those who have received payments.  To the extent the Court's question covers notices generated by Brown Greer, I refer the Court to my answer in 2(a). In other words: all clients that have received Notices of Monetary Award and/or have received payment would also have seen the notices from Brown Greer. Finally, this question can be interpreted to seek information on what outside parties have told my clients. Obviously, that information is—by its nature—secondhand. Nevertheless, and to my great frustration, I note my having devoted significant time and energy clarifying and/or rebutting myriad "grapevine legal advice."  In particular, I have had to inform at least two clients that—contrary to what former teammates may have told them (often, it seems, relying on information from brokers and lenders)—the notion that one's mere NFL play would qualify them for millions of dollars was simply wrong.

2

    c. As discussed in 2(a), eight clients have alleged Monetary Award Claims, with four paid, two pending, and two to be re-filed. Three of these claims sought compensation for CTE/Death (the *pro se* client's Claim Package was defective); one concerns a pre-2006 ALS/Death claim; two living clients (Alzheimer's and Neurocognitive Impairment Level 1.5, respectively) have been paid, following denials of appeals/audit; and finally, two clients had alleged pre-effective-date Diagnoses for Levels 2.0 and 1.5, respectively, but received denials. The denied Level 2.0 claimant receives NFL Disability and Social Security, and submitted neuropsychological testing from Dr. Robert Stern, Phd, at Boston University, as well as a neurological evaluation from Dr. Samuel Frank, MD, head of the movement disorders clinic at Harvard.  His claim was denied, respectfully, due to a lack of clarity on required documentation for pre-effective-date claims; we anticipate re-submitting after he visits a MAF Physician.  The second client whose pre-effective-date (Level 1.5) Diagnosis was rejected has been regularly followed by a Cleveland Clinic neurologist (also a department head) since 2012, and had this documentation, along with the neuropsychological evaluation denied for similar reasons. We will be re-submitting his claim as well, following examination from a Qualified MAF Physician and—to the extent necessary—a properly-boarded neuropsychologist.

    d. All of clients are seemingly eligible for a Monetary Award, subject to their manifesting a Qualifying Diagnosis, to the extent they have not received one, and in one instance, subject to the disposition of an SOL matter.

3.    Zero / none, with the possible caveat that I simply have no information on the four terminating clients following their terminations.

4.    Zero / none, with the possible caveat that I simply have no information on the four terminating clients following their terminations.

5.    No; neither directly nor indirectly.

6.    N/A.

7.    None.

8.    N/A.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on May 1, 2018, in Miami, Florida.

_____
Bradford R. Sohn

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true copy of the foregoing was served via CM/ECF on the 1st day of May, 2018.

Dated: 5/01/2018                                          */s/ Bradford R. Sohn*
                                                                           BRADFORD R. SOHN, ESQ.