IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:  NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION<br><br>Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,<br>　　　　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br>　　　　　　　　　　　Defendants. | No. 2:12-md-02323-AB<br>MDL No. 2323<br><br>Hon. Anita Brody<br><br><br>Civ. Action No.  14-00029-AB |

## DECLARATION OF CRAIG R. MITNICK, ESQUIRE, AS REQUIRED BY THE COURT'S ORDER FILED UNDER DOCUMENT NO. 9833

　　Craig R. Mitnick, Esquire, declares under penalty of perjury that the foregoing is true and correct.

1. I am the managing member of the law firm of Mitnick Law Office LLC and I am licensed to practice law in the state of New Jersey and the Commonwealth of Pennsylvania.

2. I submit this declaration as per the Court's Order issued under date of March 28, 2018 in regard to the National Football League Players' Concussion Injury Litigation and Common Benefit Fund.

3. I have personal knowledge of the matters set forth in this Declaration and, if called upon, I would and could testify competently thereto.

1

4. In regard to question 1(A): Mitnick Law Office initially registered and represented Two-Hundred and Twenty-Five (225) Settlement Class Members of which Twenty-Two (22) have since either retained other counsel, are ineligible to receive benefits, or have decided to represent themselves pro-se.

5. In regard to question 1(B): Mitnick Law Office currently represents Two-Hundred and Three (203) Settlement Class Members. Mitnick Law Office also has an interest in the matters of an additional Eight-Hundred and Thirty (830) Settlement Class Members who are registered to the Locks Law Firm Portal and who Mitnick and Locks jointly filed suit on-behalf during the period of February 2012 and September 2013.

6. In regard to questions 2(A) and 2(B): Mitnick Law Office represents Five (5) Settlement Class Members who have received payment for their monetary award from the Claim Administrator and Two (2) Settlement Class Members who have received a monetary award and who are still awaiting payment.

7. In regard to question 2(C): Mitnick Law Office represents an additional Five (5) Settlement Class Members who have applied for a monetary award and whose claims remain pending with the Claim Administrator or the Appeals Advisory Panel.

8. In regard to question 2(D): Mitnick Law Office has identified an Fourteen (14) additional Settlement Class Members who appear to have a valid diagnosis, or who are awaiting BAP or MAF examinations and are expected to receive a diagnosis. Additional Settlement Class Members will no doubt become sick as time passes, however it is impossible to estimate that number at this time.

9. In regard to Question 3: Mitnick Law Office currently represents four (4) Settlement Class Members who have entered into agreements with third party litigation funding

companies. Two (2) current Settlement Class Members received funding through Thrivest Funding Group and two (2) Settlement Class Members have received funding through Esquire Bank. Additionally, Mitnick Law Office previously represented two (2) Settlement Class Members who both secured funding through Esquire Bank. Following the Court's order under date of December 8, 2017, <u>no</u> Settlement Class Member represented by Mitnick Law Office applied for or received third party litigation funding and upon any Settlement Class Member inquiring about third party funding, I, along with all other members of Mitnick Law Office advised the respective Settlement Class Member that funding based upon an "assignment" of their monetary award was precluded by the Settlement Agreement. Prior to the Court's ruling on December 8, 2017, I was never advised in any verbal, written or other communication by anyone involved in the litigation, directly or indirectly, including co-lead counsel Chris Seeger,, who I was in continuous contact with, that funding based on an "assignment" was precluded by the language in the Settlement Agreement.

10. In reference to Question 4: Other than the Settlement Class Members mentioned in paragraph 9 above, <u>no</u> other Settlement Class Member represented by Mitnick Law Office who has received an award, has applied for an award, or is awaiting approval of an award has entered into any third part funding agreement .

11. In regard to question 5: Mitnick Law Office has acknowledged receipt of one lien/acknowledgement letter for each Settlement Class Member who entered into a third party funding agreement referenced in paragraph 9 above. Each of these letters were acknowledged subsequent to the respective Settlement Class Member instructing me to acknowledge same. I have an ethical obligation under the Rules of Professional conduct,

Rule 1.2, to respect the choices my clients make regarding their own objectives, even if I do not believe the client's decision is the correct one. I can only advise the client, not decide for them.

