UNITED STATES DISTRICTCOURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:18-md-2323-AB<br>12-md-2323 |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,<br>　　　　　　　　　Plaintiffs,<br>　　v.<br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br>　　　　　　　　　Defendants. | No. 2:12-md-02323-AB<br>MDL No. 2323<br><br>Hon. Anita B. Brody |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | |

### DECLARATION OF DIANNE M. NAST OF NASTLAW LLC IN SUPPORT OF THE REQUEST FOR ALLOCATION OF THE AGGREGATE COMMON BENEFIT FEES AND COSTS AWARD

Dianne M. Nast declares that the following information is true and correct:

1.　　This firm served as co-counsel, with Steven C. Marks, of Podhurst Orseck, P.A. on behalf of class representative Kevin Turner. After Mr. Turner's death on March 24, 2016, this firm then became co-counsel for his father,

substituted class representative Paul Raymond Turner.[1]  Additionally, this firm served as local counsel for Class Members Andrew and Mary Glover.

    A). As noted above, this firm represented class representative Kevin Turner with Steven Marks until Mr. Turner died on March 24, 2016 and this firm also served as local counsel for Andrew and Mary Glover.

    B). After Kevin Turner died, his father, Paul Raymond Turner, was substituted as class representative for Kevin Turner.

2. To date, as to the Settlement Class Members represented:

    A). On information and belief, the estate of One Class Member has received a Monetary Award as well as the incentive payment authorized by this court in an Order entered on April 11, 2018;

    B). One Class Member has not been informed that he is entitled to receive a Monetary Award;

    C). One Class Member, referenced in paragraph B above, has applied for a Monetary Award; and

    D). As of this time, one Class Member, referenced in paragraph B above, does not know if he will be eligible to receive a Monetary Award.

3. On information and belief, the Class Member represented by this firm who has received a Monetary Award, entered an agreement to assign his rights to Esquire Bank.  On information and belief, it is this firm's understanding that the assignment was resolved when the Class Member's Monetary Award was distributed.

---

[1] *See* In re NFL Players Concussion Injury Litig., 821 F.3d 410, 428 n.6 (2016); U.S. App. LEXIS 6908, 94 Fed. R. Serv. 3d (Callaghan) 615.

4. The other Settlement Class Member represented by this firm as local counsel and who applied for a Monetary Award has not entered into any Assignments.

5. Dianne M. Nast, NastLaw LLC and no attorneys associated with this firm are obligated to pay or forward any portion of the Settlement Class Members' Monetary Award to any third party litigation funder.

6. Dianne M. Nast, NastLaw LLC and attorneys associated with this firm have had no contact with any such funder or involvement of in any Assignments.

7. Dianne M. Nast, NastLaw LLC and attorneys associated with this firm have no association with any third-party litigation funders.

8. Dianne M. Nast, NastLaw LLC and attorneys associated with this firm have made no such Assignments, as referenced.

**Document Request**:

Dianne M. Nast verifies this firm has no documents to produce on behalf of any Class Member because:

A). The one Assignment of settlement funds identified in Question number 3 above was handled by another law firm working with the Class Member and this firm does not have access to documents associated with that Assignment;

B). There are no documents to produce for items i, ii, or iii identified in this Court's March 28, 2018 Order because the Assignment was handled by another firm working with the Class Member, thus this firm does not have access to any documents associated with that Assignment;

C). There are no documents to produce because the Assignment was handled by another firm working with the Class Member, thus this firm has no documents to produce; and

D). There are no documents to produce because the Assignment was handled by another firm working with the Class Member, thus this firm has no documents to produce.


Date: May 1, 2018   /s/ *Dianne M. Nast*
Dianne M. Nast
NASTLAW LLC
1101 Market Street, Suite 2801
Philadelphia, Pennsylvania 19107
Telephone: (215) 923-9300
Facsimile:  (215) 923-9302
Email:  dnast@nastlaw.com

*Attorney for Class Representatives Paul Raymond Turner and Andrew and Mary Glover*

## CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2018 a true and correct copy of the foregoing *Declaration of Dianne M. Nast of NastLaw LLC in Support of the Request for Allocation of the Aggregate Common Benefit Fees and Costs Award* was caused to be served on counsel of record through the court's electronic filing system.

Date:  May 1, 2018          /s/ *Dianne M. Nast*
                            Dianne M. Nast