# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:18-md-02323-AB<br>MDL No. 2323<br><br>No. 2:12-md-02323-AB<br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc.,<br><br>　　　　　Defendants. | Hon. Anita B. Brody |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

## DECLARATION OF DANIEL C. GIRARD IN
## RESPONSE TO COURT ORDER OF MARCH 28, 2018

　　　　DANIEL C. GIRARD declares, pursuant to 28 U.S.C. § 1746, based upon his personal knowledge, information and belief, as follows:

　　　　1.　　I am the founder and managing partner of Girard Gibbs LLP. I submit this declaration pursuant to the Court's Order of March 28, 2018 (Dkt. 9833).

　　　　2.　　My firm is seeking attorneys' fees and reimbursement of expenses as set forth in my declaration dated December 28, 2016, attached as Exhibit L to the Co-Lead Class Counsel's Petition for an Award of Attorneys' Fees, Reimbursement of Costs and Expenses, Adoption of a

1

<u>Set-Aside of Five Percent of each Monetary Award and Derivative Claimant award, and Case Contribution Awards to Class Representatives</u>.  Dkt. 7151-15.  All services for which Girard Gibbs seeks compensation were performed at the request of Co-Lead Counsel.

3. Girard Gibbs was retained in this litigation in early 2014 by the Philip Thomas Law Firm and the Giddens Law Firm, of Jackson, Mississippi, to advise them in connection with the proposed class settlement in this case.  Girard Gibbs' work on behalf of the Thomas and Giddens law firms and their clients (the "Myles Plaintiffs") was limited to settlement approval proceedings and class action practice.  *See* Dkt. 5778.  Girard Gibbs and its attorneys thus are not and have never been a party to any representation agreement with any specific Class Member in connection with this litigation.  Girard Gibbs is not now and has never been responsible for the representation of any individual Class Member and has no relationship with or information relating to any of the litigation funders involved in this matter.  Girard Gibbs did not play a role in promoting or facilitating access to litigation funders for any Class Member.  Girard Gibbs has no professional or personal, direct or indirect, relationship to any of the litigation funders used by Settlement Class Members.

4. Girard Gibbs prepared submissions to this Court on behalf of the Thomas and Giddens law firms urging this Court to allow a period of factual development before granting preliminary approval to the initial settlement.  Dkt. 5778.  The Myles Plaintiffs' concerns were eventually addressed by the Court when it rejected the initial settlement and through consultation with Lead Counsel and Lead Counsel's team.  The Myles Plaintiffs ultimately concluded that the Settlement was in their best interest and elected to support the settlement.

5. Girard Gibbs does not seek compensation for any work performed on behalf of the Myles Plaintiffs, and instead seeks compensation only for services performed at the request

of Co-Lead Counsel. *See* Dkt. 7151-15. Girard Gibbs is not party to any representation agreement, past or present, with any of the Myles Plaintiffs or any other NFL players. I have no current relationship with any of the Myles Plaintiffs. I am not party to or familiar with the arrangements between the Myles Plaintiffs and their counsel concerning litigation funding as I do not have and have never had any responsibility for the representation of any of the Myles Plaintiffs beyond that described above.

6. My responses under oath to the questions in the Court's March 28 order are set forth on Attachment A to this declaration, which is incorporated herein by reference.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at San Francisco, California on May 7, 2018.

_____
Daniel C. Girard

## **RESPONSES TO REQUESTS FOR SPECIFIC INFORMATION**

1. How many Settlement Class Members have you, your law firm or any attorney associated with your law firm:

    A. Previously represented in this litigation and do not currently represent?

    **RESPONSE: 0**

    B. Currently represent in this litigation?

    **RESPONSE: 0**

2. How many Settlement Class Members previously or currently represented by you, your law firm or any attorney associated with your law firm:

    A. Have received a Monetary Award

    **RESPONSE: 0**

    B. Have been informed that they are entitled to receive a Monetary Award?

    **RESPONSE: 0**

    C. Have applied for a Monetary Award?

    **RESPONSE: 0**

    D. That you have knowledge that they will be eligible to receive a Monetary Award?

    **RESPONSE: 0**

3. How many Settlement Class Members previously or currently represented by you, your law firm or any attorney associated with your law firm have entered agreements to assign their rights to a Monetary Award ("Assignment(s)")? Assignments include any agreements that are similar to the agreements attached to this Court's Explanation and Order relating to the Third

Party Funder Litigation (ECF No. 9531). Assignments further include, but are not limited to, any agreement with any of the following third party litigation funders:

- Atlas Legal Funding, LLC (to include the following related entities: Atlas Legal Funding I, L.P., and Atlas Legal Funding II, L.P.)