12. In reference to question 6: Mitnick Law Office previously sent one (1) email to their represented Settlement Class Members providing an up-to-date status report pertaining to the case that included information in regard to litigation funding. The funding information provided in the client email was not intended as a solicitation, promotion or endorsement in any way. Mitnick Law Office and any individual associated with Mitnick Law Office, including myself, has never received any benefit, financial or other, for including the information in the email. Contrary to the perception by the public that Settlement Class Members are financially stable, reality shows us that everyday these sick retirees are losing their homes and their families due to their dire financial situations. Given the large number of Settlement Class Members that Mitnick Law Office represents, numerous inquiries were received from represented Settlement Class Members inquiring about funding options. Those inquiries were consistent enough to warrant providing the information. The only other third party funding entity that I was aware of prior to Mr. Seeger bringing the third party "assignment" issue to the Court was Esquire Bank. I was introduced to Esquire Bank by Co-Lead counsel Chris Seeger. Mr. Seeger recommended that I meet with with representatives of the Bank, as well as request that I consider referring Settlement Class Members who were in need of funds and represented by Mitnick Law Office to Esquire Bank. Mr. Seeger praised the Bank's stellar reputation and the reasonableness of their interest rates. Shortly thereafter I met with two executives from the Bank in my office. During the time I spent with them, I

educated them on certain aspects of the Settlement Agreement, answered their questions as best as I could and assisted them with developing a funding calculator for Esquire's use in evaluating Settlement Class Member requests for funding. I was never made aware by Mr. Seeger that the Settlement Agreement precluded "assignments" prior to meeting with Esquire Bank, nor was I told that Esquire Bank would ultimately include "assignment language" in their funding Agreements with Settlement Class Members. I never assisted, developed or reviewed any of Esquire Bank's funding Agreements during my time with them. I received no benefit, financial or other, for the time I spent assisting Esquire Bank.

13. In regard to question 7: Other than the professional dealings with Esquire Bank as detailed above, my only other dealing with any third party funding company was with Thrivest Funding Group. The funding company provided Mitnick Law Office with litigation funding at the same or similar interest rate offered to Settlement Class Members. The funding was necessary in order to finance the Firm's substantial time and resources spent on common benefit work, the details of which were previously provided to the Court through the fee application of Co-Lead counsel Chris Seeger in his common benefit submission under date of February 13, 2017, document No 7151-23. Other than this limited professional dealing, Mitnick Law Office nor anyone associated with Mitnick Law Office has previously had or currently has any personal or professional relationship with Thrivest or any other third party litigation funding company.

14. In regard question 8: To the best of my knowledge, there has been no resolution by way of rescission by either funding entity who provided funding to the Settlement Class Members mentioned in paragraph 9 above.

DOCUMENTS:

The redacted documents applicable to the four (4) Settlement Class Members currently represented by Mitnick Law Office and the two (2) Settlement Class Members formerly represented by Mitnick Law Office referenced in paragraph 9 of this Declaration are attached hereto as Exhibits A-F. Additional third party funding documents requested by the Court are that are not specific to any one Settlement Class Member are attached hereto as Exhibit G.

All identifiable information and personal data of each Settlement Class Member has been redacted.

    I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 1, 2018

    Respectfully submitted,

MITNICK LAW OFFICE

/s/ *Craig R. Mitnick, Esq*

CRAIG R. MITNICK
35 Kings Highway East
Haddonfield, New Jersey 08033
856-427-9000
Attorney for Plaintiff

CERTIFICATE OF SERVICE

I, Craig R. Mitnick hereby certify that a true and correct copy of the foregoing Declaration was served electronically via the Court's electronic filing system on the date below upon all counsel of record in this matter.

Dated: May 1, 2018

/s/ *Craig R. Mitnick*

Craig R. Mitnick.
MITNICK LAW OFFICE
35 Kings Highway East
Haddonfield, New Jersey 08033
Phone: (856) 427-9000
Fax: (856) 429-2438