- Cambridge Capital Group, LLC (to include the following related entities: Cambridge Capital Group Equity Option Opportunities L.P., and Cambridge Capital Partners, L.P.)

- Cash4Cases, Inc.

- Global Financial Credit, LLC

- HMR Funding, LLC (to include the following related entities: HMRF Fund I, LLC and HMRF Fund II, LLC)

- Justice Funds/Justicefunds, LLC

- Ludus Capital, LLC

- Peachtree Funding Northeast, LLC/Settlement Funding, LLC (to include the following related entities: Peachtree Settlement Funding, LLC, Peachtree Originations, LLC, Peachtree Financial Solutions, LLC, Peach Holdings, LLC, PeachHI, LLC, Orchard Acquisition Co. LLC, JGWPT Holdings, LLC, JGWPT Holdings, Inc., J.G. Wentworth, LLC, J.G. Wentworth S.S.C. Limited Partnership, J.G. Wentworth Structured Settlement Funding II, LLC, and Structures Receivables Finance #4, LLC)

- Pravati Legal Funding/Pravati Capital, LLC

- RD Legal Funding, LLC (to include the following related entities: RD Legal Finance, LLC, and RD Legal Funding Partners, LP)

- Thrivest Specialty Funding, LLC

- Top Notch Funding/Top Notch Lawsuit Loans/Top Notch Funding II, LLC

- Walker Preston Capital Holdings, LLC

- Case Strategies Group (formerly, NFL Case Consulting, LLC)

- Legacy Pro Sports, LLC

**RESPONSE: 0**

4. Of the total number of Settlement Class Members included in your answer(s) to question #2, how many of these Settlement Class Members have also entered into the Assignments referenced in question #3?

**RESPONSE: 0**

5. Are you, your law firm or any attorney associated with your law firm obligated to pay or forward (directly or indirectly) any portion of a Settlement Class Member's Monetary Award to any third party litigation funder?

**RESPONSE: 0**

6. Explain any other role that you, your law firm, or any attorney associated with your law firm may have had in creating, promoting, or facilitating the Assignments referenced in question #3 and/or the obligations referenced in question #5.

**RESPONSE: Girard Gibbs had no role in creating, promoting, or facilitating the Assignments referenced in question #3 and/or the obligations referenced in question #5.**

7. Do you, your law firm, any attorney associated with your law firm or any individual or entity related to your law firm have any direct or indirect (professional or personal) association with any of the third party litigation funders used by Settlement Class Members

previously or currently represented by you, your law firm or any attorney associated with your law firm? If so, provide details of that association. If any of these individuals and/or entities had such an association in the past, provide details of that association. If any of these individuals and/or entities anticipates having such an association in the future, provide details of that association.

**RESPONSE: No**

8. Have any of the Assignments referenced in question #3 been resolved in accordance with the rescission process provided for in ECF No. 9517? If so, indicate those that have been resolved by their designated letter (*See* "Documents," below) and the date of the resolution.

**RESPONSE: Not applicable.**

**DOCUMENTS:**

Attach true and correct copies of the following documents to the declaration:

    A.    Any Assignments referenced in question #3;

    B.    Any collateral documents to the Assignments referenced in subsection (A), including, but not limited to:

        i.    Any documents creating, or relating to, any of the obligations referenced in question #5;

        ii.    Any documents relating to an Assignment referenced in question #3 where you, your law firm or any attorney associated with your law firm is named or is a signatory; and/or

      iii.    Any other documents related to an Assignment referenced in question #3 that are in your, your law firm, or any attorney associated with your law firm's possession, custody or control.

C.    All versions and drafts of the documents described in subsection (A)-(B) and all such documents entered into or proposed, even if such documents have been terminated or replaced by subsequent documents.

D.    All written communications regarding any of the documents described in subsections (A)-(C) between any third party litigation funder and you, your law firm, or any attorney associated with your law firm.

**RESPONSE to A-D: Not applicable.**

I declare under penalty of perjury that the foregoing is true and correct

Executed this 7th day of May, 2018.

_____
Daniel C. Girard

## **CERTIFICATE OF SERVICE**

I, Daniel C. Girard, hereby certify that a true and correct copy of the foregoing Declaration of Daniel C. Girard was served electronically via the Court's electronic filing system on the date below upon all counsel of record in this matter.

Dated: May 7, 2018                                          Respectfully submitted,

                                                            */s/* Daniel C. Girard

                                                            601 California Street
                                                            Suite 1400
                                                            San Francisco, California 94108
                                                            Telephone: (415) 981-4800
                                                            Facsimile: (415) 981-4846
                                                            Email: dcg@girardgibbs.com